1

Juanita R. Brooks (SBN 75934)
Lara S. Garner (SBN 234701)

2

FISH & RICHARDSON P.C.
12390 El Camino Real

3

San Diego, California 92130
Telephone:  (858) 678-5070

4

Facsimile:   (858) 678-5099

5

Attorneys for Defendant
BOSE CORPORATION

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

MULTIMEDIA PATENT TRUST,

Case No. 3:10-cv-00146 JAH (CAB)

11

        Plaintiff,

**BOSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS MULTIMEDIA PATENT TRUST'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

12

     v.

13

THE WALT DISNEY COMPANY, *et al.*,

14

        Defendants.

**JURY TRIAL DEMANDED**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiff Multimedia Patent Trust's ("MPT") complaint fails to identify any accused product, any asserted claim, or any allegedly infringing act.  MPT does not even indicate whether it contends that the alleged infringement is direct, indirect, or both.  (*See* Ex. A,[1] Doc. 1.)  As such, Bose cannot reasonably prepare a response.  In its complaint, MPT alleges, without support, that Bose infringes "one or more claims" of the patents-in-suit "by making, using, offering to sell, selling and/or importing within the United States infringing products and/or services."  (*Id*. at 16.)  Moreover, MPT avers without basis that the alleged infringement is willful.  MPT's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

To satisfy its Rule 11 burden, MPT must have a good faith basis to believe that particular products infringe particular claims.  If it does, MPT should identify those products and claims.  "Assuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant precisely which products are at issue."  *Bay Indus., Inc. v. Tru-Arx Mfg., LLG*, 2006 WL 3469599 at *2 (E.D. Wis., Nov, 29, 2006).

It has come to Bose's attention, however, that MPT has a history of refusing to provide specificity with regard to its infringement contentions regarding these very patents.  In a related case that is pending before this Court, MPT has twice been ordered by Judge Bencivengo to supplement its infringement contentions because they failed to comply with the Local Rules.  (*See* Ex. B, Sept. 16, 2009 Order Granting Motion to Compel; Ex. C, Order Following Feb. 19, 2010 Discovery Conference.)  Although MPT was required to properly investigate before filing its complaint, it has apparently been unable to meet its local rule obligations in the related case to identify "specifically where each element of each asserted claim is found" and instead "continues to refer broadly to integrated circuits, software, firmware and other structures that perform the claimed functions."  (Ex. B at 2.)

MPT's allegation that "products and/or services" infringe its patents provides no information about the basis for its contentions; indeed anything Bose sells could be at issue.  It is

---

[1] Unless otherwise noted, reference to "Ex." Refer to exhibits attached to the concurrently filed Declaration of Juanita R. Brooks.

1  not reasonable to expect Bose to analyze each of its products and services in light of each of the 45

2  claims of the two patents at issue, some of which relate to video decoding and some to video

3  encoding.   MPT's complaint should be dismissed pursuant to Federal Rule of Civil Procedure

4  12(b)(6).  In the alternative, MPT should be compelled to provide a more definite statement of its

5  contentions.

6  **II.    LEGAL STANDARD**

7       A complaint must include factual allegations – not just a "blanket assertion" or unsupported

8  allegation:

9       Rule 8(a)(2)…requires a "showing," rather than a blanket assertion, of
         entitlement to relief.  Without some factual allegation in the
10        complaint, it is hard to see how a claimant could satisfy the
         requirement of providing not only "fair notice" of the nature of the
11        claim, but also "grounds" on which the claim rests….Rule 8(a)
         "contemplate[s] the statement of circumstances, occurrences, and
12        events in support of the claim presented" and does not authorize a
         pleader's "bare averment that he wants relief and is entitled to it."

13

14  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (U.S. 2007).  MPT must identify (i) the accused

15  products, (ii) the asserted claims, (iii) the allegedly infringing activities, and (iv) the basis for its

16  allegations that the alleged infringement was willful.

17       MPT's pleading plainly falls within the prohibition against "[t]hreadbare recitals of the

18  elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129

19  S.Ct. 1937, 1949 (U.S. 2009).  Moreover, MPT's complaint purports to allege indirect infringement.

20  Indirect infringement includes contributory infringement (35 U.S.C § 271(c)) and inducing

21  infringement (35 U.S.C § 271(f)).  Both types of indirect infringement include additional elements

22  which MPT has failed to adequately plead.  *See Elan Microelectronics Corp. v. Apple, Inc*., No. C

23  09-01531, 2009 WL 2972374, *2 (N.D. Cal. Sept. 14, 2009).

24       At a minimum, Bose is entitled to a more definite statement of MPT's claims.

25       Defendant cannot realistically be expected to frame a responsive
         pleading without risk of prejudice in the absence of any indication as
26        to which of its products are accused.  Plaintiff cannot foist the burden
         of discerning what products it believes infringe the patent onto
27        defense counsel regardless of their skill and expertise.

28  *eSoft, Inc. v. Astaro Corp*., No. 06-cv-00441, 2006 WL 2164454 at *2 (D. Colo. July 31, 2006).

## III.   ARGUMENT

MPT alleges that Bose infringes two patents but omits key information from its allegations. MPT fails to identify the accused products, the asserted claims, or the allegedly infringing acts. Instead, MPT simply states:

> Bose Corporation has directly and/or contributorily infringed and/or induced others to infringe one or more claims of each of the patents identified in paragraph 103 of this Complaint by making, using, offering to sell, selling and/or importing within the United States infringing products and/or services.

(Doc. 1 at 17.)

MPT purports to allege indirect infringement but makes no allegation regarding the party whose direct infringement Bose allegedly contributes to or induces.  MPT similarly provides no basis for its allegation that the alleged infringement was willful.  (*Id.*)

The Supreme Court has rejected MPT's approach to pleading, holding that "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.  Specifically, the Supreme Court concluded that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Id.*, at 1964-1965.  Thus, merely reciting the statutory elements of patent infringement, as MPT has done, is insufficient.  *See Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090, 2004 WL 2346152 at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement where complaint merely stated that defendant "makes, sells, or offers products for sale... that infringe Agilent's patents.").

### A.   MPT's Complaint Fails to Adequately Plead Infringement

MPT's complaint fails to identify a single product that is accused of infringement.  (*See* Doc. 1.)  Instead, MPT broadly claims that some unnamed Bose "products and/or services" infringe U.S. Patent Nos. 4,958,226 and 5,227,878 ("the '226 and '878 patents").  (*Id.* at 16.)  Bose sells hundreds of products.  MPT's lack of specificity would require Bose to analyze irrelevant products in order to respond.  Bose should not be forced to guess at MPT's claims.  *Bay Indus*, No. 06-C-1010, 2006 WL 3469599 at *2 ("[B]y failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40

products to at least 20 claims of the '433 patent in order to formulate a response....Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiffs interpretation of the claims of the patent.")

Bose is at least entitled to a more definite statement of the alleged products or services at issue.  When, as here, a "complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit," a more definite statement is appropriate.  *See eSoft*, No. 06-cv-00441, 2006 WL 2164454 at *2; *Pharmaceutical Solutions, Inc. v. Vitamax RX*, 2006 WL 14559 at *3 (D. Minn. Jan. 3, 2006).  Indeed, courts have ordered more definite statements in cases in which plaintiffs have provided considerably more information than is found in MPT's complaint.  *See, e.g.*, *Static Control Components, Inc. v. Future Graphics, LLC*, No. 07CV00007, 2008 WL 160827 at *1 (M.D.N.C. Jan. 15, 2008) (a non-exclusive list of part numbers "simply insufficient to allow [defendant] to formulate a response to the Complaint.")

Bose should not have to "guess how [their] products might fall within plaintiffs' interpretation of the claims of the patent."  *Bay Indus*, No. 06-C-1010, 2006 WL 3469599 at *2.  The '226 and '878 patents include 45 claims between them.  (Doc. 1 at Exs. A and B.)  In order to have a good faith basis to file suit, MPT must know which claim or claims it believes are infringed.  Fed. R Civ. P. 11.  There is no reason MPT should withhold that information.  However, MPT's complaint simply asserts that Bose allegedly infringes "one or more claims" of these patents.  In light of the Supreme Court's decision in *Twombly*, MPT should be required to identify the asserted claims.  *See Twombly*, 127 S.Ct. at 1965-66.

### B.    MPT's Complaint Fails to Adequately Plead Willfulness

MPT has accused Bose of willful infringement of the '226 and '878 patents.  (Doc. 1. at 17.)  MPT fails even to meet the liberal notice pleading standard, which requires pleading sufficient factual grounds to show that the pleader is entitled to relief.  *Twombly*, 127 S.Ct. at 1965-66; Fed. R. Civ. P. 8.

In *In re Seagate Technology, LLC*, the Federal Circuit—in an en banc decision—clarified that willful infringement requires that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate*, 497 F.3d 1360, 1371 (Fed.

Cir. 2007).  "In the area of patent infringement, a showing of objective reasonableness (which negates the existence of recklessness) does not require that the would-be infringer know conclusively, *i.e.* - with one hundred percent certainty, that his actions are legitimate.  Instead, the infringer need only show there was a reasonable basis for him to believe his actions were legitimate." *Abbott Labs. v. Sandoz, Inc.*, 532 F.Supp.2d 996, 999 (N.D. 111.,2007).

As the Federal Circuit has held after Seagate, "both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." *Black & Decker, Inc. v. Bosch Tool Corp.*, 260 Fed.Appx. 284, 2008 WL 60501 at *7 (Fed. Cir. 2008).

MPT has alleged merely that it gave Bose notice of the patents and offered a license.  (*See* Doc. 1 at 17.)  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S.Ct. at 1966 (citations omitted).  The Twombly court clarified that "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citations omitted).  A complaint that survives a motion to dismiss must set forth "enough factual matter (taken as true) to suggest" real plausibility that the plaintiff's claims are true. *Id*. at 556.  Thus, the Court should dismiss MPT's allegation of willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).  At a minimum, however, the Court should order MPT to provide a more definite statement identifying the basis of its allegations.

## IV.    CONCLUSION

For the reasons set forth above, Bose respectfully requests the Court dismiss MPT's Complaint pursuant to Rule 12(b)(6).  In the alternative, MPT should be ordered to amend its

///

///

///

1    complaint to make a more definite statement, including a specific identification of each accused

2    product, each asserted claim, allegedly infringing act, and the factual basis for its claims of indirect

3    infringement and alleged willfulness.

4

5    Dated:  March 15, 2010                         FISH & RICHARDSON P.C.

6

7                                                   By:   /s/ Juanita R. Brooks

8                                                        Juanita Brooks (SBN 75934)
                                                         *brooks@fr.com*
9                                                        Lara S. Garner (SBN 234701)
                                                         *lgarner@fr.com*
10                                                       FISH & RICHARDSON P.C.
                                                         12390 El Camino Real
11                                                       San Diego, California 92130
                                                         Telephone:  (858) 678-5070
12                                                       Facsimile:  (858) 678-5099

13                                                  Attorneys for Defendant
                                                    BOSE CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3

        The undersigned hereby certifies that a true and correct copy of the above and foregoing

4

document has been served on March 15, 2010 to all counsel of record who are deemed to have

5

consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any

6

other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

7

8

                                        /s/ Juanita R. Brooks_____
                                        Juanita R. Brooks
9
                                        brooks@fr.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28