1   ERIC M. ACKER (CA SBN 135805)
    MATTHEW R. DOBBINS (CA SBN 259709)
2   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
3   San Diego, California  92130-2040
    Telephone: 858.720.5100
4
    VINCENT J. BELUSKO (CA SBN 100282)
5   NICOLE M. SMITH (CA SBN 189598)
    MORRISON & FOERSTER LLP
6   555 West Fifth Street, Suite 3500
    Los Angeles, California  90013-1024
7   Telephone: 213.892.5200

8   Attorneys for Defendants Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.;
    Twentieth Century Fox Home Entertainment LLC; Twentieth Century Fox International
9   Corp.; Twentieth Century Fox Television; Fox Searchlight Pictures, Inc.; Fox Television
    Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company; Fox News Network, LLC;
10  Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel, Inc.; Fox Interactive
    Media, Inc.; NGC Network US, LLC; NGHT, LLC; NBC Universal, Inc.; Bravo Media LLC;
11  CNBC, Inc.; iVillage, Inc.; MSNBC Cable LLC; Oxygen Media, LLC; Universal Studios,
    LLC; USA Cable Entertainment, LLC
12

13                       UNITED STATES DISTRICT COURT

14                     SOUTHERN DISTRICT OF CALIFORNIA

15
    MULTIMEDIA PATENT TRUST,              Case No.    10 CV 0146 JAH (CAB)
16
                   Plaintiff,             MEMORANDUM IN SUPPORT OF
17                                        MOTION TO DISMISS (OR, IN THE
           v.                             ALTERNATIVE, FOR A MORE DEFINITE
18                                        STATEMENT) BY Fox Entertainment Group,
    THE WALT DISNEY COMPANY, et al.,      Inc.; Twentieth Century Fox Film Corp;
19                                        Twentieth Century Fox Home Entertainment
                   Defendants.            LLC; Twentieth Century Fox International
20                                        Corp.; Twentieth Century Fox Television; Fox
                                          Searchlight Pictures, Inc.; Fox Television
21                                        Studios, Inc.; Blue Sky Studios, Inc.; Fox
                                          Broadcasting Company; Fox News Network,
22                                        LLC; Fox Cable Networks, Inc.;
                                          MyNetworkTV, Inc.; Fox Movie Channel, Inc.;
23                                        Fox Interactive Media, Inc.; NGC Network US,
                                          LLC; NGHT, LLC; NBC Universal, Inc.; Bravo
24                                        Media LLC; CNBC, Inc.; iVillage, Inc.;
                                          MSNBC Cable LLC; Oxygen Media, LLC;
25                                        Universal Studios, LLC; USA Cable
                                          Entertainment, LLC
26
                                          Date: April 26, 2010
27                                        Time: 2:30 p.m.
                                          Location: Courtroom 11
28                                        The Honorable John A. Houston

la-1067541

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

PAGE

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ........................................................................................................................ 5

I.      THE STANDARD FOR ASSESSING A MOTION TO DISMISS ................................. 5

II.     MPT'S CLAIMS AGAINST DEFENDANTS SHOULD BE DISMISSED ...................... 6

      A.     MPT's Complaint Fails To Identify Which Infringement Claims Are
             Asserted Against Which Defendant ...................................................................... 6

      B.     MPT's Complaint Fails To Identify The Allegedly Infringing Actions That
             Any Defendant Performed ..................................................................................... 8

      C.     MPT's Complaint Fails To Identify The Accused "Products And/Or
             Services" And The Patents They Allegedly Infringe ........................................... 9

      D.     MPT's Complaint Fails to Support Its Claims for Indirect Infringement ............. 11

      E.     MPT's Complaint Fails To Support Its § 271(g) Claim ....................................... 14

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allied Med. Assoc. v. State Farm Mut. Auto. Ins. Co.*,
No. 08-2434, 2009 WL 1066932 (E.D. Pa. Apr. 16, 2009) ....................7

*Ames v. Dep't of Marine Res. Comm'n*,
256 F.R.D. 22 (D. Maine 2009) ..................8

*Anderson v. U.S. Dept. of Housing and Urban Dev.*,
554 F.3d 525 (5th Cir. 2008)..................7

*AntiCancer Inc. v. Xenogen Corp.*,
248 F.R.D. 278 (S.D. Cal. 2007) ..................6, 12

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964) ..................13

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ..................passim

*Augustin v. Dep't of Pub. Safety*,
No. 09-00316, 2009 WL 3537516 (D. Hawai'i Oct. 29, 2009) ..................7

*Bay Indus., Inc. v. Tru-Arx Mfg., LLC*,
No. 06-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) ..................9

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ..................passim

*Bender v. Motorola, Inc.*,
No. 09-1245, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010)..................6, 9, 11

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
911 F.2d 670 (Fed. Cir. 1990) ..................12

*Coolsavings.Com, Inc. v. Catalina Mktg. Corp.*,
No. 98-6668, 1999 WL 342431 (N.D. Ill. May 14, 1999) ..................13

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) ..................13

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006)..................12

*E.E.O.C. v. St. Francis Xavier Parochial School*,
77 F. Supp. 2d 71 (D.D.C. 1999) ..................1

1

## TABLE OF AUTHORITIES (Cont'd)

2

**Page(s)**

3

*E-Data Corp. v. Corbis Corp.*,
  No. 04-1733, 2005 WL 1252203 (W.D. Wash. May 23, 2005)..............................................12

4

*Eidos Comms., LLC v. Skype Techs. SA*,
  No. 09-234, 2010 WL 638337 (D. Del. Feb. 24, 2010) ......................................................6, 9

5

6

*Elan Microelecs. Corp. v. Apple, Inc.*,
  No. 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ....................................6, 11, 12

7

*eSoft, Inc. v. Astaro Corp.*,
  No. 06-00441, 2006 WL 2164454 (D. Colo. July 31, 2006)................................................10

8

9

*Fifth Market, Inc. v. CME Group, Inc.*,
  No. 08-520, 2009 WL 5966836 (D. Del. May 14, 2009) ....................................................9, 11

10

11

*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988).......................................................................................7

12

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ..................................................................................5, 7, 9

13

14

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ...................................................9

15

16

*Jaffe v. Capital One Bank*,
  No. 09-4106, 2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) ......................................................7

17

*Jelincic v. Xerox Corp.*,
  No. 04-2930, 2004 WL 2217643 (N.D. Cal. Oct. 1, 2004).....................................................7

18

19

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ...........................................................................................13

20

21

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
  No. 09-228, 2009 WL 4023134 (D. Del. Nov. 20, 2009) ......................................................13

22

*Manville Sales Corp. v. Paramount Sys., Inc.*
  917 F.2d 544 (Fed. Cir. 1990) ..............................................................................................12

23

24

*McElroy v. Tracy Unified School Dist.*,
  No. 07-00086, 2008 WL 5045952 (E.D. Cal. Nov. 21, 2008) ..................................................8

25

26

*Moss v. U.S. Secret Service*,
  572 F.3d 962 (9th Cir. 2009) ................................................................................................5

27

28

## TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

*Omni-Wave Elecs. Corp. v. Marshall Indus.*,
    127 F.R.D. 644 (D. Mass. 1989) ............................................................... 8

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
    No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) ....................................... 10

*Paulsen v. CNF, Inc.*,
    559 F.3d 1061 (9th Cir. 2009) ................................................................. 5

*Ristvedt-Johnson, Inc. v. Peltz*,
    No. 91-3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991) ................................. 12, 14

*Rotello v. Clayton Homes of Del., Inc.*,
    No. 03-573, 2006 WL 2771018 (E.D. Tenn. Sept. 25, 2006) ................................. 7

*Sharafabadi v. Univ. of Idaho*,
    No. 09-1043, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009) ........................... 14

*Shearing v. Optical Radiation Corp.*,
    No. 93-850, 1994 WL 382444 (D. Nev. Mar. 25, 1994) ..................................... 13

*Tseng v. Marukai Corp. U.S.A.*,
    No. 09-0968, 2009 WL 3841933 (C.D. Cal. Nov. 13, 2009) ........................... 6, 9, 11

*United States v. ITT Blackburn Co.*,
    824 F.2d 628 (8th Cir. 1987) .................................................................. 1

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ............................................................... 13

**STATUTES**

35 U.S.C. § 271 ................................................................................ passim

Fed. R. Civ. P. 8(a)(2) ........................................................................ passim

Fed. R. Civ. P. 12 ............................................................................. passim

iv

1

## INTRODUCTION

2        On January 19, 2010, Multimedia Patent Trust ("MPT") filed a Complaint that falls far

3   short of the pleading standards recently articulated by the Supreme Court in *Bell Atlantic v.*

4   *Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Under *Twombly*

5   and *Iqbal*, a complaint must be dismissed if the plaintiff fails to plead "factual content that allows

6   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7   *Iqbal*, 129 S. Ct at 884.  "Threadbare recitals of the elements of a cause of action, supported by

8   mere conclusory statements, do not suffice."  *Id.*  MPT's infringement claims against Defendants[1]

9   contain no factual allegations at all, only legal conclusions that parrot 35 U.S.C. § 271.

10        The deficiencies in MPT's Complaint can be broken down into five categories.  First, the

11   Complaint does not assert any particular claim of infringement (i.e., direct, induced, contributory)

12   against any particular Defendant.  Second, the Complaint makes no factual allegations specific to

13   _____

14       [1] "Defendants" is used in this motion to refer to the movants, who include separate and
independent companies that were grouped and defined in MPT's Complaint as "Fox Defendants"

15   and "NBC Defendants."  The Complaint makes no allegations against any particular Defendant
individually.  Solely for purposes of simplifying Defendants' discussion of the deficiencies in

16   MPT's Complaint, Defendants use the terms "Fox Defendants" and "NBC Defendants" herein as
MPT used those terms in its Complaint.

17       MPT used the term "NBC Defendants" to broadly assert allegations against the following
entities:  NBC Universal, Inc.; Bravo Media LLC; CNBC, Inc.; iVillage, Inc.; MSNBC Cable

18   LLC; Oxygen Media, LLC; Universal Studios, LLC; USA Cable Entertainment, LLC; Hulu, LLC
and The Weather Channel, Inc.  Movants here exclude Hulu, LLC and The Weather Channel, Inc.

19

20       MPT used the term "Fox Defendants" to broadly assert allegations against the following
movants:  Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.; Twentieth Century

21   Fox Home Entertainment LLC; Twentieth Century Fox International Corp.; Twentieth Century
Fox Television; Fox Searchlight Pictures, Inc.; Fox Television Studios, Inc.; Blue Sky Studios,
Inc.; Fox Broadcasting Company; Fox News Network, LLC; Fox Cable Networks, Inc.;

22   MyNetworkTV, Inc.; Fox Movie Channel, Inc.; Fox Interactive Media, Inc.; NGC Network US,
LLC; and NGHT, LLC (improperly referred to as "NGHT, Inc." in MPT's Complaint).

23   Twentieth Century Fox Television, improperly referred to as "Twentieth Century Fox Television,
Inc." in MPT's Complaint, is an unincorporated division of Twentieth Century Fox Film Corp.

24   and not subject to suit.  *See, e.g., United States v. ITT Blackburn Co.*, 824 F.2d 628, 631 (8th Cir.
1987) (an "unincorporated division cannot be sued or indicted, as it is not a legal entity");

25   *E.E.O.C. v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71, 75-79 (D.D.C. 1999)
(granting judgment as matter of law to unincorporated division of a corporation because it lacked

26   capacity to be sued).  Accordingly, Twentieth Century Fox Television and Twentieth Century Fox
Film Corp. move the Court to dismiss with prejudice MPT's claims against Twentieth Century

27   Fox Television.

28

1

1   any Defendant to support any claim against that Defendant.  Third, the Complaint does not

2   identify the "products and/or services" that MPT accuses of infringement or the patent(s) they

3   allegedly infringe.  Fourth, the Complaint makes no specific allegations necessary to support

4   MPT's claims that Defendants contributed to or induced infringement by third parties.  It does not

5   say who these third parties are, how they infringed MPT's patents, or how Defendants contributed

6   to or induced their infringement.  Fifth, the Complaint makes no specific allegations to support

7   MPT's claims under 35 U.S.C. § 271(g) regarding products made by a patented process.

8          Many of the deficiencies in MPT's Complaint stem from MPT's liberal use of the catch-

9   all "and/or" throughout the Complaint.  This ambiguous pleading technique makes it impossible

10  to tell which claims and factual allegations are asserted against which Defendant.  MPT's

11  "and/or"-based pleading also creates uncertainty for the Defendants collectively, as it is possible

12  that many of the recited claims and activities are not asserted against any Defendant.  It also

13  results in nonsensical assertions.  For example, according to the Complaint, some unspecified

14  Defendants may have "induced others to infringe [the patents in suit] by . . . making infringing . .

15  . services [and/or] importing infringing . . . services."   Generally products, not services, are made

16  and imported.  Defendants are at a loss as to what it means to make or import an infringing

17  service and how they might have induced others to do so.

18         Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Supreme

19  Court's decisions in *Twombly* and *Iqbal*, Defendants respectfully request that the Court dismiss

20  MPT's claims against them.[2]

21                              **FACTUAL BACKGROUND**

22         In its Complaint (Ex. A), MPT asserts five patents against Defendants.  These patents are

23  United States Patent Nos. 4,958,226 ("the '226 patent"), 5,227,878 ("the '878 patent"), 5,136,377

24  ("the '377 patent"), 5,500,678 ("the '678 patent"), and 5,563,593 ("the '593 patent") (collectively,

25

26  _____

27         [2] In the alternative, Defendants move for a more definite statement under Fed. Riv. P.
    12(e) that cures the deficiencies identified herein.

28

                                                                                    2

1    "patents in suit").  According to the background section of the Complaint, the patents in suit

2    relate to video compression, which is used in many industries:

3        The patents-in-suit are generally directed to systems and methods of encoding and
         decoding signals representative of moving images (i.e., "video compression").

4

                  * * *

5

6        Video compression techniques are used in various many industries . . .  [including]
         content providers, cable and satellite companies, teleconferencing providers,
         television manufacturers, television broadcasters and digital media providers.

7

                  * * *

8

9        Video compression reduces the amount of digital data needed to represent video so
         that it can be sent more efficiently over communications media, such as the

10       Internet and satellites, or stored more efficiently on storage media such as DVDs
         and Blu-Ray disks.  For example, without video compression it would be

11       impossible to store a feature-length film on a single DVD.  Also, video retrieval
         via the internet would not be feasible due to the huge volume of uncompressed

12       data that would need to be transmitted.  The challenge that comes with video
         compression, however, is assuring that the video image ultimately reproduced
         from the reduced amount of digital data is of sufficient quality.

13   (Ex. A, ¶¶ 56–58.)

14       MPT's infringement allegations are contained in a single paragraph for the NBC

15   Defendants and a single paragraph for the Fox Defendants, and merely set forth legal conclusions

16   that parrot Sections 271(a) and 271(g) of the Patent Act[3]:

17

18       The NBC Defendants [Fox Defendants] have directly and/or contributorily
         infringed and/or induced others to infringe one or more claims of each of the
         patents [in suit] by making, using, offering to sell, selling and/or importing within

19       the United States infringing products and/or services and/or by importing, offering
         to sell, selling, or using in the United States products that are made by a process

20       patented in the United States.

21   (Id., ¶¶ 76 & 97.)  This paragraph appears to allege that each Defendant has performed one or

22   more of the following nine categories of activities:  1) making infringing products and/or

23   services; 2) using infringing products and/or services; 3) offering to sell infringing products

24      [3] 35 U.S.C. § 271(a) states: "[W]hoever without authority makes, uses, offers to sell, or
25   sells any patented invention, within the United States, or imports into the United States any
     patented invention during the term of the patent therefor, infringes the patent."

26      35 U.S.C. § 271(g) states: "Whoever without authority imports into the United States or
27   offers to sell, sells, or uses within the United States a product which is made by a process
     patented in the United States shall be liable as an infringer . . . ."

28

                         3

1    and/or services; 4) selling infringing products and/or services; 5) importing infringing products

2    and/or services; 6) importing products made by a patented process; 7) offering to sell products

3    made by a patented process; 8) selling products made by a patented process; and 9) using

4    products made by a patented process.  The Complaint is unclear as to whether MPT is alleging

5    that at least one of the Defendants has performed infringing activities in each of the nine

6    categories or whether MPT simply copied and pasted from §§ 271(a) and 271(g) every activity

7    that, as a matter of law, can possibly give rise to infringement.[4]  The Complaint is also unclear as

8    to whether the alleged infringement is direct or indirect or both.

9          The only specific factual allegations the Complaint makes regarding the identity of these

10   accused infringing "products and/or services" appear in two paragraphs relating to jurisdiction:

11         [The NBC Defendants and Fox Defendants] are each subject to this Court's
           personal jurisdiction because they each do and have done substantial business in
12         this judicial District, including: . . .(iii) selling and offering for sale to consumers
           within this District DVDs and Blu-Ray disks containing video that has been
13         encoded in an infringing manner . . . .

14   (*Id.*, ¶¶ 50 & 53.)  The Complaint is unclear as to whether MPT alleges that all DVDs and Blu-

15   Ray disks that use video compression infringe one or more of the patents in suit.  The Complaint

16   is also unclear as to which of the NBC and Fox Defendants have sold DVDs and Blu-Ray disks.

17   Several NBC and Fox Defendants do not sell DVDs or Blu-Ray disks.  As such, these paltry

18   factual allegations do nothing to give those defendants fair notice of the allegations against them.

19   The Complaint does not allege that any other products and/or services infringe a patent in suit or

20   indicate which patent(s) in suit are allegedly infringed by the unspecified DVDs and Blu-Ray

21   disks.

22         Though this is not the first case in which the patents in suit have been asserted, prior

23   lawsuits have focused on different technology sectors and business activities than those of the

24   Fox and NBC Defendants.  The accused products in prior lawsuits fall generally into the

25   _____

26         [4] Counting the possibilities created by its "and/or"-based allegations, MPT accuses each
     Defendant of one of 511 possible combinations of infringing activities, not accounting for MPT's
27   failure to specify whether the activities involved products or services, discussed in more detail
     below.

28

1   categories of products containing video decoders, such as Microsoft's Windows Vista operating

2   system and Xbox video game consoles (*Lucent Techs. v. Gateway, Inc.*, No. 02-cv-02060 (S.D.

3   Cal.)), and set top boxes for satellite television (*MPT v. DirecTV, Inc.*, No. 09-cv-00278 (S.D.

4   Cal.)).  Neither DVDs nor Blu-Ray disks were at issue in prior lawsuits.  Moreover, the core

5   businesses of the various Fox and NBC Defendants are generally dissimilar to those of defendants

6   in prior lawsuits and many of its codefendants in this case.

7                                     **ARGUMENT**

8   **I.      THE STANDARD FOR ASSESSING A MOTION TO DISMISS**

9          Rule 8 requires that a complaint contain a "short and plain statement of the claim showing

10  that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If a complaint fails to satisfy Rule 8,

11  it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be

12  granted.  *Twombly*, 550 U.S. at 570.  To survive a motion to dismiss, the plaintiff's complaint

13  "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

14  on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. 544 (2007)).  "A claim has

15  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[A] plaintiff's

17  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

18  conclusions, and a formulaic recitation of the elements of a cause of action will not do."

19  *Twombly*, 550 U.S. at 555; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

20  2009) (citing *Iqbal*, 129 S. Ct. at 1951); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961

21  (S.D. Cal. 1996) ("Even under liberal notice pleading, the plaintiff must provide facts that

22  'outline or adumbrate' a viable claim for relief, not mere boilerplate sketching out the elements of

23  a cause of action.").

24         When considering a motion to dismiss under Rule 12(b)(6), a court should take "all

25  allegations of material fact in the complaint as true."  *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071

26  (9th Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

27  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

28  of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct.

1   1937, 1949-50.  "While legal conclusions can provide the complaint's framework, they must be

2   supported by factual allegations."  *Id.* at 1950.  Those facts must be sufficient to push the claims

3   "across the line from conceivable to plausible[.]"  *Id.* at 1951 (quoting *Twombly*, 550 U.S. at

4   557).

5           The *Twombly* decision provides "the pleading standard for 'all civil actions.'"  *Iqbal*, 129

6   S. Ct. at 1953 (quoting *Twombly*, 550 U.S. at 554).  In particular, *Twombly* governs "pleadings in

7   patent infringement actions."  *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal.

8   2007) (dismissing patent infringement claims for failure to satisfy *Twombly* pleading standard);

9   *see also Bender v. Motorola, Inc.*, No. 09-1245, 2010 WL 726739, at *1-4 (N.D. Cal. Feb. 26,

10  2010) (same); *Eidos Comms., LLC v. Skype Techs. SA*, No. 09-234, 2010 WL 638337, at *2-4 (D.

11  Del. Feb. 24, 2010); *Xenogen*, 248 F.R.D. at 282 (same); *Tseng v. Marukai Corp. U.S.A.*, No. 09-

12  0968, 2009 WL 3841933, at *1 (C.D. Cal. Nov. 13, 2009) (same); *Elan Microelecs. Corp. v.

13  Apple, Inc.*, No. 09-01531, 2009 WL 2972374, at *2-4 (N.D. Cal. Sept. 14, 2009) (same).

14  **II.     MPT'S CLAIMS AGAINST DEFENDANTS SHOULD BE DISMISSED**

15          **A.     MPT's Complaint Fails To Identify Which Infringement Claims Are
                     Asserted Against Which Defendant**
16
17          In its Complaint, MPT asserts direct and indirect (i.e., contributory and induced)

18  infringement claims against the NBC and Fox Defendants collectively:

19          The NBC Defendants [Fox Defendants] have directly **and/or** contributorily
            infringed **and/or** induced others to infringe one or more claims of each of the
20          patents [in suit] . . . .

21  (Ex. A, ¶¶ 76 & 97 (emphasis added).)  MPT's reliance on the phrase "and/or" to state its claims

22  for relief leaves each Defendant to guess whether MPT accuses it of direct infringement,

23  contributory infringement, induced infringement, or some combination of the three.[5]

24

25          [5] Indeed, there are seven different combinations of infringement claims that MPT could be
    asserting against any one Defendant.  Moreover, the NBC and Fox Defendants collectively are
26  unsure whether MPT is accusing at least one of them of all three types of infringement, or
    whether MPT simply used the phrase "and/or" to cover up its failure to develop well-founded
27  infringement theories prior to filing its Complaint.

28

6

Such ambiguous pleading does not provide any Defendant with fair notice of the specific infringement claims asserted against it as required under *Twombly* and is grounds for dismissing the Complaint.  *See Allied Med. Assoc. v. State Farm Mut. Auto. Ins. Co.*, No. 08-2434, 2009 WL 1066932, at *5 (E.D. Pa. Apr. 16, 2009) (dismissing counterclaim where "liberal use of the phrase 'and/or'" forced counterclaim-defendants to "defend multiple theories").  Rule 8(a)(2) requires that defendants "be given notice of the *specific claims* against them."  *Anderson v. U.S. Dept. of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (emphasis added).  Thus, "a complaint must 'fully [set] forth who is being sued, for what relief, and on what theory . . . .'" *Jelincic v. Xerox Corp.*, No. 04-2930, 2004 WL 2217643, at *2 n.1 (N.D. Cal. Oct. 1, 2004) (quoting *McHenry v. Renne*, 85 F.3d 1172, 1177 (9th Cir. 1996)).

"Where a complaint involves multiple parties and multiple claims, each claim should make it clear which defendants are alleged to have committed which wrongs."  *Rotello v. Clayton Homes of Del., Inc.*, No. 03-573, 2006 WL 2771018, at *4 (E.D. Tenn. Sept. 25, 2006).[6]  For example, in *Gen-Probe v. Amoco*, 926 F. Supp. 948, this Court dismissed a patent infringement complaint that was unclear as to which theories of direct, contributory and induced infringement were asserted against which Amoco-affiliated defendants:

> It is unclear which of the [Amoco defendants] is accused of which type of infringement. . . .  Even were there no other deficiencies, this confusion of which claims apply to which defendants would require that the complaint be dismissed . . . .

*Id.* at 960-61.

Similarly here, it is unclear which of the NBC and Fox Defendants is accused of which type of infringement, and the Complaint should be dismissed on the basis of this deficiency alone.

---

[6] *See also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing cause of action because "all defendants [were] lumped together in a single, broad allegation"); *Jaffe v. Capital One Bank*, No. 09-4106, 2010 WL 691639, at *5 (S.D.N.Y. Mar. 1, 2010) (dismissing complaint where Defendants could not "be expected to discern from the Complaint . . . which Defendants are accused of what misconduct"); *Augustin v. Dep't of Pub. Safety*, No. 09-00316, 2009 WL 3537516, at *4 (D. Hawai'i Oct. 29, 2009) (dismissing complaint for failure to link specific defendants to specific claims).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      MPT's Complaint Fails To Identify The Allegedly Infringing Actions That Any Defendant Performed**

In addition to asserting particular claims against individual Defendants, a complaint must provide the grounds of its claims against each defendant independently.  *See Iqbal*, 129 S. Ct. at 1943-44, 1952 (dismissing complaint where plaintiff made necessary factual allegations against some defendants but not against others).  Thus, for each defendant individually, the complaint must allege facts that "plausibly give rise to an entitlement to relief."  *Id.* at 1950.[7]  Affiliations between corporate defendants do not change the rule that a Complaint must allege facts showing a plausible entitlement to relief from each defendant individually.  *See, e.g., Omni-Wave Elecs. Corp. v. Marshall Indus.*, 127 F.R.D. 644, 649-50 (D. Mass. 1989) (denying motion to amend complaint to add Hyundai Electronics Industries ("HEI") as defendant because proposed amended complaint made unclear "which of the unfair acts and practices are attributable to [original defendant Hyundai Electronics America] and which are alleged to have been committed by HEI").

MPT's Complaint is nothing more than a smorgasbord of patents, accused entities, accused "products and/or services," and grounds of infringement that MPT can freely mix and match.  MPT's over-reliance on the phrase "and/or" has left its Complaint bereft of any specific factual allegation against any Defendant.  MPT instead collectively accuses the Fox and NBC Defendants of performing unspecified infringing activities involving unspecified "products and/or services."  (Ex. A, ¶¶ 76 & 97.)  These allegations are simply recitations of the elements of 35 U.S.C. §§ 271(a) and 271(g) and should not be assumed as true.[8]  *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1954.  Nor do MPT's jurisdictional allegations regarding the sale of

---

[7] *See also Ames v. Dep't of Marine Res. Comm'n*, 256 F.R.D. 22, 31 (D. Maine 2009) (holding that complaint failed to satisfy Rule 8(a)(2) because it was unclear which factual allegations applied to which defendants); *McElroy v. Tracy Unified School Dist.*, No. 07-00086, 2008 WL 5045952, at *12 (E.D. Cal. Nov. 21, 2008) (granting motion to dismiss after noting that "individual Defendants are not given 'fair notice' of the claims alleged against them if Plaintiffs fail to describe who did what, and when").

[8] And as discussed in Section II.D below, MPT neglected to recite even the essential legal elements of its contributory and induced infringement claims.

8

1  unspecified DVDs and Blu-Ray disks by unspecified Fox and NBC Defendants provide any

2  specific factual allegation against any Defendant.

3       Even if the Court assumed the truth of MPT's legal conclusions, it is clear that MPT's

4  Complaint has no definite allegations whatsoever against any Defendant and therefore fails to

5  show the plausibility of MPT's infringement claims as Rule 8(a)(2) requires.  Accordingly, the

6  Complaint must be dismissed.  *Twombly*, 550 U.S. at 548-70; *Iqbal*, 129 S. Ct. at 1950-52; *Eidos*,

7  2010 WL 638337, at *3-4 (dismissing patent-infringement claims that relied on phrase "and/or"

8  and noting that "Plaintiffs have not guided the course of discovery in this action by utilizing

9  [such] conditional language throughout their complaint").

**C.  MPT's Complaint Fails To Identify The Accused "Products And/Or Services" And The Patents They Allegedly Infringe**

12      It is elementary that a complaint for patent infringement must identify the products or

13 services accused of infringement.  *See, e.g., Bender*, 2010 WL 726739, at *3 (dismissing

14 complaint that did not "identify, with the requisite level of factual detail, the particular product or

15 line of products, that allegedly infringe the [patent in suit]"); *Tseng*, 2009 WL 3841933, at *1-2

16 (dismissing complaint that accused defendants of "selling [unspecified] goods that infringe upon

17 Plaintiffs' products" (alterations omitted) (quoting complaint)); *Hewlett-Packard Co. v.

18 Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, at * 1 (N.D. Cal. Sept. 6, 2003) (granting

19 motion to dismiss claims that defendant's unspecified "software and hardware products"

20 infringed patents in suit).  "Assuming [a] plaintiff has properly investigated his claim before filing

21 suit, there is no reason not to inform the defendant precisely which products" or services are at

22 issue in its complaint.  *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-1010, 2006 WL 3469599, at

23 *2 (E.D. Wis. Nov. 29, 2006) (citing  Fed. R. Civ. P. 11(b)(3)); *see also Gen-Probe*, 926 F. Supp.

24 at 962 ("Filing a patent infringement action pointing vaguely to 'products and/or kits' does not

25 provide adequate notice as required by [Rule 8(a)(2)], and does not reflect the reasonable inquiry

26 required by [Rule 11].").

27      It is also elementary that a complaint for patent infringement must identify the patent(s)

28 that each accused product or service infringes.  *See, e.g., Fifth Market, Inc. v. CME Group, Inc.*,

1   No. 08-520, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) (dismissing complaint that failed to

2   allege whether the accused "product infringe[d] one, both, or neither of the patents in suit").

3   Indeed, it is hard to imagine how a patent plaintiff could "nudge[] [its] claims across the line from

4   conceivable to plausible" without identifying the accused products or services and the patent(s)

5   they infringe.  *Twombly*, 550 U.S. at 570.

6          As discussed above, MPT's claim for infringement does not identify the accused

7   "products and/or services."  The only concrete allegations MPT makes regarding the identity of

8   Defendants' accused products are statements in the jurisdictional paragraphs that some

9   unspecified Defendants have sold some unspecified Blu-Ray disks or DVDs that infringe some

10  unspecified patent(s) in suit.  This is insufficient to identify the accused products for two reasons.

11  First, it fails to indicate which Blu-Ray disks or DVDs are accused of infringement.  If MPT's

12  contention is that all Blu-Ray disks or all DVDs infringe the patents in suit, Defendants are

13  "entitled to formal notice that such is the nature of plaintiff's accusations."  *eSoft, Inc. v. Astaro*

14  *Corp.*, No. 06-00441, 2006 WL 2164454, *2 n.1 (D. Colo. July 31, 2006) (ordering plaintiff to

15  amend complaint to allege, as plaintiff argued in opposition to motion to dismiss, that all products

16  made by defendant infringed).  Second, it fails to indicate which products besides DVDs and Blu-

17  Ray disks, if any, are accused of infringement, or to provide any limitation at all on the types of

18  products accused.  *See, e.g., Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-537, 2002 WL

19  1458853, at *1-2 (D. Del. June 10, 2002) (granting motion to dismiss counterclaim that identified

20  one accused product but was otherwise "too vague to provide . . . fair notice of which products

21  are accused of infringing [counterclaimant's] patents").

22         It is important to note that several Defendants do not make or sell DVDs or Blu-Ray disks.

23  MPT's Complaint leaves these Defendants completely in the dark as to the nature of their accused

24  "products and/or services."  MPT's Complaint is devoid of any identification of Defendants'

25  accused *services*.  Indeed, MPT's use of the phrase "products *and/or* services" has left

26  Defendants wondering whether there are any accused services at all.  Even assuming Blu-Ray

27  disks and DVDs constitute all of Defendants' accused "products and/or services," MPT's

28  assertion that Defendants have sold "DVDs and Blu-Ray disks containing video that has been

1    encoded in an infringing manner" leaves open the question of which patent(s) in suit the DVDs

2    and Blu-Ray disks allegedly infringed.

3        Clearly, with such scarce factual allegations regarding Defendants' accused products

4    and/or services and the patents they infringe, MPT has not alleged sufficient facts to "plausibly

5    give rise to an entitlement to relief" as required under *Iqbal* for its claim that Defendants'

6    products and services infringe the patents in suit.[9] For these reasons, MPT's claims against

7    Defendants must be dismissed. *Iqbal*, 129 S. Ct. at 1950-52; *Bender*, 2010 WL 726739, at *3;

8    *Fifth Market*, 2009 WL 5966836, at *1; *Tseng*, 2009 WL 3841933, at *1-2.

9            **D.**      **MPT's Complaint Fails to Support Its Claims for Indirect Infringement**

10

11        MPT's only allegations in support of its claims for contributory and induced infringement

12    against Defendants are the following:

13        The NBC Defendants [Fox Defendants] have . . . contributorily infringed and/or induced others to infringe one or more claims of each of the patents [in suit] by

14        making, using, offering to sell, selling and/or importing within the United States infringing products and/or services and/or by importing, offering to, sell, selling,

15        or using in the United States products that are made by a process patented in the United States.

16    (Ex. A, ¶¶ 76 & 97.)  This is no more than the conclusory assertion that Defendants have induced

17    and/or contributed to the direct infringement of unspecified third parties.  MPT fails even to recite

18    the bare elements of induced and contributory infringement.  Thus, it is readily apparent that

19    MPT's indirect-infringement claims must be dismissed.  *See, e.g., Elan*, 2009 WL 2972374, at *2,

20

---

21         [9] MPT's Complaint does not even conform to the Federal Rules' bare-bones form for pleading direct infringement (Form 18), which has been criticized as inadequate under *Twombly*

22    and *Iqbal* in any event. *See Elan*, 2009 WL 2972374, at *2 ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*; while the form undoubtedly

23    provides a 'short and plain statement,' it offers little to 'show' that the pleader is entitled to relief.").  Form 18 provides the following example of a proper allegation of direct infringement:

24    "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court."  (Form 18, Fed. R. Civ. P. Appendix of Forms, emphasis

25    added).  MPT, by contrast, claimed only that "[t]he NBC Defendants [Fox Defendants] have [directly and indirectly infringed the patents in suit] by making, using, offering to sell, selling

26    and/or importing within the United States infringing *products and/or services* and/or by importing, offering to, sell, selling, or using in the United States *products* that are made by a

27    process patented in the United States."  (Ex. A, ¶¶ 76 & 97 (emphasis added).)

28

la-1067541

1    4 (dismissing similarly bare indirect infringement counterclaims); *Xenogen*, 248 F.R.D. at 282

2    (same); *cf. Iqbal*, 129 S. Ct. at 1954 ("Rule 8 does not empower [the plaintiff] to plead the bare

3    elements of his cause of action . . . and expect his complaint to survive a motion to dismiss.").

4            The essential allegations missing from MPT's indirect infringement claims can be

5    grouped into four categories.  First, "indirect infringement claims require a showing that some

6    third party has committed direct infringement."   *E-Data Corp. v. Corbis Corp.*, No. 04-1733,

7    2005 WL 1252203, at *4 (W.D. Wash. May 23, 2005); *see also DSU Med. Corp. v. JMS Co.*, 471

8    F.3d 1293, 1303 (Fed. Cir. 2006) ("[T]o prevail on contributory infringement, [the plaintiff] must

9    . . . show[] that [the defendant] contributed to another's direct infringement . . . ."); *C.R. Bard,*

10   *Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 674-75 (Fed. Cir. 1990) ("A person

11   induces infringement under 271(b) by actively and knowingly aiding and abetting another's direct

12   infringement.").  MPT's Complaint fails to identify any third party infringer and alleges no

13   specific facts regarding which patents the third party infringed, how it infringed them, and what

14   "products and/or services" were involved.  Accordingly, the Complaint fails to satisfy Rule

15   8(a)(2).  *See Elan*, 2009 WL 2972374, at *2, 4; *Xenogen*, 248 F.R.D. at 282.

16           Second, MPT's Complaint does not indicate what actions of any Defendant make it liable

17   for induced and contributory infringement.  To support a claim for induced infringement, "[t]he

18   plaintiff has the burden of showing that the alleged infringer's [Defendant's] actions induced

19   infringing acts  . . . ."  *DSU*, 471 F.3d at 1304 (internal quotation marks omitted) (quoting

20   *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)).  Moreover, to

21   support a claim for contributory infringement, the plaintiff must show that the alleged infringer

22   [Defendant] sells, offers to sell, or imports "a component of a patented machine, manufacture,

23   combination, or composition, or a material or apparatus for use in practicing a patented process,

24   constituting a material part of the invention."  35 U.S.C. § 271(c).  MPT's Complaint fails to

25   make any factual allegations—or even state any legal conclusions—regarding these core elements

26   of induced and contributory infringement, as Rule 8(a)(2) requires.  *See Ristvedt-Johnson, Inc. v.*

27   *Peltz*, No. 91-3273, 1991 WL 255691, at *4-5 (N.D. Ill. Nov. 18, 1991) (dismissing inducement

28

1   claim, even though complaint identified third-party infringer, because "the plaintiffs fail[ed] to

2   allege any facts showing how the defendants induced [the third party] to infringe").

3       Third, both induced and contributory infringement have scienter requirements, but MPT

4   makes no allegations in its Complaint regarding any Defendant's state of mind.  *See Vita-Mix*

5   *Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a

6   showing that the alleged inducer . . .  knowingly induced the infringing acts, and possessed a

7   specific intent to encourage another's infringement of the patent."); *Lucent Techs., Inc. v.*

8   *Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) ("In order to succeed on a claim of

9   contributory infringement, . . . plaintiff must show that defendant 'knew that the combination for

10  which its components were especially made was both patented and infringing' and that

11  defendant's components have 'no substantial non-infringing uses.'" (quoting *Medtronic*, 424 F.3d

12  at 1312)).[10] MPT's failure to allege Defendants' intent is alone sufficient to require dismissal of

13  MPT's induced and contributory infringement claims.[11]

14      Fourth, for contributory infringement, the "plaintiff must show . . . that defendant's

15  components have 'no substantial non-infringing uses.'" *Id.* (quoting *Cross Med. Prods., Inc. v.*

16  *Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).  MPT's Complaint

17  makes no allegations at all in this regard.

18

19

20      [10] *See also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)
21  (35 U.S.C. § 271 (c) requires a showing that an alleged contributory infringer knew that acts
    would be infringing).

22      [11] *See Mallinckrodt, Inc. v. E-Z-Em Inc.*, No. 09-228, 2009 WL 4023134, *4 (D. Del. Nov.
23  20, 2009) ("[T]he Court concludes that Plaintiffs have failed to properly state indirect
    infringement claims. . . . The Court finds that Plaintiffs' Complaint fails to sufficiently allege the
24  requisite intent and knowledge needed to state a claim for inducing infringement. . . . [A]nd
    accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory
25  infringement."); *Coolsavings.Com, Inc. v. Catalina Mktg. Corp.*, No. 98-6668, 1999 WL 342431,
    at *2 (N.D. Ill. May 14, 1999) ("For this [induced infringement] claim to satisfy Rule 12(b)(6),
26  plaintiff must make some factual allegation that implies the existence of the requisite *scienter*.");
    *Shearing v. Optical Radiation Corp.*, No. 93-850, 1994 WL 382444, at *2 (D. Nev. Mar. 25,
27  1994) (dismissing claims of induced and contributory infringement in part for plaintiff's failure to
    plead intent).

28

1        Clearly, in light of these deficiencies, MPT has not alleged sufficient facts to "plausibly

2   give rise to an entitlement to relief" under *Iqbal* for its claims that Defendants indirectly infringed

3   the patents in suit.  For these reasons, MPT's claims against Defendants must be dismissed.[12]

4        **E.**     **MPT's Complaint Fails To Support Its § 271(g) Claim**

5        In its Complaint, MPT alleges:

6        The NBC Defendants [Fox Defendants] have directly and/or contributorily
   infringed and/or induced others to infringe one or more claims of each of the

7        patents [in suit] by making, using, offering to sell, selling and/or importing within
   the United States infringing products and/or services and/or *by importing, offering*

8        *to sell, selling, or using in the United States products that are made by a process
   patented in the United States.*

9   (Ex. A, ¶¶ 76, 97 (emphasis added).)  These allegations parrot 35 U.S.C. § 271(g).[13]  MPT's

10  Complaint neither alleges facts supporting a claim for infringement under § 271(g) nor provides

11  even a bare recital of the legal elements of a § 271(g) claim.  For example, the Complaint fails to

12  identify the entity or entities that made products by a process covered by a patent in suit, what

13  those products were, and the patent(s) that the manufacturing process infringed.  Accordingly,

14  MPT's § 271(g) claims against Defendants should be dismissed.  *See Sharafabadi*, 2009 WL

15  4432367, at *5 (dismissing § 271(g) claims for failure to plead supporting facts).

16

17

18

19

---

20      [12] *See Sharafabadi v. Univ. of Idaho*, No. 09-1043, 2009 WL 4432367, at *5 (W.D. Wash.

21  Nov. 27, 2009) (dismissing indirect infringement claims and noting that plaintiff "pleads no
   factual allegations sufficient to support an indirect infringement claim against [defendant] under

22  either § 271(b) or § 271(c).  The complaint . . . does not allege, for instance, any facts concerning
   either how [defendant] induced or contributed to another party's direct infringement of the [patent

23  in suit] or [defendant]'s knowledge. The allegations in the complaint, even taken as true, are
   insufficient to state a claim for indirect infringement."); *Peltz*, 1991 WL 255691, at *5

24  (dismissing induced infringement claims because "the plaintiffs' allegations are so factually
   insufficient that they do not even suggest how or when the defendants induced [the identified

25  third party] or that the defendants intended to induce [the third party] to infringe on the plaintiffs'
   patents as required to prove a § 271(b) violation" (internal citation omitted)).

26      [13] Section 271(g) states: "Whoever without authority imports into the United States or
   offers to sell, sells, or uses within the United States a product which is made by a process

27  patented in the United States shall be liable as an infringer . . . ."

28

     14

1

**CONCLUSION**

2       For the foregoing reasons, the Court should dismiss all of MPT's claims against

3 Defendants.[14]  If the Court grants MPT leave to file an amended complaint, it should order MPT

4 to do the following, <u>for each Defendant individually</u>, to comply with Rule 8(a)(2):

5     •   Specify which infringement claim(s) (i.e., direct, induced, and contributory) MPT asserts

6          against the Defendant;

7     •   For all infringement claims, identify the accused "products and/or services" and the

8          patents they allegedly infringe;

9     •   For direct infringement claims, specify what actions the Defendant performed to infringe

10          (i.e., selling, making, using, etc.) and the patents in suit that were thereby infringed;

11     •   For induced and contributory infringement claims:

12         o   specify the patents in suit that are alleged to be infringed;

13         o   identify the third parties that directly infringed patents in suit and the actions they

14            performed to infringe the patents;

15         o   identify the Defendant's actions that induced or contributed to the third parties'

16            direct infringement;

17         o   allege facts sufficient to show that the Defendant had the requisite state of mind;

18     •   For contributory infringement claims, identify the material or apparatus that the Defendant

19          sold, offered for sale, or imported and allege facts sufficient to show that the material or

20          apparatus had no substantial non-infringing use; and

21     •   For claims under §271(g), specify the patents in suit that are alleged to be infringed and

22          the entity that allegedly performs the patented process.

23

24 ────────────────────

25       [14] In the alternative, based on the deficiencies in MPT's Complaint that Defendants have identified herein, Defendants respectfully request that the Court order MPT to provide a more definite statement to Defendants that includes all the factual details listed in the bullet points

26 below.  *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

27 cannot reasonably prepare a response.").

28

15

la-1067541

1   Dated: March 15, 2010                MORRISON & FOERSTER LLP

2

3                                   By: /s/ Eric M. Acker
                                        ERIC M. ACKER
4                                   Attorneys for Defendants
                                    Fox Entertainment Group, Inc.; Twentieth
5                                   Century Fox Film Corp; Twentieth Century Fox
                                    Home Entertainment LLC; Twentieth Century
6                                   Fox International Corp.; Twentieth Century Fox
                                    Television; Fox Searchlight Pictures, Inc.; Fox
7                                   Television Studios, Inc.; Blue Sky Studios, Inc.;
                                    Fox Broadcasting Company; Fox News Network,
8                                   LLC; Fox Cable Networks, Inc.; MyNetworkTV,
                                    Inc.; Fox Movie Channel, Inc.; Fox Interactive
9                                   Media, Inc.; NGC Network US, LLC; NGHT,
                                    LLC; NBC Universal, Inc.; Bravo Media LLC;
10                                  CNBC, Inc.; iVillage, Inc.; MSNBC Cable LLC;
                                    Oxygen Media, LLC; Universal Studios, LLC;
11                                  USA Cable Entertainment, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                            16

la-1067541

1

CERTIFICATE OF SERVICE

2

3          The undersigned hereby certifies that on March 15, 2010 a true and correct copy of the

4   foregoing was transmitted electronically to the Electronic Filing System of the United States

5   District Court for the Southern District of California, which, under Local Civil Rules 5.4(b)&(c),

6   is believed to have sent notice of such filing, constituting service of the final document, on all

7   Filing Users, all of whom are believed to have consented to electronic service.

8          Executed on March 15, 2010, at Los Angeles, California.

9

10                                              /s/  Eric M. Acker
                                                ERIC M. ACKER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1067541