1    COOLEY LLP
     JOHN S. KYLE (199196)
2    (jkyle@cooley.com)
     4401 Eastgate Mall
3    San Diego, California  92121
     Telephone:     (858) 550-6000
4    Facsimile:      (858) 550-6420

5    STEPHEN C. NEAL (170085)
     (nealsc@cooley.com)
6    Five Palo Alto Square
     3000 El Camino Real
7    Palo Alto, California  94306-2155
     Telephone:     (650) 843-5000
8    Facsimile:      (650) 857-0663

9    Attorneys for Plaintiff
     MULTIMEDIA PATENT TRUST
10
                   UNITED STATES DISTRICT COURT
11
                 SOUTHERN DISTRICT OF CALIFORNIA
12

13   Multimedia Patent Trust,                      )
                              Plaintiff,            )   Civil Action No. 10-cv-00146-
14   v.                                            )   JAH(CAB)
                                                   )
15   The Walt Disney Company; ABC News, Inc.;      )   **DEMAND FOR JURY TRIAL**
     American Broadcasting Companies, Inc.; A&E    )
16   Television Networks, LLC; Buena Vista Home    )   **PLAINTIFF MULTIMEDIA**
     Entertainment, Inc. (d/b/a Walt Disney Studios Home )   **PATENT TRUST'S**
     Entertainment); ESPN, Inc.; Hollywood Pictures )   **FIRST AMENDED COMPLAINT**
17   Corp.; Miramax Film Corp.; Pixar (d/b/a Pixar  )   **FOR PATENT INFRINGEMENT**
     Animation Studios); Touchstone Television      )
18   Productions, LLC (d/b/a ABC Studios); Walt Disney )
     Pictures; Walt Disney Motion Pictures Group, Inc.; )
19                                                 )
     NBC Universal, Inc.; National Broadcasting    )
20   Company, Inc.; Bravo Media LLC; CNBC, Inc.; Focus )
     Features LLC; MSNBC Cable LLC; Oxygen Media,   )
21   LLC; Universal Studios, LLC; Universal Studios )
     Home Entertainment, LLC; Universal Pictures, Inc.; )
22   USA Cable Entertainment LLC;                  )
                                                   )
23   Audiovox Corporation;                         )
                                                   )
24   Hulu, LLC;                                    )
                                                   )
25   The Weather Channel, Inc.;                    )

26

27

28

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)**          1.          **MPT'S FIRST AMENDED COMPLAINT**

1  Fox Entertainment Group, Inc.; Twentieth Century   )
   Fox Film Corp.; Twentieth Century Fox Home      )
2  Entertainment, LLC; Fox Searchlight Pictures, Inc.;   )
   Fox Television Stations, Inc.; Fox Television Studios,   )
3  Inc.; Blue Sky Studios, Inc.; Fox Broadcasting   )
   Company; Fox News Network, LLC; Fox Cable   )
4  Networks, Inc.; MyNetworkTV, Inc.; Fox Movie   )
   Channel, Inc.; Fox Interactive Media, Inc. (d/b/a News   )
5  Corporation Digital Media Group); FX Networks,   )
   LLC; NGC Network US, LLC; NGHT, LLC;      )
6                                              )
   JVC Americas Corporation; Kenwood U.S.A.      )
7  Corporation;                                   )
                                                 )
8  Warner Bros. Entertainment Inc.; Warner Bros.      )
   Television Distribution Inc. (a/k/a Warner Bros.      )
9  Television Group); Warner Bros. Animation Inc.; New   )
   Line Cinema LLC; New Line Home Entertainment,   )
10 Inc.; Turner Broadcasting System, Inc.; Turner      )
   Network Television, Inc.; Cable News Network, Inc.;   )
11 The Cartoon Network, Inc.; Home Box Office, Inc.;   )
   and                                            )
12                                              )
   Arvato Digital Services LLC,                   )
13                                              )
               Defendants.                      )
14 _____ )

15      Plaintiff Multimedia Patent Trust ("Plaintiff"), by counsel, alleges as follows:

16                          **THE PARTIES**

17      1.      Plaintiff Multimedia Patent Trust is a Delaware statutory trust under the laws of

18 the Delaware Statutory Trust Act, Del. Code title 12, §§ 3801, et seq.

19      2.      On information and belief, Defendant The Walt Disney Company is a corporation

20 organized under the laws of the State of Delaware, and having its principal place of business at

21 500 South Buena Vista Street, Burbank, California 91521.

22      3.      On information and belief, Defendant ABC News, Inc., is a corporation organized

23 under the laws of the State of Delaware, and having its principal place of business at 77 West

24 66th Street, New York, New York 10023.

25      4.      On information and belief, Defendant American Broadcasting Companies, Inc., is

26 a corporation organized under the laws of the State of Delaware, and having its principal place of

27 business at 77 West 66th Street, New York, New York 10023.

28

5.      On information and belief, Defendant A&E Television Networks, LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 235 East 45th Street, New York, New York 10017.

6.      On information and belief, Defendant Buena Vista Home Entertainment, Inc. (d/b/a Walt Disney Studios Home Entertainment), is a corporation organized under the laws of the State of California, and having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

7.      On information and belief, Defendant ESPN, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at ESPN Plaza, Bristol, Connecticut 06010.

8.      On information and belief, Defendant Hollywood Pictures Corp. is a corporation organized under the laws of the State of California, and having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

9.      On information and belief, Defendant Miramax Film Corp. is a corporation organized under the laws of New York, and having its principal place of business at 161 Avenue of the Americas, New York, New York 10013.

10.      On information and belief, Defendant Pixar (d/b/a Pixar Animation Studios) is a corporation organized under the laws of the State of California, and having its principal place of business at 1200 Park Avenue, Emeryville, California 94608.

11.      On information and belief, Defendant Touchstone Television Productions, LLC (d/b/a ABC Studios) is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

12.      On information and belief, Defendant Walt Disney Pictures is a corporation organized under the laws of the State of California, and having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521.

13.      On information and belief, Defendant Walt Disney Motion Pictures Group, Inc., is a corporation organized under the laws of the State of California, and having its principal place of

1   business at 500 South Buena Vista Street, Burbank, California 91521.

2         14.   On information and belief, Defendant NBC Universal, Inc., is a corporation

3   organized under the laws of the State of Delaware, and having its principal place of business at 30

4   Rockefeller Plaza, New York, New York 10112.

5         15.   On information and belief, Defendant National Broadcasting Company, Inc. is a

6   corporation organized under the laws of the State of Delaware, and having its principal place of

7   business at 30 Rockefeller Plaza, New York, New York 10112.

8         16.   On information and belief, Defendant Bravo Media LLC is a limited liability

9   company organized under the laws of the State of Delaware, and having its principal place of

10  business at 30 Rockefeller Plaza, New York, New York 10112.

11        17.   On information and belief, Defendant CNBC, Inc., is a corporation organized

12  under the laws of the State of Delaware, and having its principal place of business at 1 CNBC

13  Plaza, Englewood Cliffs, New Jersey 07632.

14        18.   On information and belief, Defendant Focus Features LLC is a limited liability

15  company organized under the laws of the State of Delaware, and having its principal place of

16  business at 100 Universal City Plaza, Universal City, California 91608.

17        19.   On information and belief, Defendant MSNBC Cable LLC is a limited liability

18  company organized under the laws of the State of Delaware, and having its principal place of

19  business at 30 Rockefeller Plaza, New York, New York 10112.

20        20.   On information and belief, Defendant Oxygen Media, LLC, is a limited liability

21  company organized under the laws of the State of Delaware, and having its principal place of

22  business at 75 9th Avenue, New York, New York 10011.

23        21.   On information and belief, Defendant Universal Studios, LLC, is a limited liability

24  company organized under the laws of the State of Delaware, and having its principal place of

25  business at 100 Universal City Plaza, Universal City, California 91608.

26        22.   On information and belief, Defendant Universal Studios Home Entertainment,

27  LLC, is a limited liability company organized under the laws of the State of Delaware, and having

28  its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

23.     On information and belief, Defendant Universal Pictures, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

24.     On information and belief, Defendant USA Cable Entertainment LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

25.     On information and belief, Defendant Audiovox Corporation is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 180 Marcus Boulevard, Hauppauge, New York 11788.

26.     On information and belief, Defendant Hulu, LLC, is a limited liability company organized under the laws of the State of Delaware and having its principal place of business at 12312 West Olympic Boulevard, Los Angeles, California 90064.

27.     On information and belief, Defendant The Weather Channel, Inc., is a corporation organized under the laws of the State of Georgia, and having its principal place of business at 300 Interstate North Parkway, Atlanta, Georgia 30339.

28.     On information and belief, Defendant Fox Entertainment Group, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

29.     On information and belief, Defendant Twentieth Century Fox Film Corp. is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

30.     On information and belief, Defendant Twentieth Century Fox Home Entertainment, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

31.     On information and belief, Defendant Fox Searchlight Pictures, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

5.

MPT'S FIRST AMENDED COMPLAINT

32.    On information and belief, Defendant Fox Television Stations, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 1211 Avenue of the Americas, New York, New York 10036.

33.    On information and belief, Defendant Fox Television Studios, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

34.    On information and belief, Defendant Blue Sky Studios, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

35.    On information and belief, Defendant Fox Broadcasting Company is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

36.    On information and belief, Defendant Fox News Network, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

37.    On information and belief, Defendant Fox Cable Networks, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 North Pico Boulevard, Los Angeles, California 90035.

38.    On information and belief, Defendant MyNetworkTV, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

39.    On information and belief, Defendant Fox Movie Channel, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

40.    On information and belief, Defendant Fox Interactive Media, Inc., (d/b/a News Corporation Digital Media Group) is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

41.     On information and belief, Defendant FX Networks, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

42.     On information and belief, Defendant NGC Network US, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

43.     On information and belief, Defendant NGHT, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 1145 17th Street N.W., Washington, DC 20036.

44.     On information and belief, Defendant JVC Americas Corporation is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 1700 Valley Road, Wayne, NJ 07470-8436.

45.     On information and belief, Defendant Kenwood U.S.A. Corporation is a corporation organized under the laws of the State of California, and having its principal place of business at P.O. Box 22745, 2201 East Dominguez Street, Long Beach, California 90801-5745.

46.     On information and belief, Defendant Warner Bros. Entertainment Inc. is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 4000 Warner Boulevard, Burbank, California 91522.

47.     On information and belief, Defendant Warner Bros. Television Distribution Inc. (a/k/a Warner Bros. Television Group), is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 4000 Warner Boulevard, Burbank, California 91522.

48.     On information and belief, Defendant Warner Bros. Animation Inc. is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 411 North Hollywood Way, Burbank, California 91505.

49.     On information and belief, Defendant New Line Cinema LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 116 North Robertson Boulevard, Los Angeles, California 90048.

50.     On information and belief, Defendant New Line Home Entertainment, Inc., is a corporation organized under the laws of the State of New York, and having its principal place of business at 116 North Robertson Boulevard, Los Angeles, California 90048.

51.     On information and belief, Defendant Turner Broadcasting System, Inc., is a corporation organized under the laws of the State of Georgia, and having its principal place of business at One CNN Center, Atlanta, Georgia 30303.

52.     On information and belief, Defendant Turner Network Television, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 1010 Techwood Drive, N.W., Atlanta, Georgia 30318.

53.     On information and belief, Defendant Cable News Network, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at One CNN Center, Atlanta, Georgia 30303.

54.     On information and belief, Defendant The Cartoon Network, Inc., is a corporation organized under the laws of the State of Delaware and having its principal place of business at 300 North Third Street, Burbank, California 91502.

55.     On information and belief, Defendant Home Box Office, Inc., is a corporation organized under the laws of the State of Delaware and having its principal place of business at 1100 Avenue of the Americas, New York, New York 10036.

56.     On information and belief, Defendant Arvato Digital Services LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 29011 Commerce Center Drive, Valencia, California 91355.

## **JURISDICTION AND VENUE**

57.     This is a civil action for patent infringement arising under the United States patent statute, 35 U.S.C. § 1 et seq.

58.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

59.     Defendants The Walt Disney Company; ABC News, Inc.; American Broadcasting Companies, Inc.; A&E Television Networks, LLC; Buena Vista Home Entertainment, Inc. (d/b/a

Walt Disney Studios Home Entertainment); ESPN, Inc.; Hollywood Pictures Corp.; Miramax Film Corp.; Pixar (d/b/a Pixar Animation Studios); Touchstone Television Productions, LLC (d/b/a ABC Studios); Walt Disney Pictures; and Walt Disney Motion Pictures Group, Inc. (collectively, the "Disney Defendants") are each subject to this Court's personal jurisdiction because they each do and have done substantial business in this judicial District, including maintaining principal places of business in California and/or being organized under the laws of the State of California and regularly doing and soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue in this State and in this District.  In addition, Defendants The Walt Disney Company; American Broadcasting Companies, Inc.; A&E Television Networks, LLC; Buena Vista Home Entertainment, Inc. (d/b/a Walt Disney Studios Home Entertainment); Hollywood Pictures Corp.; Miramax Film Corp.; Pixar (d/b/a Pixar Animation Studios); Touchstone Television Productions, LLC (d/b/a ABC Studios); Walt Disney Pictures; and Walt Disney Motion Pictures Group, Inc. have designated an agent for service of process in the State of California.

60.     Defendants NBC Universal, Inc.; National Broadcasting Company, Inc.; Bravo Media LLC; CNBC, Inc.; Focus Features LLC; MSNBC Cable LLC; Oxygen Media, LLC; Universal Studios, LLC; Universal Studios Home Entertainment, LLC; Universal Pictures, Inc.; and USA Cable Entertainment LLC (collectively, the "NBC Defendants") are each subject to this Court's personal jurisdiction because they each do and have done substantial business in this judicial District, including maintaining principal places of business in California and/or being organized under the laws of the State of California and regularly doing and soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue in this State and in this District.  In addition, Defendants NBC Universal, Inc.; Bravo Media LLC; CNBC, Inc.; Focus Features LLC; MSNBC Cable LLC; Oxygen Media, LLC; Universal Studios, LLC; Universal Studios Home Entertainment, LLC; and USA Cable Entertainment LLC have designated an agent for service of process in the State of California.

61.     Defendant Audiovox Corporation is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial District, including regularly

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)                                9.                    MPT's First Amended Complaint

1  doing or soliciting business, engaging in other persistent courses of conduct, and deriving

2  substantial revenue in this State and in this District.  In addition, Audiovox Corporation has

3  designated an agent for service of process in the State of California.

4         62.    Defendant Hulu, LLC, is subject to this Court's personal jurisdiction because it

5  does and has done substantial business in this judicial District, including maintaining a principal

6  place of business in California, regularly doing or soliciting business, engaging in other persistent

7  courses of conduct, and deriving substantial revenue in this State and in this District.  In addition,

8  Hulu, LLC, has designated an agent for service of process in the State of California.

9         63.    Defendant The Weather Channel, Inc. is subject to this Court's personal

10  jurisdiction because it does and has done substantial business in this judicial District, including

11  regularly doing or soliciting business, engaging in other persistent courses of conduct, and

12  deriving substantial revenue in this State and in this District.  In addition, The Weather Channel,

13  Inc. has designated an agent for service of process in the State of California.

14         64.    Defendants Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.;

15  Twentieth Century Fox Home Entertainment, LLC; Fox Searchlight Pictures, Inc.; Fox Television

16  Stations, Inc.; Fox Television Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company;

17  Fox News Network, LLC; Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel,

18  Inc.; Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group); FX Networks,

19  LLC; NGC Network US, LLC; and NGHT, LLC (collectively the "Fox Defendants"), are each

20  subject to this Court's personal jurisdiction because they do and have done substantial business in

21  this judicial District, including maintaining principal places of business in California and/or being

22  organized under the laws of the State of California and regularly doing and soliciting business,

23  engaging in other persistent courses of conduct, and deriving substantial revenue in this State and

24  in this District.  In addition, Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.;

25  Twentieth Century Fox Home Entertainment, LLC; Fox Searchlight Pictures, Inc.; Fox Television

26  Stations, Inc.; Fox Television Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company;

27  Fox News Network, LLC; Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel,

28  Inc.; Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group); FX Networks,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

10.

MPT'S FIRST AMENDED COMPLAINT

1   LLC; and NGC Network US, LLC have designated an agent for service of process in the State of
2   California.

3         65.    Defendants JVC Americas Corporation and Kenwood U.S.A. Corporation
4   (collectively the "JVC Defendants") are each subject to this Court's personal jurisdiction because
5   they do and have done substantial business in this judicial District, including maintaining a
6   principal place of business in California and/or being organized under the laws of the State of
7   California, regularly doing or soliciting business, engaging in other persistent courses of conduct,
8   and deriving substantial revenue in this State and in this District.  In addition, JVC Americas
9   Corporation has designated an agent for service of process in the State of California.

10         66.    Defendants Warner Bros. Entertainment Inc.; Warner Bros. Television
11   Distribution Inc. (a/k/a Warner Bros. Television Group); Warner Bros. Animation Inc.; New Line
12   Cinema LLC; New Line Home Entertainment, Inc.; Turner Broadcasting System, Inc.; Turner
13   Network Television, Inc.; Cable News Network, Inc.; The Cartoon Network, Inc.; and Home Box
14   Office, Inc. (collectively the "Warner Bros. Defendants") are each subject to this Court's personal
15   jurisdiction because they do and have done substantial business in this judicial District, including
16   maintaining principal places of business in California and/or being organized under the laws of
17   the State of California and regularly doing and soliciting business, engaging in other persistent
18   courses of conduct, and deriving substantial revenue in this State and in this District.  In addition
19   Defendants Warner Bros. Entertainment Inc.; Warner Bros. Television Distribution Inc. (a/k/a
20   Warner Bros. Television Group); Warner Bros. Animation Inc.; New Line Cinema LLC; New
21   Line Home Entertainment, Inc.; Turner Broadcasting System, Inc.; and Home Box Office, Inc.
22   have designated an agent for service of process in the State of California.

23         67.    Defendant Arvato Digital Services LLC ("Arvato") is subject to this Court's
24   personal jurisdiction because it does and has done substantial business in this judicial District,
25   including maintaining a principal place of business in California, regularly doing or soliciting
26   business, engaging in other persistent courses of conduct, and deriving substantial revenue in this
27   State and in this District.  In addition, Arvato has designated an agent for service of process in the
28   State of California.

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)

11.

MPT's First Amended Complaint

68.     Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS & PATENTS-IN-SUIT

69.     The patents-in-suit are generally directed to systems and methods of encoding and decoding signals representative of moving images (i.e., "video compression").

70.     Video compression techniques are used in many industries that involve either the transmission of video from one location to another and/or the manufacture and sale of devices to receive or store video signals.  These industries include, for example, content providers, cable and satellite companies, teleconferencing providers, television manufacturers, television broadcasters and digital media providers.

71.     Video compression reduces the amount of digital data needed to represent video so that it can be sent more efficiently over communications media, such as the Internet and satellites, or stored more efficiently on storage media such as DVDs and Blu-ray disks.  Video consists of a series of pictures, or frames, with each frame capturing a scene at an instant of time.  When viewed one after another, the frames form the video sequences.  Video compression involves reducing the amount of digital data needed to represent information about the content of these pictures or frames while allowing a video to ultimately be reproduced from that information.

72.     There are numerous benefits to video compression.  For instance, it enables large amounts of video data to be stored on smaller memory devices and permits broadcasters to transmit greater numbers of programs using the same bandwidth over a particular transmission medium.  For example, without video compression it would be impossible to store a feature-length film on a single DVD.  Also, video retrieval via the Internet would not be feasible due to the huge volume of uncompressed data that would need to be transmitted. The challenge that comes with video compression, however, is assuring that the video image ultimately reproduced from the reduced amount of digital data is of sufficient quality.

73.     A video signal is encoded (compressed) prior to being transmitted over a medium or before it is stored on a medium.  When the video signal is read off the storage medium or is received at the other end, it is decoded (decompressed) to recreate either the original signal or, in

the case of a lossy compression technique (by which certain unnecessary bits of data are eliminated), a close approximation of the original signal.  When encoding a video, the video signal is processed using a variety of techniques that reduce the amount of data, such as transformation, quantization, motion-compensated prediction and variable length encoding.

74.    On September 18, 1990, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 4,958,226 ("the '226 Patent"), entitled "Conditional Motion Compensated Interpolation of Digital Motion Video," to Barin G. Haskell and Atul Puri.  On July 16, 2007, a third party requested ex parte reexamination of claim 12 of the '226 Patent.  On October 5, 2007, the USPTO ordered reexamination of claim 12 of the '226 Patent.  During reexamination, no amendments were made to the '226 Patent and the patentability of claim 12 was confirmed.  The USPTO duly and legally issued a Reexamination Certificate for the '226 Patent on September 1, 2009.  A copy of the '226 Patent and its Reexamination Certificate are attached as Exhibit A.

75.    On July 13, 1993, the USPTO duly and legally issued United States Patent No. 5,227,878 ("the '878 Patent"), entitled "Adaptive Coding and Decoding of Frames and Fields of Video," to Atul Puri and Rangarajan Aravind.  The USPTO duly and legally issued a Certificate of Correction to the '878 Patent on October 25, 2005.  A copy of the '878 Patent and its Certificate of Correction are attached as Exhibit B.

76.    On March 19, 1996, the USPTO duly and legally issued United States Patent No. 5,500,678 ("the '678 Patent"), entitled "Optimized Scanning of Transform Coefficients in Video Coding," to Atul Puri.  The USPTO duly and legally issued a Certificate of Correction to the '678 Patent on May 29, 2007.  A copy of the '678 Patent and its Certificate of Correction are attached as Exhibit C.

77.    On August 4, 1992, the USPTO duly and legally issued United States Patent No. 5,136,377 ("the '377 Patent"), entitled "Adaptive Non-Linear Quantizer," to James D. Johnston, et al.  A copy of the '377 Patent is attached as Exhibit D.

78.    On November 28, 2006, all rights, title and interest in and to the '226, '377, '878, and '678 Patents (collectively, the "Patents-in-Suit"), including the right to sue for past

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)                    13.                    MPT's First Amended Complaint

infringement, were assigned to the Multimedia Patent Trust.  On November 30 and December 21, 2006, the USPTO issued Notices of the recordation of the assignments.

79.     Plaintiff Multimedia Patent Trust is the sole holder of the entire right, title and interest in the '226, '377, '878, and '678 Patents.

## COUNT I

## (PATENT INFRINGEMENT BY THE DISNEY DEFENDANTS)

80.     Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

**The Walt Disney Company**

81.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

82.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

83.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

84.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

85.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)

14.

MPT's First Amended Complaint

video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

86.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

87.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

88.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

89.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

90.     Defendant The Walt Disney Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew"TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

91.     Defendant The Walt Disney Company has infringed directly and continues to

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)                    15.                    MPT's First Amended Complaint

1    infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678

2    patents by encoding video in H.264 format for streaming over the Internet, such as

3    advertisements, TV episode clips, movie trailers, news clips, and full TV episodes.

4         92.    On information and belief, defendant The Walt Disney Company has infringed the

5    '678 patent by importing into the United States products that defendant and defendants' agents

6    made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264

7    format pursuant to the methods claimed in the '678 patent.

8         93.    Defendant The Walt Disney Company has actively and knowingly induced, and

9    continues to actively and knowingly induce, third-party end users, such as consumers, renters, and

10   purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the

11   '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-

12   ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226

13   patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode

14   video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the

15   end users would decode the video in a manner that infringes the '878 and '226 patents.  Further,

16   defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray

17   discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs

18   would induce infringement, and defendant has possessed and continues to possess the specific

19   intent to induce such infringement.

20        94.    Defendant The Walt Disney Company has had constructive knowledge of the

21   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

22   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

23   later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its

24   infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

25   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

26   patent rights.

27        95.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

28   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

by this Court.

**American Broadcasting Companies, Inc.**

96.     Defendant American Broadcasting Companies has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

97.     Defendant American Broadcasting Companies has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

98.     Defendant American Broadcasting Companies has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as advertisements, TV episode clips, and full TV episodes.

99.     Defendant American Broadcasting Companies has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

100.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Buena Vista Home Entertainment, Inc. (d/b/a Walt Disney Studios Home Entertainment)**

101.    Defendant Buena Vista Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

102.   Defendant Buena Vista Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

103.   On information and belief, defendant Buena Vista Home Entertainment has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

104.   Defendant Buena Vista Home Entertainment has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

105.   Defendant Buena Vista Home Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

106.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

18.

MPT'S FIRST AMENDED COMPLAINT

1    irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
2    by this Court.

3    **Hollywood Pictures Corp.**

4        107.    Defendant Hollywood Pictures has infringed directly and continues to infringe
5    directly, within the United States, at least one claim of the '377 patent by encoding video that is
6    stored on DVD discs.

7        108.    Defendant Hollywood Pictures has infringed directly and continues to infringe
8    directly, within the United States, at least one claim of the '377 patent by encoding video in
9    MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in
10   H.264 format, during movie production, such as movie dailies, rushes, and sharing video with
11   directors, producers, editors, cast, and other members of the film crew.

12       109.    Defendant Hollywood Pictures has infringed directly and continues to infringe
13   directly, within the United States, at least one claim of the '878 and '226 patents by decoding
14   video in H.264 format during movie production, such as movie dailies, rushes, and sharing video
15   with directors, producers, editors, cast, and other members of the film crew.

16       110.    Defendant Hollywood Pictures has had constructive knowledge of the method
17   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had
18   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than
19   March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of
20   the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and
21   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

22       111.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
23   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
24   by this Court.

25   **Miramax Film Corp.**

26       112.    Defendant Miramax has infringed directly and continues to infringe directly,
27   within the United States, at least one claim of the '377 patent by encoding video that is stored on
28   DVD discs.

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)                                    19.                    MPT's First Amended Complaint

113.    Defendant Miramax has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in MPEG-2 format that is stored on Blu-ray discs.

114.    Defendant Miramax has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

115.    Defendant Miramax has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

116.    Defendant Miramax has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as movie trailers.

117.    Defendant Miramax has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

118.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Walt Disney Pictures**

119.    Defendant Walt Disney Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

120.   Defendant Walt Disney Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

121.   Defendant Walt Disney Pictures has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

122.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Walt Disney Motion Pictures Group, Inc.**

123.   Defendant Walt Disney Motion Pictures Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

124.   Defendant Walt Disney Motion Pictures Group has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in H.264 format that is stored on Blu-ray discs.

125.   On information and belief, defendant Walt Disney Motion Pictures Group has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in H.264 format pursuant to the methods claimed in the '678 patent.

126.   Defendant Walt Disney Motion Pictures Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by

encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

127.    Defendant Walt Disney Motion Pictures Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

128.    Defendant Walt Disney Motion Pictures Group has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

129.    Defendant Walt Disney Motion Pictures Group has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

130.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

1  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

2  by this Court.

3  **Pixar (d/b/a Pixar Animation Studios)**

4          131.    Defendant Pixar has infringed directly and continues to infringe directly, within

5  the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and

6  at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format,

7  during movie production, such as movie dailies, rushes, and sharing video with directors,

8  producers, editors, cast, and other members of the film crew.

9          132.    Defendant Pixar has infringed directly and continues to infringe directly, within

10  the United States, at least one claim of the '878 and '226 patents by decoding video in H.264

11  format during movie production, such as movie dailies, rushes, and sharing video with directors,

12  producers, editors, cast, and other members of the film crew.

13          133.    Defendant Pixar has infringed directly and continues to infringe directly, within

14  the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video

15  in H.264 format for streaming over the Internet, such as movie trailers.

16          134.    Defendant Pixar has had constructive knowledge of the method claims of the '678

17  patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of

18  the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when

19  Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.

20  Despite such knowledge, defendant has refused to take a license and continues to infringe the

21  patents willfully and deliberately in disregard of MPT's patent rights.

22          135.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

23  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

24  by this Court.

25  **Touchstone Television Productions, LLC (d/b/a ABC Studios)**

26          136.    Defendant Touchstone Television Productions has infringed directly and continues

27  to infringe directly, within the United States, at least one claim of the '377 patent by encoding

28  video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding

1   video in H.264 format, during production of television programs, such as "TV dailies," rushes,

2   sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

3   members of the crew.

4       137.   Defendant Touchstone Television Productions has infringed directly and continues

5   to infringe directly, within the United States, at least one claim of the '878 and '226 patents by

6   decoding video in H.264 format, during production of television programs for television

7   broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with

8   directors, producers, editors, cast, hosts, anchors, and other members of the crew.

9       138.   Defendant Touchstone Television Productions has had constructive knowledge of

10  the method claims of the '678 patent since March 19, 1996, the issue date of the patent.

11  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878

12  patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of

13  its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

14  license and continues to infringe the patents willfully and deliberately in disregard of MPT's

15  patent rights.

16      139.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

17  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

18  by this Court.

19  **ABC News, Inc.**

20      140.   Defendant ABC News has infringed directly and continues to infringe directly,

21  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

22  format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

23  H.264 format, for television programming, such as providing video from the site of live news,

24  entertainment and sporting events.

25      141.   Defendant ABC News has infringed directly and continues to infringe directly,

26  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

27  format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

28  format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and

sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

142.   Defendant ABC News has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

143.   Defendant ABC News has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

144.   Defendant ABC News has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as advertisements, news clips, and full TV shows.

145.   Defendant ABC News has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

146.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**ESPN, Inc.**

147.   Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)**

25.

**MPT'S FIRST AMENDED COMPLAINT**

148.    Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

149.    Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

150.    Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

151.    Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

152.    Defendant ESPN has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

153.    Defendant ESPN has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)

26.

MPT's First Amended Complaint

1  patents willfully and deliberately in disregard of MPT's patent rights.

2      154.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

3  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

4  by this Court.

5  **A&E Television Networks, LLC**

6      155.   Defendant A&E Television Networks has infringed directly and continues to

7  infringe directly, within the United States, at least one claim of the '377 patent by encoding video

8  that is stored on DVD discs.

9      156.   Defendant A&E Television Networks has infringed directly and continues to

10  infringe directly, within the United States, at least one claim of the '377 patent by encoding video

11  in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

12  video in H.264 format, for television broadcast transmission such as providing video to cable and

13  satellite providers.

14      157.   Defendant A&E Television Networks has infringed directly and continues to

15  infringe directly, within the United States, at least one claim of the '377 patent by encoding video

16  in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

17  in H.264 format, during production of television programs, such as "TV dailies," rushes,

18  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

19  members of the crew.

20      158.   Defendant A&E Television Networks has infringed directly and continues to

21  infringe directly, within the United States, at least one claim of the '878 and '226 patents by

22  decoding video in H.264 format, during production of television programs for television

23  broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with

24  directors, producers, editors, cast, hosts, anchors, and other members of the crew.

25      159.   Defendant A&E Television Networks has had constructive knowledge of the

26  method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

27  has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

28  later than March 30, 2007 when Plaintiff Multimedia Patent Trust notified defendant of its

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)**

27.

**MPT'S FIRST AMENDED COMPLAINT**

1  infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

2  license and continues to infringe the patents willfully and deliberately in disregard of MPT's

3  patent rights.

4       160.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

5  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

6  by this Court.

7                                    **COUNT II**

8                **(PATENT INFRINGEMENT BY THE NBC DEFENDANTS)**

9       161.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference

10 paragraphs 1-79 of this Complaint as if fully set forth herein.

11 **NBC Universal, Inc.**

12      162.    Defendant NBC Universal has infringed directly and continues to infringe directly,

13 within the United States, at least one claim of the '377 patent by encoding video that is stored on

14 DVD discs.

15      163.    Defendant NBC Universal has infringed directly and continues to infringe directly,

16 within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by

17 encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

18      164.    Defendant NBC Universal has infringed directly and continues to infringe directly,

19 within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

20 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

21 format, during movie production, such as movie dailies, rushes, and sharing video with directors,

22 producers, editors, cast, and other members of the film crew.

23      165.    Defendant NBC Universal has infringed directly and continues to infringe directly,

24 within the United States, at least one claim of the '878 and '226 patents by decoding video in

25 H.264 format during movie production, such as movie dailies, rushes, and sharing video with

26 directors, producers, editors, cast, and other members of the film crew.

27      166.    Defendant NBC Universal has infringed directly and continues to infringe directly,

28 within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

167.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

168.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

169.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

170.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

171.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

172.   Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

29.

MPT'S FIRST AMENDED COMPLAINT

1   video in H.264 format for streaming over the Internet, such as live sporting events, movie trailers,

2   movie clips, and interviews.

3        173.    On information and belief, defendant NBC Universal has infringed the '678 patent

4   by importing into the United States products that defendant and defendants' agents made by a

5   patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format

6   pursuant to the methods claimed in the '678 patent.

7        174.    Defendant NBC Universal has actively and knowingly induced, and continues to

8   actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers

9   of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and

10   '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc

11   products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at

12   times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in

13   VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users

14   would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant

15   intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs.

16   Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would

17   induce infringement, and defendant has possessed and continues to possess the specific intent to

18   induce such infringement.

19        175.    Defendant NBC Universal has had constructive knowledge of the method claims

20   of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

21   knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

22   6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

23   Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

24   infringe the patents willfully and deliberately in disregard of MPT's patent rights.

25        176.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

26   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

27   by this Court.

28

**Bravo Media LLC**

177.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

178.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

179.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

180.    Defendant Bravo Media has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

181.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**CNBC, Inc.**

182.    Defendant CNBC has infringed directly and continues to infringe directly, within

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

31.

MPT'S FIRST AMENDED COMPLAINT

the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

183.   Defendant CNBC has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

184.   Defendant CNBC has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

185.   Defendant CNBC has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

186.   Defendant CNBC has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

187.   Defendant CNBC has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

188.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**MSNBC Cable LLC**

189.   Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

190.   Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

191.   Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

192.   Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

193.   Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors,

cast, hosts, anchors, and other members of the crew.

194.    Defendant MSNBC Cable has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

195.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Oxygen Media, LLC**

196.    Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

197.    Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

198.    Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

199.    Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission,

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)

34.

MPT's First Amended Complaint

such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

200.     Defendant Oxygen Media has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

201.     Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Universal Studios, LLC**

202.     Defendant Universal Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

203.     Defendant Universal Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

204.     Defendant Universal Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

205.     Defendant Universal Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

206.     Defendant Universal Studios has infringed directly and continues to infringe

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)

35.

MPT'S FIRST AMENDED COMPLAINT

directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as movie trailers.

207.    On information and belief, defendant Universal Studios has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

208.    Defendant Universal Studios has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

209.    Defendant Universal Studios has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

210.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**USA Cable Entertainment LLC**

211.    Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

212.    Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

213.    Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

214.    Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

215.    Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

216.    Defendant USA Cable Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

1    has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no
2    later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its
3    infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a
4    license and continues to infringe the patents willfully and deliberately in disregard of MPT's
5    patent rights.

6        217. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
7    irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
8    by this Court.

9    **Universal Studios Home Entertainment, LLC**

10        218. Defendant Universal Studios Home Entertainment has infringed directly and
11    continues to infringe directly, within the United States, at least one claim of the '377 patent by
12    encoding video that is stored on DVD discs.

13        219. Defendant Universal Studios Home Entertainment has infringed directly and
14    continues to infringe directly, within the United States, at least one claim of each of the '878,
15    '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-
16    ray discs.

17        220. On information and belief, defendant Universal Studios Home Entertainment has
18    infringed the '678 patent by importing into the United States products that defendant and
19    defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in
20    VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

21        221. Defendant Universal Studios Home Entertainment has actively and knowingly
22    induced, and continues to actively and knowingly induce, third-party end users, such as
23    consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States
24    at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by
25    playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known
26    of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and
27    continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that
28    defendant knows the end users would decode the video in a manner that infringes the '878 and

'226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

222.    Defendant Universal Studios Home Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

223.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Universal Pictures, Inc.**

224.    Defendant Universal Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

225.    Defendant Universal Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

226.    Defendant Universal Pictures has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)

39.

MPT's First Amended Complaint

1   the Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and

2   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

3          227.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

4   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

5   by this Court.

6   **Focus Features LLC**

7          228.   Defendant Focus Features has infringed directly and continues to infringe directly,

8   within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

9   format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

10  format, during movie production, such as movie dailies, rushes, and sharing video with directors,

11  producers, editors, cast, and other members of the film crew.

12         229.   Defendant Focus Features has infringed directly and continues to infringe directly,

13  within the United States, at least one claim of the '878 and '226 patents by decoding video in

14  H.264 format during movie production, such as movie dailies, rushes, and sharing video with

15  directors, producers, editors, cast, and other members of the film crew.

16         230.   Defendant Focus Features has infringed directly and continues to infringe directly,

17  within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding

18  video in H.264 format for streaming over the Internet, such as movie trailers, movie clips, and

19  interviews.

20         231.   Defendant Focus Features has had constructive knowledge of the method claims of

21  the '678 patent since March 19, 1996, the issue date of the patent.   Defendant has had actual

22  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

23  6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

24  Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and continues to

25  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

26         232.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

27  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

28  by this Court.

**National Broadcasting Company, Inc.**

233.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

234.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

235.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

236.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

237.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

238.     Defendant National Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)**          41.          **MPT'S FIRST AMENDED COMPLAINT**

1   directors, producers, editors, cast, hosts, anchors, and other members of the crew.

2       239.   Defendant National Broadcasting Company has had constructive knowledge of the

3   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

4   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

5   later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

6   infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

7   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

8   patent rights.

9       240.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

10  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

11  by this Court.

12  <div align="center">**COUNT III**</div>

13  <div align="center">**(PATENT INFRINGEMENT BY HULU, LLC)**</div>

14      241.   Plaintiff Multimedia Patent Trust realleges and incorporates by reference

15  paragraphs 1-79 of this Complaint as if fully set forth herein.

16      242.   Defendant Hulu has infringed directly and continues to infringe directly, within the

17  United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in

18  H.264 format for streaming over the Internet.

19      243.   Defendant Hulu has infringed directly and continues to infringe directly, within the

20  United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format

21  during the preparation of video for streaming over the Internet.

22      244.   Defendant Hulu has had constructive knowledge of the method claims of the '678

23  patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of

24  the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when

25  Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.

26  Despite such knowledge, defendant has refused to take a license and continues to infringe the

27  patents willfully and deliberately in disregard of MPT's patent rights.

28      245.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

1   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
2   by this Court.

3   <center>**COUNT IV**</center>

4   <center>**(PATENT INFRINGEMENT BY THE WEATHER CHANNEL, INC.)**</center>

5   246.   Plaintiff Multimedia Patent Trust realleges and incorporates by reference
6   paragraphs 1-79 of this Complaint as if fully set forth herein.

7   247.   Defendant The Weather Channel has infringed directly and continues to infringe
8   directly, within the United States, at least one claim of the '377 patent by encoding video in
9   MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
10  video in H.264 format, for television programming, such as providing video from the site of live
11  news, entertainment and sporting events.

12  248.   Defendant The Weather Channel has infringed directly and continues to infringe
13  directly, within the United States, at least one claim of the '377 patent by encoding video in
14  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
15  video in H.264 format, for television broadcast transmission such as providing video to cable and
16  satellite providers.

17  249.   Defendant The Weather Channel has infringed directly and continues to infringe
18  directly, within the United States, at least one claim of the '377 patent by encoding video in
19  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in
20  H.264 format, during production of television programs, such as "TV dailies," rushes,
21  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other
22  members of the crew.

23  250.   Defendant The Weather Channel has infringed directly and continues to infringe
24  directly, within the United States, at least one claim of the '878 and '226 patents by decoding
25  video in H.264 format for television programming, such as providing video from the site of live
26  news, entertainment and sporting events.

27  251.   Defendant The Weather Channel has infringed directly and continues to infringe
28  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

1  video in H.264 format, during production of television programs for television broadcast

2  transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

3  producers, editors, cast, hosts, anchors, and other members of the crew.

4       252.   Defendant The Weather Channel has had constructive knowledge of the method

5  claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

6  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents at least as

7  early as January 19, 2010 when Plaintiff Multimedia Patent Trust notified defendant of its

8  infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

9  license and continues to infringe the patents willfully and deliberately in disregard of MPT's

10  patent rights.

11       253.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

12  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

13  by this Court.

14  <div align="center">**COUNT V**</div>

15  <div align="center">**(PATENT INFRINGEMENT BY AUDIOVOX)**</div>

16       254.   Plaintiff Multimedia Patent Trust realleges and incorporates by reference

17  paragraphs 1-79 of this Complaint as if fully set forth herein.

18       255.   Defendant Audiovox has infringed directly and continues to infringe directly at

19  least one claim of the '878, '377, '226, and '678 patents by making, having made, using, offering

20  to sell, selling and importing within the United States infringing products, including Personal

21  Video Recorders, Multimedia Player/Recorders, Camcorders, and Video Flash Recorders, that

22  encode video in H.264 and MPEG-4 part 2 format.

23       256.   Defendant Audiovox has infringed directly and continues to infringe directly at

24  least one claim of the '377 patent by making, having made, using, offering to sell, selling and

25  importing within the United States infringing products, including Small Wonder Memory Makers

26  and DVD Recorders, that encode video in MPEG-2 format.

27       257.   Defendant Audiovox has infringed directly and continues to infringe directly at

28  least one claim of the '878 and '226 patents by making, having made, using, offering to sell,

Cooley LLP
Attorneys At Law
San Diego

**MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)**    44.    **MPT's First Amended Complaint**

1    selling and importing within the United States infringing products, including Personal Video
2    Recorders, Multimedia Players, Multimedia Player/Recorders, Camcorders, HD-DVD Players,
3    Video Flash Recorders, and Easy Rip Media Software, that decode video in H.264, MPEG-4 part
4    2, and VC-1 format.

5            258.    Defendant Audiovox has actively and knowingly induced, and continues to
6    actively and knowingly induce, third-party end users, such as consumers, to infringe directly
7    within the United States at least one claim of the '878, '377, '226, and '678 patents by using an
8    infringing product, including Personal Video Recorders, Multimedia Player/Recorders,
9    Camcorders, and Video Flash Recorders, to encode video in H.264 format.   In particular,
10   defendant has known of the '878, '377, '226, and '678 patents at times it has supplied these
11   products, and has provided and continues to provide the end users with user manuals and other
12   instructions explaining how to operate the products in order to encode H.264 video in an
13   infringing manner, knowing that the end user would operate the products in an infringing manner.
14   Further, defendant intends end users to use these products to encode H.264 video.   Accordingly,
15   defendant knew or should have known that its supply of such products would induce
16   infringement, and defendant has possessed and continues to possess the specific intent to induce
17   such infringement.

18           259.    Defendant Audiovox has actively and knowingly induced, and continues to
19   actively and knowingly induce, third-party end users, such as consumers, to infringe directly
20   within the United States at least one claim of the '377 patent by using an infringing product,
21   including Small Wonder Memory Makers and DVD Recorders, to encode video in MPEG-2
22   format.   In particular, defendant has known of the '377 patent at times it has supplied these
23   products, and has provided and continues to provide the end users with user manuals and other
24   instructions explaining how to operate the products in order to encode MPEG-2 video in an
25   infringing manner, knowing that the end user would operate the products in an infringing manner.
26   Further, defendant intends end users to use these products to encode MPEG-2 video.
27   Accordingly, defendant knew or should have known that its supply of such products would
28   induce infringement, and defendant has possessed and continues to possess the specific intent to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

45.

MPT'S FIRST AMENDED COMPLAINT

1   induce such infringement.

2          260.   Defendant Audiovox has actively and knowingly induced, and continues to

3   actively and knowingly induce, third-party end users, such as consumers, to infringe directly

4   within the United States at least one claim of the '226 and '878 patents by using an infringing

5   product, including Personal Video Recorders, Multimedia Players, Multimedia Player/Recorders,

6   Camcorders, HD-DVD Players, Video Flash Recorders, and Easy Rip Media Software, to decode

7   video in H.264, MPEG-4 part 2, and VC-1 format.  In particular, defendant has known of the '226

8   and '878 patents at times it has supplied these products, and has provided and continues to

9   provide the end users with user manuals and other instructions explaining how to operate the

10  products in order to decode H.264, MPEG-4 part 2, and VC-1 video in an infringing manner,

11  knowing that the end user would operate the products in an infringing manner.  Further, defendant

12  intends end users to use these products to decode H.264, MPEG-4 part 2, and VC-1 video.

13  Accordingly, defendant knew or should have known that its supply of such products would

14  induce infringement, and defendant has possessed and continues to possess the specific intent to

15  induce such infringement.

16         261.   Defendant Audiovox has had constructive knowledge of the method claims of the

17  '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

18  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than July 3,

19  2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-

20  in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

21  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

22         262.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

23  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

24  by this Court.

25                                **COUNT VI**

26                **(PATENT INFRINGEMENT BY THE FOX DEFENDANTS)**

27         263.   Plaintiff Multimedia Patent Trust realleges and incorporates by reference

28  paragraphs 1-79 of this Complaint as if fully set forth herein.

Cooley LLP
Attorneys At Law
San Diego

**MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)**          46.          **MPT's First Amended Complaint**

**Fox Entertainment Group, Inc.**

264.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

265.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in H.264 format that is stored on Blu-ray discs.

266.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

267.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

268.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

269.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

270.    Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video

1   in MPEG-2 format for television broadcast transmission over the air.

2   271.   Defendant Fox Entertainment Group has infringed directly and continues to

3   infringe directly, within the United States, at least one claim of the '377 patent by encoding video

4   in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

5   in H.264 format, during production of television programs, such as "TV dailies," rushes,

6   sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

7   members of the crew.

8   272.   Defendant Fox Entertainment Group has infringed directly and continues to

9   infringe directly, within the United States, at least one claim of the '878 and '226 patents by

10   decoding video in H.264 format for television programming, such as providing video from the

11   site of live news, entertainment and sporting events.

12   273.   Defendant Fox Entertainment Group has infringed directly and continues to

13   infringe directly, within the United States, at least one claim of the '878 and '226 patents by

14   decoding video in H.264 format, during production of television programs for television

15   broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with

16   directors, producers, editors, cast, hosts, anchors, and other members of the crew.

17   274.   Defendant Fox Entertainment Group has infringed directly and continues to

18   infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678

19   patents by encoding video in H.264 format for streaming over the Internet, such as news clips,

20   music videos, TV show clips, full TV episodes, movie trailers, movie clips, interviews, short

21   animation movies, and advertisements.

22   275.   On information and belief, defendant Fox Entertainment Group has infringed the

23   '678 patent by importing into the United States products that defendant and defendants' agents

24   made by a patented process, such as Blu-ray discs containing video encoded in H.264 format

25   pursuant to the methods claimed in the '678 patent.

26   276.   Defendant Fox Entertainment Group has actively and knowingly induced, and

27   continues to actively and knowingly induce, third-party end users, such as consumers, renters, and

28   purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

48.

MPT'S FIRST AMENDED COMPLAINT

'878 and '226 patents by decoding video in H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

277.   Defendant Fox Entertainment Group has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

278.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Twentieth Century Fox Film Corp.**

279.   Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

280.   Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

281.   Defendant Twentieth Century Fox Film has infringed directly and continues to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

49.

MPT'S FIRST AMENDED COMPLAINT

1   infringe directly, within the United States, at least one claim of the '878 and '226 patents by

2   decoding video in H.264 format during movie production, such as movie dailies, rushes, and

3   sharing video with directors, producers, editors, cast, and other members of the film crew.

4       282.    Defendant Twentieth Century Fox Film has infringed directly and continues to

5   infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678

6   patents by encoding video in H.264 format for streaming over the Internet, such as movie trailers.

7       283.    Defendant Twentieth Century Fox Film has had constructive knowledge of the

8   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

9   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

10  later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

11  infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

12  license and continues to infringe the patents willfully and deliberately in disregard of MPT's

13  patent rights.

14      284.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

15  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

16  by this Court.

17  **Twentieth Century Fox Home Entertainment, LLC**

18      285.    Defendant Twentieth Century Fox Home Entertainment has infringed directly and

19  continues to infringe directly, within the United States, at least one claim of the '377 patent by

20  encoding video that is stored on DVD discs.

21      286.    Defendant Twentieth Century Fox Home Entertainment has infringed directly and

22  continues to infringe directly, within the United States, at least one claim of each of the '878,

23  '377, '226, and '678 patents by encoding video in H.264 format that is stored on Blu-ray discs.

24      287.    On information and belief, defendant Twentieth Century Fox Home Entertainment

25  has infringed the '678 patent by importing into the United States products that defendant and

26  defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in

27  H.264 format pursuant to the methods claimed in the '678 patent.

28      288.    Defendant Twentieth Century Fox Home Entertainment has actively and

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)

50.

MPT's First Amended Complaint

knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

289.    Defendant Twentieth Century Fox Home Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

290.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Searchlight Pictures, Inc.**

291.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

292.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)

51.

MPT'S FIRST AMENDED COMPLAINT

1   H.264 format, during movie production, such as movie dailies, rushes, and sharing video with

2   directors, producers, editors, cast, and other members of the film crew.

3          293.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

4   directly, within the United States, at least one claim of the '878 and '226 patents by decoding

5   video in H.264 format during movie production, such as movie dailies, rushes, and sharing video

6   with directors, producers, editors, cast, and other members of the film crew.

7          294.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

8   directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by

9   encoding video in H.264 format for streaming over the Internet, such as movie trailers, movie

10  clips, and interviews.

11         295.    Defendant Fox Searchlight Pictures has had constructive knowledge of the method

12  claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

13  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

14  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

15  the Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and

16  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

17         296.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

18  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

19  by this Court.

20  **Fox Television Stations, Inc.**

21         297.    Defendant Fox Television Stations has infringed directly and continues to infringe

22  directly, within the United States, at least one claim of the '377 patent by encoding video in

23  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

24  video in H.264 format, for television programming, such as providing video from the site of live

25  news, entertainment and sporting events.

26         298.    Defendant Fox Television Stations has infringed directly and continues to infringe

27  directly, within the United States, at least one claim of the '377 patent by encoding video in

28  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)                                          52.                      MPT's First Amended Complaint

1  video in H.264 format, for television broadcast transmission such as providing video to cable and

2  satellite providers.

3    299.    Defendant Fox Television Stations has infringed directly and continues to infringe

4  directly, within the United States, at least one claim of the '377 patent by encoding video in

5  MPEG-2 format for television broadcast transmission over the air.

6    300.    Defendant Fox Television Stations has infringed directly and continues to infringe

7  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

8  video in H.264 format for television programming, such as providing video from the site of live

9  news, entertainment and sporting events.

10    301.    Defendant Fox Television Stations has had constructive knowledge of the method

11  claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

12  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

13  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

14  the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and

15  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

16    302.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

17  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

18  by this Court.

19  **Fox Television Studios, Inc.**

20    303.    Defendant Fox Television Studios has infringed directly and continues to infringe

21  directly, within the United States, at least one claim of the '377 patent by encoding video in

22  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

23  H.264 format, during production of television programs, such as "TV dailies," rushes,

24  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

25  members of the crew.

26    304.    Defendant Fox Television Studios has infringed directly and continues to infringe

27  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

28  video in H.264 format, during production of television programs for television broadcast

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

53.

MPT'S FIRST AMENDED COMPLAINT

1   transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

2   producers, editors, cast, hosts, anchors, and other members of the crew.

3       305.   Defendant Fox Television Studios has had constructive knowledge of the method

4   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

5   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

6   October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

7   the Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and

8   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

9       306.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

10  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

11  by this Court.

12  **Blue Sky Studios, Inc.**

13      307.   Defendant Blue Sky Studios has infringed directly and continues to infringe

14  directly, within the United States, at least one claim of the '377 patent by encoding video in

15  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

16  H.264 format, during movie production, such as movie dailies, rushes, and sharing video with

17  directors, producers, editors, cast, and other members of the film crew.

18      308.   Defendant Blue Sky Studios has infringed directly and continues to infringe

19  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

20  video in H.264 format during movie production, such as movie dailies, rushes, and sharing video

21  with directors, producers, editors, cast, and other members of the film crew.

22      309.   Defendant Blue Sky Studios has infringed directly and continues to infringe

23  directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by

24  encoding video in H.264 format for streaming over the Internet, such as short animation movies.

25      310.   Defendant Blue Sky Studios has had constructive knowledge of the method claims

26  of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

27  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

28  9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

311.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Broadcasting Company**

312.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

313.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

314.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

315.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

316.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the

Cooley LLP
Attorneys At Law
San Diego

**MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)**        55.        **MPT's First Amended Complaint**

site of live news, entertainment and sporting events.

317.   Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

318.   Defendant Fox Broadcasting Company has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

319.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox News Network, LLC**

320.   Defendant Fox News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

321.   Defendant Fox News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

322.   Defendant Fox News Network has infringed directly and continues to infringe

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)

56.

MPT's First Amended Complaint

directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

323.    Defendant Fox News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

324.    Defendant Fox News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

325.    Defendant Fox News Network has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

326.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Cable Networks, Inc.**

327.    Defendant Fox Cable Networks has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live

1   news, entertainment and sporting events.

2        328.    Defendant Fox Cable Networks has infringed directly and continues to infringe

3   directly, within the United States, at least one claim of the '377 patent by encoding video in

4   MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

5   video in H.264 format, for television broadcast transmission such as providing video to cable and

6   satellite providers.

7        329.    Defendant Fox Cable Networks has infringed directly and continues to infringe

8   directly, within the United States, at least one claim of the '377 patent by encoding video in

9   MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

10  H.264 format, during production of television programs, such as "TV dailies," rushes,

11  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

12  members of the crew.

13       330.    Defendant Fox Cable Networks has infringed directly and continues to infringe

14  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

15  video in H.264 format for television programming, such as providing video from the site of live

16  news, entertainment and sporting events.

17       331.    Defendant Fox Cable Networks has infringed directly and continues to infringe

18  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

19  video in H.264 format, during production of television programs for television broadcast

20  transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

21  producers, editors, cast, hosts, anchors, and other members of the crew.

22       332.    Defendant Fox Cable Networks has had constructive knowledge of the method

23  claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

24  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

25  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

26  the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and

27  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

28       333.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-CV-00146
JAH(CAB)                                    58.                    MPT's First Amended Complaint

1  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

2  by this Court.

3  **MyNetworkTV, Inc.**

4      334.    Defendant MyNetworkTV has infringed directly and continues to infringe directly,

5  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

6  format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

7  H.264 format, for television broadcast transmission such as providing video to cable and satellite

8  providers.

9      335.    Defendant MyNetworkTV has infringed directly and continues to infringe directly,

10  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

11  format for television broadcast transmission over the air.

12      336.    Defendant MyNetworkTV has had constructive knowledge of the method claims

13  of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

14  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

15  9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

16  Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

17  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

18      337.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

19  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

20  by this Court.

21  **Fox Movie Channel, Inc.**

22      338.    Defendant Fox Movie Channel has infringed directly and continues to infringe

23  directly, within the United States, at least one claim of the '377 patent by encoding video in

24  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

25  video in H.264 format, for television broadcast transmission such as providing video to cable and

26  satellite providers.

27      339.    Defendant Fox Movie Channel has infringed directly and continues to infringe

28  directly, within the United States, at least one claim of the '377 patent by encoding video in

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-CV-00146
JAH(CAB)

59.

MPT's First Amended Complaint

1   MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in
2   H.264 format, during production of television programs, such as "TV dailies," rushes,
3   sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other
4   members of the crew.

5         340.   Defendant Fox Movie Channel has infringed directly and continues to infringe
6   directly, within the United States, at least one claim of the '878 and '226 patents by decoding
7   video in H.264 format, during production of television programs for television broadcast
8   transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,
9   producers, editors, cast, hosts, anchors, and other members of the crew.

10         341.   Defendant Fox Movie Channel has infringed directly and continues to infringe
11   directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by
12   encoding video in H.264 format for streaming over the Internet, such as advertisements.

13         342.   Defendant Fox Movie Channel has had constructive knowledge of the method
14   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had
15   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than
16   October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of
17   the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and
18   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

19         343.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
20   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
21   by this Court.

22   **Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group)**

23         344.   Defendant Fox Interactive Media has infringed directly and continues to infringe
24   directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by
25   encoding video in H.264 format for streaming over the Internet, such as news clips, music videos,
26   advertisements, TV show clips, movie trailers, and full TV episodes.

27         345.   Defendant Fox Interactive Media has infringed directly and continues to infringe
28   directly, within the United States, at least one claim of the '878 and '226 patents by decoding

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

60.

MPT'S FIRST AMENDED COMPLAINT

1   video in H.264 format during the preparation of video for streaming over the Internet.

2   346.   Defendant Fox Interactive Media has had constructive knowledge of the method

3   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

4   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

5   October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

6   the Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and

7   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

8   347.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

9   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

10   by this Court.

11   **FX Networks, LLC**

12   348.   Defendant FX Networks has infringed directly and continues to infringe directly,

13   within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

14   format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

15   H.264 format, for television broadcast transmission such as providing video to cable and satellite

16   providers.

17   349.   Defendant FX Networks has infringed directly and continues to infringe directly,

18   within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

19   format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

20   format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and

21   sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the

22   crew.

23   350.   Defendant FX Networks has infringed directly and continues to infringe directly,

24   within the United States, at least one claim of the '878 and '226 patents by decoding video in

25   H.264 format, during production of television programs for television broadcast transmission,

26   such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors,

27   cast, hosts, anchors, and other members of the crew.

28   351.   Defendant FX Networks has infringed directly and continues to infringe directly,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

61.

MPT'S FIRST AMENDED COMPLAINT

1   within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding

2   video in H.264 format for streaming over the Internet, such full TV episodes.

3   352.   Defendant FX Networks has had constructive knowledge of the method claims of

4   the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

5   knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

6   9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

7   Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

8   infringe the patents willfully and deliberately in disregard of MPT's patent rights.

9   353.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

10   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

11   by this Court.

12   **NGC Network US, LLC**

13   354.   Defendant NGC Network US has infringed directly and continues to infringe

14   directly, within the United States, at least one claim of the '377 patent by encoding video that is

15   stored on DVD discs.

16   355.   Defendant NGC Network US has infringed directly and continues to infringe

17   directly, within the United States, at least one claim of each of the '878, '377, '226, and '678

18   patents by encoding video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

19   356.   On information and belief, defendant NGC Network US has infringed the '678

20   patent by importing into the United States products that defendant and defendants' agents made

21   by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format

22   pursuant to the methods claimed in the '678 patent.

23   357.   Defendant NGC Network US has actively and knowingly induced, and continues

24   to actively and knowingly induce, third-party end users, such as consumers, renters, and

25   purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the

26   '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-

27   ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226

28   patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)**

62.

**MPT'S FIRST AMENDED COMPLAINT**

1  video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the

2  end users would decode the video in a manner that infringes the '878 and '226 patents. Further,

3  defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray

4  discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs

5  would induce infringement, and defendant has possessed and continues to possess the specific

6  intent to induce such infringement.

7  358. Defendant NGC Network US has infringed directly and continues to infringe

8  directly, within the United States, at least one claim of the '377 patent by encoding video in

9  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

10  video in H.264 format, for television broadcast transmission such as providing video to cable and

11  satellite providers.

12  359. Defendant NGC Network US has infringed directly and continues to infringe

13  directly, within the United States, at least one claim of the '377 patent by encoding video in

14  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

15  H.264 format, during production of television programs, such as "TV dailies," rushes,

16  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

17  members of the crew.

18  360. Defendant NGC Network US has infringed directly and continues to infringe

19  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

20  video in H.264 format, during production of television programs for television broadcast

21  transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

22  producers, editors, cast, hosts, anchors, and other members of the crew.

23  361. Defendant NGC Network US has had constructive knowledge of the method

24  claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had

25  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

26  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

27  the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and

28  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)

63.

MPT's First Amended Complaint

362.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**NGHT, LLC**

363.    Defendant NGHT has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

364.    Defendant NGHT has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

365.    Defendant NGHT has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

366.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**COUNT VII**

**(PATENT INFRINGEMENT BY THE JVC DEFENDANTS)**

367.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

**JVC Americas Corporation**

368.   Defendant JVC has infringed directly and continues to infringe directly at least one claim of the '878, '377, '226, and '678 patents by making, having made, using, offering to sell, selling and importing within the United States infringing products, including Camcorders and Everio MediaBrowser HD, that encode video in H.264 format.

369.   Defendant JVC has infringed directly and continues to infringe directly at least one claim of the '377 patent by making, having made, using, offering to sell, selling and importing within the United States infringing products, including DVD Recorders, Camcorders, Everio MediaBrowser SD, and Everio MediaBrowser HD, that encode video in MPEG-2 format.

370.   Defendant JVC has infringed directly and continues to infringe directly at least one claim of the '878 and '226 patents by making, having made, using, offering to sell, selling and importing within the United States infringing products, including Blu-ray players, Camcorders, Everio Share Station DVD Burners, ProHD DVD Players, Everio MediaBrowser SD, and Everio MediaBrowser HD, that decode video in H.264 and VC-1 format.

371.   Defendant JVC has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United States at least one claim of the '878, '377, '226, and '678 patents by using an infringing product, including Camcorders and Everio MediaBrowser HD, to encode video in H.264 format.   In particular, defendant has known of the '878, '377, '226, and '678 patents at times it has supplied these products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to encode H.264 video in an infringing manner, knowing that the end user would operate the products in an infringing manner. Further, defendant intends end users to use these products to encode H.264 video.  Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

372.   Defendant JVC has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-CV-00146
JAH(CAB)

65.

MPT's First Amended Complaint

States at least one claim of the '377 patent by using an infringing product, including DVD Recorders, Camcorders, Everio MediaBrowser SD, and Everio MediaBrowser HD, to encode video in MPEG-2 format.  In particular, defendant has known of the '377 patent at times it has supplied these products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to encode MPEG-2 video in an infringing manner, knowing that the end user would operate the products in an infringing manner.  Further, defendant intends end users to use these products to encode MPEG-2 video.  Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

373.    Defendant JVC has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United States at least one claim of the '226 and '878 patents by using an infringing product, including Camcorders and Everio MediaBrowser HD, to decode video in H.264 format.  In particular, defendant has known of the '226 and '878 patents at times it has supplied these products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to decode H.264 video in an infringing manner, knowing that the end user would operate the products in an infringing manner.  Further, defendant intends end users to use these products to decode H.264 video.  Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

374.    Defendant JVC has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than June 20, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

375.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

1  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

2  by this Court.

3  **Kenwood U.S.A. Corporation**

4          376.   Defendant Kenwood has infringed directly and continues to infringe directly at

5  least one claim of the '878 and '226 patents by making, having made, using, offering to sell,

6  selling and importing within the United States infringing products, including in-dash Digital

7  Media Receivers, in-car Multimedia Systems, and in-car DVD Receivers, that decode video in

8  H.264, MPEG-4 part 2, and VC-1 format.

9          377.   Defendant Kenwood has actively and knowingly induced, and continues to

10 actively and knowingly induce, third-party end users, such as consumers, to infringe directly

11 within the United States at least one claim of the '226 and '878 patents by using an infringing

12 product, including in-dash Digital Media Receivers, in-car Multimedia Systems, and in-car DVD

13 Receivers, to decode video in H.264, MPEG-4 part 2, and VC-1 format.  In particular, defendant

14 has known of the '226 and '878 patents at times it has supplied these products, and has provided

15 and continues to provide the end users with user manuals and other instructions explaining how to

16 operate the products in order to decode H.264, MPEG-4 part 2, and VC-1 video in an infringing

17 manner, knowing that the end user would operate the products in an infringing manner.  Further,

18 defendant intends end users to use these products to decode H.264, MPEG-4 part 2, and VC-1

19 video.   Accordingly, defendant knew or should have known that its supply of such products

20 would induce infringement, and defendant has possessed and continues to possess the specific

21 intent to induce such infringement.

22         378.   Defendant Kenwood has had constructive knowledge of the method claims of the

23 '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

24 knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than June 20,

25 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-

26 in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

27 infringe the patents willfully and deliberately in disregard of MPT's patent rights.

28         379.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

1    irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

2    by this Court.

3                                    **COUNT VIII**

4              **(PATENT INFRINGEMENT BY THE WARNER BROS. DEFENDANTS)**

5            380.    Plaintiff  Multimedia  Patent  Trust  realleges  and  incorporates  by  reference

6    paragraphs 1-79 of this Complaint as if fully set forth herein.

7    **Warner Bros. Entertainment Inc.**

8            381.    Defendant Warner Bros. Entertainment has infringed directly and continues to

9    infringe directly, within the United States, at least one claim of the '377 patent by encoding video

10   that is stored on DVD discs.

11           382.    Defendant Warner Bros. Entertainment has infringed directly and continues to

12   infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and

13   '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

14           383.    Defendant Warner Bros. Entertainment has infringed directly and continues to

15   infringe directly, within the United States, at least one claim of the '377 patent by encoding video

16   in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

17   in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with

18   directors, producers, editors, cast, and other members of the film crew.

19           384.    Defendant Warner Bros. Entertainment has infringed directly and continues to

20   infringe directly, within the United States, at least one claim of the '878 and '226 patents by

21   decoding video in H.264 format during movie production, such as movie dailies, rushes, and

22   sharing video with directors, producers, editors, cast, and other members of the film crew.

23           385.    Defendant Warner Bros. Entertainment has infringed directly and continues to

24   infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678

25   patents by encoding video in H.264 format for streaming over the Internet, such as trailers,

26   episode clips, episode previews, and interviews.

27           386.    On information and belief, defendant Warner Bros. Entertainment has infringed

28   the '678 patent by importing into the United States products that defendant and defendants'

1   agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and

2   H.264 format pursuant to the methods claimed in the '678 patent.

3      387. Defendant Warner Bros. Entertainment has actively and knowingly induced, and

4   continues to actively and knowingly induce, third-party end users, such as consumers, renters, and

5   purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the

6   '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-

7   ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226

8   patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode

9   video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the

10   end users would decode the video in a manner that infringes the '878 and '226 patents.  Further,

11   defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray

12   discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs

13   would induce infringement, and defendant has possessed and continues to possess the specific

14   intent to induce such infringement.

15      388. Defendant Warner Bros. Entertainment has had constructive knowledge of the

16   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

17   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

18   later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

19   infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

20   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

21   patent rights.

22      389. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

23   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

24   by this Court.

25   **Warner Bros. Television Distribution Inc. (a/k/a Warner Bros. Television Group)**

26      390. Defendant Warner Bros. Television has infringed directly and continues to infringe

27   directly, within the United States, at least one claim of the '377 patent by encoding video in

28   MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

Cooley LLP
Attorneys At Law
San Diego

**MPT v. Disney, et al. Case No. 10-CV-00146 JAH(CAB)**

69.

**MPT's First Amended Complaint**

1    video in H.264 format, for television broadcast transmission such as providing video to cable and

2    satellite providers.

3         391.    Defendant Warner Bros. Television has infringed directly and continues to infringe

4    directly, within the United States, at least one claim of the '377 patent by encoding video in

5    MPEG-2 format for television broadcast transmission over the air.

6         392.    Defendant Warner Bros. Television has infringed directly and continues to infringe

7    directly, within the United States, at least one claim of the '377 patent by encoding video in

8    MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

9    H.264 format, during production of television programs, such as "TV dailies," rushes,

10   sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

11   members of the crew.

12        393.    Defendant Warner Bros. Television has infringed directly and continues to infringe

13   directly, within the United States, at least one claim of the '878 and '226 patents by decoding

14   video in H.264 format, during production of television programs for television broadcast

15   transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

16   producers, editors, cast, hosts, anchors, and other members of the crew.

17        394.    Defendant Warner Bros. Television has had constructive knowledge of the method

18   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

19   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

20   September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement

21   of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and

22   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

23        395.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

24   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

25   by this Court.

26   **Warner Bros. Animation Inc.**

27        396.    Defendant Warner Bros. Animation has infringed directly and continues to

28   infringe directly, within the United States, at least one claim of the '377 patent by encoding video

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146
JAH(CAB)                    70.                    MPT's First Amended Complaint

in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

397.    Defendant Warner Bros. Animation has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

398.    Defendant Warner Bros. Animation has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as full TV episodes.

399.    Defendant Warner Bros. Animation has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

400.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**New Line Cinema LLC**

401.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

402.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678

Cooley LLP
Attorneys At Law
San Diego

MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)

71.

MPT's First Amended Complaint

patents by encoding video in VC-1 format that is stored on Blu-ray discs.

403.   Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

404.   Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

405.   Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as trailers.

406.   On information and belief, defendant New Line Cinema has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 format pursuant to the methods claimed in the '678 patent.

407.   Defendant New Line Cinema has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

72.

MPT'S FIRST AMENDED COMPLAINT

408.   Defendant New Line Cinema has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

409.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**New Line Home Entertainment, Inc.**

410.   Defendant New Line Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

411.   Defendant New Line Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 format that is stored on Blu-ray discs.

412.   On information and belief, defendant New Line Home Entertainment has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 format pursuant to the methods claimed in the '678 patent.

413.   Defendant New Line Home Entertainment has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends

end users to use Blu-ray players to decode VC-1 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

414.    Defendant New Line Home Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

415.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Turner Broadcasting System, Inc.**

416.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

417.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

418.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146 JAH(CAB)**

74.

**MPT'S FIRST AMENDED COMPLAINT**

1    sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

2    members of the crew.

3    419.    Defendant Turner Broadcasting System has infringed directly and continues to

4    infringe directly, within the United States, at least one claim of the '878 and '226 patents by

5    decoding video in H.264 format, during production of television programs for television

6    broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with

7    directors, producers, editors, cast, hosts, anchors, and other members of the crew.

8    420.    Defendant Turner Broadcasting System has infringed directly and continues to

9    infringe directly, within the United States, at least one claim of the '878 and '226 patents by

10   decoding video in H.264 format for television programming, such as providing video from the

11   site of live news, entertainment and sporting events.

12   421.    Defendant Turner Broadcasting System has had constructive knowledge of the

13   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

14   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

15   later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

16   infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a

17   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

18   patent rights.

19   422.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

20   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

21   by this Court.

22   **Turner Network Television, Inc.**

23   423.    Defendant Turner Network Television has infringed directly and continues to

24   infringe directly, within the United States, at least one claim of the '377 patent by encoding video

25   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

26   video in H.264 format, for television programming, such as providing video from the site of live

27   news, entertainment and sporting events.

28   424.    Defendant Turner Network Television has infringed directly and continues to

infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

425.    Defendant Turner Network Television has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

426.    Defendant Turner Network Television has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

427.    Defendant Turner Network Television has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

428.    Defendant Turner Network Television has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

429.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

76.

MPT'S FIRST AMENDED COMPLAINT

by this Court.

**Cable News Network, Inc.**

430.   Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

431.   Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

432.   Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

433.   Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

434.   Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

435.   Defendant Cable News Network has had constructive knowledge of the method

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

77.

MPT'S FIRST AMENDED COMPLAINT

claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

436.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**The Cartoon Network, Inc.**

437.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

438.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

439.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

440.    Defendant Cartoon Network has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

78.

MPT'S FIRST AMENDED COMPLAINT

September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

441.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Home Box Office, Inc.**

442.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

443.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

444.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

445.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

446.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

447.    Defendant Home Box Office has infringed directly and continues to infringe

directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

448.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

449.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

450.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

451.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as episode clips, episode previews, and interviews.

452.    On information and belief, defendant Home Box Office has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

453.    Defendant Home Box Office has actively and knowingly induced, and continues to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

80.

MPT'S FIRST AMENDED COMPLAINT

actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

454.    Defendant Home Box Office has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

455.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**COUNT IX**

**(PATENT INFRINGEMENT BY ARVATO)**

456.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein

457.    Defendant Arvato has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

458.    Defendant Arvato has infringed directly and continues to infringe directly, within

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. DISNEY, ET AL. CASE NO. 10-CV-00146
JAH(CAB)

81.

MPT'S FIRST AMENDED COMPLAINT

1   the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding

2   video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

3   459.   Defendant Arvato has infringed directly and continues to infringe directly, within

4   the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding

5   video in VC-1, MPEG-2 and H.264 format for storage and distribution purposes.

6   460.   Defendant Arvato has actively and knowingly induced, and continues to actively

7   and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-

8   ray discs, to infringe directly within the United States at least one claim of the '878 and '226

9   patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc

10  products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at

11  times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in

12  VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users

13  would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant

14  intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs.

15  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would

16  induce infringement, and defendant has possessed and continues to possess the specific intent to

17  induce such infringement.

18  461.   On information and belief, defendant Arvato has infringed the '678 patent by

19  importing into the United States products that defendant made by a patented process, such video

20  encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

21  462.   Defendant Arvato has had constructive knowledge of the method claims of the

22  '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

23  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March

24  23, 2009 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

25  Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

26  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

27  463.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

28  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

1    by this Court.

2                                    **REQUEST FOR RELIEF**

3          WHEREFORE, Plaintiff Multimedia Patent Trust respectfully requests the following

4    relief:

5          A.      A judgment holding the Defendants liable for infringement of the Patents-in-Suit

6    asserted against them;

7          B.      A permanent injunction against the Defendants, their officers, agents, servants,

8    employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and

9    those persons in active concert or participation with them, enjoining them from continued acts of

10   infringement of the Patents-in-Suit asserted against them;

11         C.      An accounting for damages resulting from the Defendants' infringement of the

12   Patents-in-Suit asserted against them, together with pre-judgment and post-judgment interest;

13         D.      A judgment holding that the Defendants' infringement is willful, and a trebling of

14   damages pursuant to 35 U.S.C. § 284;

15         E.      A judgment holding this Action to be an exceptional case, and an award to

16   Plaintiff Multimedia Patent Trust for its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

17         F.      Such other and further relief as this Court deems just and proper.

18   Dated:  August 4, 2010                        Respectfully submitted,

19

20                                                 By:    /s/ John S. Kyle
                                                   COOLEY LLP
21                                                 John Kyle
                                                   (California Bar No. 199196)
22                                                 jkyle@cooley.com
                                                   4401 Eastgate Mall
23                                                 San Diego, California 92121-1909
                                                   Telephone:    (858) 550-6000
24                                                 Facsimile     (858) 550-6420

25                                                 Stephen C. Neal
                                                   (California Bar No. 170085)
26                                                 nealsc@cooley.com
                                                   Five Palo Alto Square
27                                                 3000 El Camino Real
                                                   Palo Alto, California 94306-2155
28                                                 Telephone:  (650) 843-5000
                                                   Facsimile:    (650) 857-0663

1

2
Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves

3
*jgraves@cooley.com*
Nathan K. Cummings

4
*ncummings@cooley.com*
Justin Wilcox

5
*jwilcox@cooley.com*
One Freedom Square

6
11951 Freedom Drive
Reston, VA  20190-5656

7
Telephone:     (703) 456-8000
Facsimile:     (703) 456-8100

8

9
Tryn Stimart
*tstimart@cooley.com*
777 6th Street N.W. Suite 1100

10
Washington, DC 20001
Telephone:  (202) 842-7800

11
Facsimile:    (202) 842-7889

12
*Attorneys for Plaintiff Multimedia Patent*
*Trust*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Diego

**MPT v. Disney, et al. Case No. 10-cv-00146 JAH(CAB)**          84.          **MPT's First Amended Complaint**

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Multimedia Patent Trust hereby demands trial by jury.

Dated:  August 4, 2010

Respectfully submitted,

By:   */s/ John S. Kyle*
COOLEY LLP
John Kyle
(California Bar No. 199196)
*jkyle@cooley.com*
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:     (858) 550-6000
Facsimile       (858) 550-6420

Stephen C. Neal
(California Bar No. 170085)
*nealsc@cooley.com*
Five Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone:  (650) 843-5000
Facsimile:    (650) 857-0663

Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves
*jgraves@cooley.com*
Nathan K. Cummings
*ncummings@cooley.com*
Justin Wilcox
*jwilcox@cooley.com*
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:     (703) 456-8000
Facsimile:      (703) 456-8100

Tryn Stimart
*tstimart@cooley.com*
777 6th Street N.W. Suite 1100
Washington, DC 20001
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7889

*Attorneys for Plaintiff Multimedia Patent Trust*

448458 v9/RE