1  COOLEY LLP
   JOHN S. KYLE (199196)
2  (jkyle@cooley.com)
   4401 Eastgate Mall
3  San Diego, California 92121
   Telephone:    (858) 550-6000
4  Facsimile:    (858) 550-6420

5  STEPHEN C. NEAL (170085)
   (nealsc@cooley.com)
6  Five Palo Alto Square
   3000 El Camino Real
7  Palo Alto, California 94306-2155
   Telephone:    (650) 843-5000
8  Facsimile:    (650) 857-0663

9  Attorneys for Plaintiff
   MULTIMEDIA PATENT TRUST

10

                    UNITED STATES DISTRICT COURT

11
                  SOUTHERN DISTRICT OF CALIFORNIA

12

13 Multimedia Patent Trust,                    )
                              Plaintiff,       )   Civil Action No. 10-cv-00146-
14 v.                                          )   JAH(CAB)
                                               )
15 NBC Universal, Inc.; Bravo Media LLC; CNBC, Inc.; )   **DEMAND FOR JURY TRIAL**
   Focus Features LLC; MSNBC Cable LLC; Oxygen )
16 Media, LLC; Universal City Studios LLLP; Universal )   **PLAINTIFF MULTIMEDIA**
   Studios Home Entertainment LLC; USA Cable    )   **PATENT TRUST'S SECOND**
17 Entertainment LLC;                          )   **AMENDED COMPLAINT FOR**
                                               )   **PATENT INFRINGEMENT**
18 Audiovox Corporation;                       )
                                               )
19 Hulu, LLC;                                  )
                                               )
20 The Weather Channel, Inc.;                  )
                                               )
21 Fox Entertainment Group, Inc.; Twentieth Century )
   Fox Film Corp.; Twentieth Century Fox Home  )
22 Entertainment, LLC; Fox Searchlight Pictures, Inc.; )
   Fox Television Stations, Inc.; Fox Television Studios, )
23 Inc.; Blue Sky Studios, Inc.; Fox Broadcasting )
   Company; Fox News Network, LLC; Fox Cable    )
24 Networks, Inc.; MyNetworkTV, Inc.; Fox Movie )
   Channel, Inc.; Fox Interactive Media, Inc. (d/b/a News )
25 Corporation Digital Media Group); FX Networks, )
   LLC; NGC Network US, LLC; NGHT, LLC;         )

26

27

28

Warner Bros. Entertainment Inc.; Warner Bros. )
Television Distribution Inc. (a/k/a Warner Bros. )
Television Group); Warner Bros. Animation Inc.; New )
Line Cinema LLC; New Line Home Entertainment, )
Inc.; Turner Broadcasting System, Inc.; Turner )
Network Television, Inc.; Cable News Network, Inc.; )
The Cartoon Network, Inc.; Home Box Office, Inc.; )
and )
 )
Arvato Digital Services LLC, )
 )
      Defendants. )
 )

Plaintiff Multimedia Patent Trust ("Plaintiff"), by counsel, alleges as follows:

## **THE PARTIES**

1.  Plaintiff Multimedia Patent Trust is a Delaware statutory trust under the laws of the Delaware Statutory Trust Act, Del. Code title 12, §§ 3801, et seq.

[*Paragraphs 2 through 13 were intentionally omitted.*]

14.  On information and belief, Defendant NBC Universal, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 30 Rockefeller Plaza, New York, New York 10112.

15.  [*This paragraph was intentionally left blank.*]

16.  On information and belief, Defendant Bravo Media LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 30 Rockefeller Plaza, New York, New York 10112.

17.  On information and belief, Defendant CNBC, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 1 CNBC Plaza, Englewood Cliffs, New Jersey 07632.

18.  On information and belief, Defendant Focus Features LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

19.  On information and belief, Defendant MSNBC Cable LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.**
**Case No. 10-cv-00146 JAH(CAB)**

2.

**MPT's Second Amended Complaint**

business at 30 Rockefeller Plaza, New York, New York 10112.

20. On information and belief, Defendant Oxygen Media, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 75 9th Avenue, New York, New York 10011.

21. On information and belief, Defendant Universal City Studios LLLP, is a limited liability limited partnership organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

22. On information and belief, Defendant Universal Studios Home Entertainment LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

23. [*This paragraph was intentionally left blank.*]

24. On information and belief, Defendant USA Cable Entertainment LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

25. On information and belief, Defendant Audiovox Corporation is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 180 Marcus Boulevard, Hauppauge, New York 11788.

26. On information and belief, Defendant Hulu, LLC, is a limited liability company organized under the laws of the State of Delaware and having its principal place of business at 12312 West Olympic Boulevard, Los Angeles, California 90064.

27. On information and belief, Defendant The Weather Channel, Inc., is a corporation organized under the laws of the State of Georgia, and having its principal place of business at 300 Interstate North Parkway, Atlanta, Georgia 30339.

28. On information and belief, Defendant Fox Entertainment Group, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

29. On information and belief, Defendant Twentieth Century Fox Film Corp. is a corporation organized under the laws of the State of Delaware, and having its principal place of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

3.

MPT'S SECOND AMENDED COMPLAINT

1    business at 10201 West Pico Boulevard, Los Angeles, California 90035.

2        30.    On information and belief, Defendant Twentieth Century Fox Home

3    Entertainment, LLC, is a limited liability company organized under the laws of the State of

4    Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles,

5    California 90035.

6        31.    On information and belief, Defendant Fox Searchlight Pictures, Inc., is a

7    corporation organized under the laws of the State of Delaware, and having its principal place of

8    business at 10201 West Pico Boulevard, Los Angeles, California 90035.

9        32.    On information and belief, Defendant Fox Television Stations, Inc., is a

10   corporation organized under the laws of the State of Delaware, and having its principal place of

11   business at 1211 Avenue of the Americas, New York, New York 10036.

12       33.    On information and belief, Defendant Fox Television Studios, Inc., is a

13   corporation organized under the laws of the State of Delaware, and having its principal place of

14   business at 10201 West Pico Boulevard, Los Angeles, California 90035.

15       34.    On information and belief, Defendant Blue Sky Studios, Inc., is a corporation

16   organized under the laws of the State of Delaware, and having its principal place of business at

17   10201 West Pico Boulevard, Los Angeles, California 90035.

18       35.    On information and belief, Defendant Fox Broadcasting Company is a corporation

19   organized under the laws of the State of Delaware, and having its principal place of business at

20   10201 West Pico Boulevard, Los Angeles, California 90035.

21       36.    On information and belief, Defendant Fox News Network, LLC, is a limited

22   liability company organized under the laws of the State of Delaware, and having its principal

23   place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

24       37.    On information and belief, Defendant Fox Cable Networks, Inc., is a corporation

25   organized under the laws of the State of Delaware, and having its principal place of business at

26   10201 North Pico Boulevard, Los Angeles, California 90035.

27       38.    On information and belief, Defendant MyNetworkTV, Inc., is a corporation

28   organized under the laws of the State of Delaware, and having its principal place of business at

10201 West Pico Boulevard, Los Angeles, California 90035.

39.     On information and belief, Defendant Fox Movie Channel, Inc., is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

40.     On information and belief, Defendant Fox Interactive Media, Inc., (d/b/a News Corporation Digital Media Group) is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

41.     On information and belief, Defendant FX Networks, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

42.     On information and belief, Defendant NGC Network US, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90035.

43.     On information and belief, Defendant NGHT, LLC, is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at 1145 17th Street N.W., Washington, DC 20036.

44.     [*This paragraph was intentionally left blank.*]

45.     [*This paragraph was intentionally left blank.*]

46.     On information and belief, Defendant Warner Bros. Entertainment Inc. is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 4000 Warner Boulevard, Burbank, California 91522.

47.     On information and belief, Defendant Warner Bros. Television Distribution Inc. (a/k/a Warner Bros. Television Group), is a corporation organized under the laws of the State of Delaware, and having its principal place of business at 4000 Warner Boulevard, Burbank, California 91522.

48.     On information and belief, Defendant Warner Bros. Animation Inc. is a corporation organized under the laws of the State of Delaware, and having its principal place of

1    business at 411 North Hollywood Way, Burbank, California 91505.

2        49.    On information and belief, Defendant New Line Cinema LLC is a limited liability

3 company organized under the laws of the State of Delaware, and having its principal place of

4 business at 116 North Robertson Boulevard, Los Angeles, California 90048.

5        50.    On information and belief, Defendant New Line Home Entertainment, Inc., is a

6 corporation organized under the laws of the State of New York, and having its principal place of

7 business at 116 North Robertson Boulevard, Los Angeles, California 90048.

8        51.    On information and belief, Defendant Turner Broadcasting System, Inc., is a

9 corporation organized under the laws of the State of Georgia, and having its principal place of

10 business at One CNN Center, Atlanta, Georgia 30303.

11       52.    On information and belief, Defendant Turner Network Television, Inc., is a

12 corporation organized under the laws of the State of Delaware, and having its principal place of

13 business at 1010 Techwood Drive, N.W., Atlanta, Georgia 30318.

14       53.    On information and belief, Defendant Cable News Network, Inc., is a corporation

15 organized under the laws of the State of Delaware, and having its principal place of business at

16 One CNN Center, Atlanta, Georgia 30303.

17       54.    On information and belief, Defendant The Cartoon Network, Inc., is a corporation

18 organized under the laws of the State of Delaware and having its principal place of business at

19 300 North Third Street, Burbank, California 91502.

20       55.    On information and belief, Defendant Home Box Office, Inc., is a corporation

21 organized under the laws of the State of Delaware and having its principal place of business at

22 1100 Avenue of the Americas, New York, New York 10036.

23       56.    On information and belief, Defendant Arvato Digital Services LLC is a limited

24 liability company organized under the laws of the State of Delaware, and having its principal

25 place of business at 29011 Commerce Center Drive, Valencia, California 91355.

## JURISDICTION AND VENUE

27       57.    This is a civil action for patent infringement arising under the United States patent

28 statute, 35 U.S.C. § 1 et seq.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

6.

MPT'S SECOND AMENDED COMPLAINT

58. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

59. [*This paragraph was intentionally left blank.*]

60. Defendants NBC Universal, Inc.; Bravo Media LLC; CNBC, Inc.; Focus Features LLC; MSNBC Cable LLC; Oxygen Media, LLC; Universal City Studios LLLP; Universal Studios Home Entertainment LLC; and USA Cable Entertainment LLC (collectively, the "NBC Defendants") are each subject to this Court's personal jurisdiction because they each do and have done substantial business in this judicial District, including maintaining principal places of business in California and/or being organized under the laws of the State of California and regularly doing and soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue in this State and in this District. In addition, Defendants NBC Universal, Inc.; Bravo Media LLC; CNBC, Inc.; Focus Features LLC; MSNBC Cable LLC; Oxygen Media, LLC; Universal City Studios LLLP; Universal Studios Home Entertainment LLC; and USA Cable Entertainment LLC have designated an agent for service of process in the State of California.

61. Defendant Audiovox Corporation is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue in this State and in this District. In addition, Audiovox Corporation has designated an agent for service of process in the State of California.

62. Defendant Hulu, LLC, is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial District, including maintaining a principal place of business in California, regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue in this State and in this District. In addition, Hulu, LLC, has designated an agent for service of process in the State of California.

63. Defendant The Weather Channel, Inc. is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

7.

**MPT'S SECOND AMENDED COMPLAINT**

1    deriving substantial revenue in this State and in this District. In addition, The Weather Channel,

2    Inc. has designated an agent for service of process in the State of California.

3         64.    Defendants Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.;

4    Twentieth Century Fox Home Entertainment, LLC; Fox Searchlight Pictures, Inc.; Fox Television

5    Stations, Inc.; Fox Television Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company;

6    Fox News Network, LLC; Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel,

7    Inc.; Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group); FX Networks,

8    LLC; NGC Network US, LLC; and NGHT, LLC (collectively the "Fox Defendants"), are each

9    subject to this Court's personal jurisdiction because they do and have done substantial business in

10   this judicial District, including maintaining principal places of business in California and/or being

11   organized under the laws of the State of California and regularly doing and soliciting business,

12   engaging in other persistent courses of conduct, and deriving substantial revenue in this State and

13   in this District. In addition, Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corp.;

14   Twentieth Century Fox Home Entertainment, LLC; Fox Searchlight Pictures, Inc.; Fox Television

15   Stations, Inc.; Fox Television Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company;

16   Fox News Network, LLC; Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel,

17   Inc.; Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group); FX Networks,

18   LLC; and NGC Network US, LLC have designated an agent for service of process in the State of

19   California.

20        65.    [*This paragraph was intentionally left blank.*]

21        66.    Defendants Warner Bros. Entertainment Inc.; Warner Bros. Television

22   Distribution Inc. (a/k/a Warner Bros. Television Group); Warner Bros. Animation Inc.; New Line

23   Cinema LLC; New Line Home Entertainment, Inc.; Turner Broadcasting System, Inc.; Turner

24   Network Television, Inc.; Cable News Network, Inc.; The Cartoon Network, Inc.; and Home Box

25   Office, Inc. (collectively the "Warner Bros. Defendants") are each subject to this Court's personal

26   jurisdiction because they do and have done substantial business in this judicial District, including

27   maintaining principal places of business in California and/or being organized under the laws of

28   the State of California and regularly doing and soliciting business, engaging in other persistent

1  courses of conduct, and deriving substantial revenue in this State and in this District. In addition

2  Defendants Warner Bros. Entertainment Inc.; Warner Bros. Television Distribution Inc. (a/k/a

3  Warner Bros. Television Group); Warner Bros. Animation Inc.; New Line Cinema LLC; New

4  Line Home Entertainment, Inc.; Turner Broadcasting System, Inc.; and Home Box Office, Inc.

5  have designated an agent for service of process in the State of California.

6  67.  Defendant Arvato Digital Services LLC ("Arvato") is subject to this Court's

7  personal jurisdiction because it does and has done substantial business in this judicial District,

8  including maintaining a principal place of business in California, regularly doing or soliciting

9  business, engaging in other persistent courses of conduct, and deriving substantial revenue in this

10  State and in this District. In addition, Arvato has designated an agent for service of process in the

11  State of California.

12  68.  Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b)-(c) and

13  1400(b).

14  ## BACKGROUND FACTS & PATENTS-IN-SUIT

15  69.  The patents-in-suit are generally directed to systems and methods of encoding and

16  decoding signals representative of moving images (i.e., "video compression").

17  70.  Video compression techniques are used in many industries that involve either the

18  transmission of video from one location to another and/or the manufacture and sale of devices to

19  receive or store video signals. These industries include, for example, content providers, cable and

20  satellite companies, teleconferencing providers, television manufacturers, television broadcasters

21  and digital media providers.

22  71.  Video compression reduces the amount of digital data needed to represent video so

23  that it can be sent more efficiently over communications media, such as the Internet and satellites,

24  or stored more efficiently on storage media such as DVDs and Blu-ray disks. Video consists of a

25  series of pictures, or frames, with each frame capturing a scene at an instant of time. When

26  viewed one after another, the frames form the video sequences. Video compression involves

27  reducing the amount of digital data needed to represent information about the content of these

28  pictures or frames while allowing a video to ultimately be reproduced from that information.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

9.

**MPT'S SECOND AMENDED COMPLAINT**

72.     There are numerous benefits to video compression.  For instance, it enables large amounts of video data to be stored on smaller memory devices and permits broadcasters to transmit greater numbers of programs using the same bandwidth over a particular transmission medium.  For example, without video compression it would be impossible to store a feature-length film on a single DVD.  Also, video retrieval via the Internet would not be feasible due to the huge volume of uncompressed data that would need to be transmitted. The challenge that comes with video compression, however, is assuring that the video image ultimately reproduced from the reduced amount of digital data is of sufficient quality.

73.     A video signal is encoded (compressed) prior to being transmitted over a medium or before it is stored on a medium.  When the video signal is read off the storage medium or is received at the other end, it is decoded (decompressed) to recreate either the original signal or, in the case of a lossy compression technique (by which certain unnecessary bits of data are eliminated), a close approximation of the original signal.  When encoding a video, the video signal is processed using a variety of techniques that reduce the amount of data, such as transformation, quantization, motion-compensated prediction and variable length encoding.

74.     On September 18, 1990, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 4,958,226 ("the '226 Patent"), entitled "Conditional Motion Compensated Interpolation of Digital Motion Video," to Barin G. Haskell and Atul Puri.  On July 16, 2007, a third party requested ex parte reexamination of claim 12 of the '226 Patent.  On October 5, 2007, the USPTO ordered reexamination of claim 12 of the '226 Patent.  During reexamination, no amendments were made to the '226 Patent and the patentability of claim 12 was confirmed.  The USPTO duly and legally issued a Reexamination Certificate for the '226 Patent on September 1, 2009.  A copy of the '226 Patent and its Reexamination Certificate are attached as Exhibit A.

75.     On July 13, 1993, the USPTO duly and legally issued United States Patent No. 5,227,878 ("the '878 Patent"), entitled "Adaptive Coding and Decoding of Frames and Fields of Video," to Atul Puri and Rangarajan Aravind.  The USPTO duly and legally issued a Certificate of Correction to the '878 Patent on October 25, 2005.  A copy of the '878 Patent and its

Certificate of Correction are attached as Exhibit B.

76.     On March 19, 1996, the USPTO duly and legally issued United States Patent No. 5,500,678 ("the '678 Patent"), entitled "Optimized Scanning of Transform Coefficients in Video Coding," to Atul Puri. The USPTO duly and legally issued a Certificate of Correction to the '678 Patent on May 29, 2007. A copy of the '678 Patent and its Certificate of Correction are attached as Exhibit C.

77.     On August 4, 1992, the USPTO duly and legally issued United States Patent No. 5,136,377 ("the '377 Patent"), entitled "Adaptive Non-Linear Quantizer," to James D. Johnston, et al. A copy of the '377 Patent is attached as Exhibit D.

78.     On November 28, 2006, all rights, title and interest in and to the '226, '377, '878, and '678 Patents (collectively, the "Patents-in-Suit"), including the right to sue for past infringement, were assigned to the Multimedia Patent Trust. On November 30 and December 21, 2006, the USPTO issued Notices of the recordation of the assignments.

79.     Plaintiff Multimedia Patent Trust is the sole holder of the entire right, title and interest in the '226, '377, '878, and '678 Patents.

[*COUNT I and Paragraphs 80 through 160 were intentionally omitted.*]

## COUNT II

### (PATENT INFRINGEMENT BY THE NBC DEFENDANTS)

161.     Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

**NBC Universal, Inc.**

162.     Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

163.     Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

164.     Defendant NBC Universal has infringed directly and continues to infringe directly,

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.**
**Case No. 10-cv-00146 JAH(CAB)**

11.

**MPT's Second Amended Complaint**

1   within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

2   format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

3   format, during movie production, such as movie dailies, rushes, and sharing video with directors,

4   producers, editors, cast, and other members of the film crew.

5          165.    Defendant NBC Universal has infringed directly and continues to infringe directly,

6   within the United States, at least one claim of the '878 and '226 patents by decoding video in

7   H.264 format during movie production, such as movie dailies, rushes, and sharing video with

8   directors, producers, editors, cast, and other members of the film crew.

9          166.    Defendant NBC Universal has infringed directly and continues to infringe directly,

10  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

11  format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

12  H.264 format, for television programming, such as providing video from the site of live news,

13  entertainment and sporting events.

14         167.    Defendant NBC Universal has infringed directly and continues to infringe directly,

15  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

16  format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

17  H.264 format, for television broadcast transmission such as providing video to cable and satellite

18  providers.

19         168.    Defendant NBC Universal has infringed directly and continues to infringe directly,

20  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

21  format for television broadcast transmission over the air.

22         169.    Defendant NBC Universal has infringed directly and continues to infringe directly,

23  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

24  format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

25  format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and

26  sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the

27  crew.

28         170.    Defendant NBC Universal has infringed directly and continues to infringe directly,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

12.

MPT'S SECOND AMENDED COMPLAINT

within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

171.    Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

172.    Defendant NBC Universal has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as live sporting events, movie trailers, movie clips, and interviews.

173.    On information and belief, defendant NBC Universal has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

174.    Defendant NBC Universal has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

13.

MPT'S SECOND AMENDED COMPLAINT

175.    Defendant NBC Universal has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

176.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Bravo Media LLC**

177.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

178.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

179.    Defendant Bravo Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

180.    Defendant Bravo Media has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

1   knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

2   6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

3   Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to

4   infringe the patents willfully and deliberately in disregard of MPT's patent rights.

5        181.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

6   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

7   by this Court.

8   **CNBC, Inc.**

9        182.   Defendant CNBC has infringed directly and continues to infringe directly, within

10   the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and

11   at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format,

12   for television programming, such as providing video from the site of live news, entertainment and

13   sporting events.

14        183.   Defendant CNBC has infringed directly and continues to infringe directly, within

15   the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and

16   at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format,

17   for television broadcast transmission such as providing video to cable and satellite providers.

18        184.   Defendant CNBC has infringed directly and continues to infringe directly, within

19   the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and

20   at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format,

21   during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing

22   video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

23        185.   Defendant CNBC has infringed directly and continues to infringe directly, within

24   the United States, at least one claim of the '878 and '226 patents by decoding video in H.264

25   format for television programming, such as providing video from the site of live news,

26   entertainment and sporting events.

27        186.   Defendant CNBC has infringed directly and continues to infringe directly, within

28   the United States, at least one claim of the '878 and '226 patents by decoding video in H.264

format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

187.    Defendant CNBC has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

188.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**MSNBC Cable LLC**

189.    Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

190.    Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

191.    Defendant MSNBC Cable has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.**
**Case No. 10-cv-00146 JAH(CAB)**

16.

**MPT's Second Amended Complaint**

1   crew.

2          192.    Defendant MSNBC Cable has infringed directly and continues to infringe directly,

3   within the United States, at least one claim of the '878 and '226 patents by decoding video in

4   H.264 format for television programming, such as providing video from the site of live news,

5   entertainment and sporting events.

6          193.    Defendant MSNBC Cable has infringed directly and continues to infringe directly,

7   within the United States, at least one claim of the '878 and '226 patents by decoding video in

8   H.264 format, during production of television programs for television broadcast transmission,

9   such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors,

10  cast, hosts, anchors, and other members of the crew.

11         194.    Defendant MSNBC Cable has had constructive knowledge of the method claims of

12  the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

13  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

14  6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

15  Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

16  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

17         195.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

18  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

19  by this Court.

20  **Oxygen Media, LLC**

21         196.    Defendant Oxygen Media has infringed directly and continues to infringe directly,

22  within the United States, at least one claim of the '377 patent by encoding video that is stored on

23  DVD discs.

24         197.    Defendant Oxygen Media has infringed directly and continues to infringe directly,

25  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

26  format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

27  H.264 format, for television broadcast transmission such as providing video to cable and satellite

28  providers.

198. Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

199. Defendant Oxygen Media has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

200. Defendant Oxygen Media has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

201. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Universal City Studios LLLP**

202. On information and belief, defendant Universal City Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

203. On information and belief, defendant Universal City Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

18.

MPT'S SECOND AMENDED COMPLAINT

1    patents by decoding video in H.264 format during movie production, such as movie dailies,
2    rushes, and sharing video with directors, producers, editors, cast, and other members of the film
3    crew.

4         204.    Defendant Universal City Studios has had constructive knowledge of the method
5    claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had
6    actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than
7    October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of
8    the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and
9    continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

10        205.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
11   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
12   by this Court.

13        [*Paragraphs 206 through 210 were intentionally omitted.*]

14   **USA Cable Entertainment LLC**

15        211.    Defendant USA Cable Entertainment has infringed directly and continues to
16   infringe directly, within the United States, at least one claim of the '377 patent by encoding video
17   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
18   video in H.264 format, for television programming, such as providing video from the site of live
19   news, entertainment and sporting events.

20        212.    Defendant USA Cable Entertainment has infringed directly and continues to
21   infringe directly, within the United States, at least one claim of the '377 patent by encoding video
22   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
23   video in H.264 format, for television broadcast transmission such as providing video to cable and
24   satellite providers.

25        213.    Defendant USA Cable Entertainment has infringed directly and continues to
26   infringe directly, within the United States, at least one claim of the '377 patent by encoding video
27   in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video
28   in H.264 format, during production of television programs, such as "TV dailies," rushes,

sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

214. Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

215. Defendant USA Cable Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

216. Defendant USA Cable Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

217. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Universal Studios Home Entertainment LLC**

218. Defendant Universal Studios Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

219. Defendant Universal Studios Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT v. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

20.

MPT'S SECOND AMENDED COMPLAINT

1   ray discs.

2       220.    On information and belief, defendant Universal Studios Home Entertainment has

3   infringed the '678 patent by importing into the United States products that defendant and

4   defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in

5   VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

6       220.1.  Defendant Universal Studios Home Entertainment has infringed directly and

7   continues to infringe directly, within the United States, at least one claim of the '878, '377, '226,

8   and '678 patents by encoding video in H.264 format for streaming over the Internet, such as

9   movie trailers.

10      221.    Defendant Universal Studios Home Entertainment has actively and knowingly

11  induced, and continues to actively and knowingly induce, third-party end users, such as

12  consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States

13  at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by

14  playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known

15  of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and

16  continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that

17  defendant knows the end users would decode the video in a manner that infringes the '878 and

18  '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 and

19  H.264 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its

20  supply of such Blu-ray discs would induce infringement, and defendant has possessed and

21  continues to possess the specific intent to induce such infringement.

22      222.    Defendant Universal Studios Home Entertainment has had constructive knowledge

23  of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.

24  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878

25  patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant

26  of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take

27  a license and continues to infringe the patents willfully and deliberately in disregard of MPT's

28  patent rights.

223. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

[*Paragraphs 224 through 227 were intentionally omitted.*]

**Focus Features LLC**

228. Defendant Focus Features has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

229. Defendant Focus Features has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

230. Defendant Focus Features has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as movie trailers, movie clips, and interviews.

231. Defendant Focus Features has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

232. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)**

22.

**MPT's Second Amended Complaint**

1  [*Paragraphs 233 through 240 were intentionally omitted.*]

2  **COUNT III**

3  **(PATENT INFRINGEMENT BY HULU, LLC)**

4  241.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference

5  paragraphs 1-79 of this Complaint as if fully set forth herein.

6  242.    Defendant Hulu has infringed directly and continues to infringe directly, within the

7  United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in

8  H.264 format for streaming over the Internet.

9  243.    Defendant Hulu has infringed directly and continues to infringe directly, within the

10  United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format

11  during the preparation of video for streaming over the Internet.

12  244.    Defendant Hulu has had constructive knowledge of the method claims of the '678

13  patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of

14  the apparatus claims of the '377, '678, '226, and '878 patents no later than October 6, 2008 when

15  Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.

16  Despite such knowledge, defendant has refused to take a license and continues to infringe the

17  patents willfully and deliberately in disregard of MPT's patent rights.

18  245.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

19  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

20  by this Court.

21  **COUNT IV**

22  **(PATENT INFRINGEMENT BY THE WEATHER CHANNEL, INC.)**

23  246.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference

24  paragraphs 1-79 of this Complaint as if fully set forth herein.

25  247.    Defendant The Weather Channel has infringed directly and continues to infringe

26  directly, within the United States, at least one claim of the '377 patent by encoding video in

27  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

28  video in H.264 format, for television programming, such as providing video from the site of live

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT v. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

23.

**MPT'S SECOND AMENDED COMPLAINT**

news, entertainment and sporting events.

248.    Defendant The Weather Channel has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

249.    Defendant The Weather Channel has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

250.    Defendant The Weather Channel has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

251.    Defendant The Weather Channel has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

252.    Defendant The Weather Channel has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents at least as early as January 19, 2010 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT v. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

24.

MPT'S SECOND AMENDED COMPLAINT

253.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

## COUNT V

## (PATENT INFRINGEMENT BY AUDIOVOX)

254.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

255.    Defendant Audiovox has infringed directly and continues to infringe directly at least one claim of the '878, '377, '226, and '678 patents by making, having made, using, offering to sell, selling and importing within the United States infringing products, including Personal Video Recorders, Multimedia Player/Recorders, Camcorders, and Video Flash Recorders, that encode video in H.264 and MPEG-4 part 2 format.

256.    Defendant Audiovox has infringed directly and continues to infringe directly at least one claim of the '377 patent by making, having made, using, offering to sell, selling and importing within the United States infringing products, including Small Wonder Memory Makers and DVD Recorders, that encode video in MPEG-2 format.

257.    Defendant Audiovox has infringed directly and continues to infringe directly at least one claim of the '878 and '226 patents by making, having made, using, offering to sell, selling and importing within the United States infringing products, including Personal Video Recorders, Multimedia Players, Multimedia Player/Recorders, Camcorders, HD-DVD Players, Video Flash Recorders, and Easy Rip Media Software, that decode video in H.264, MPEG-4 part 2, and VC-1 format.

258.    Defendant Audiovox has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United States at least one claim of the '878, '377, '226, and '678 patents by using an infringing product, including Personal Video Recorders, Multimedia Player/Recorders, Camcorders, and Video Flash Recorders, to encode video in H.264 format.    In particular, defendant has known of the '878, '377, '226, and '678 patents at times it has supplied these

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

25.

MPT'S SECOND AMENDED COMPLAINT

products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to encode H.264 video in an infringing manner, knowing that the end user would operate the products in an infringing manner. Further, defendant intends end users to use these products to encode H.264 video. Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

259. Defendant Audiovox has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United States at least one claim of the '377 patent by using an infringing product, including Small Wonder Memory Makers and DVD Recorders, to encode video in MPEG-2 format. In particular, defendant has known of the '377 patent at times it has supplied these products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to encode MPEG-2 video in an infringing manner, knowing that the end user would operate the products in an infringing manner. Further, defendant intends end users to use these products to encode MPEG-2 video. Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

260. Defendant Audiovox has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, to infringe directly within the United States at least one claim of the '226 and '878 patents by using an infringing product, including Personal Video Recorders, Multimedia Players, Multimedia Player/Recorders, Camcorders, HD-DVD Players, Video Flash Recorders, and Easy Rip Media Software, to decode video in H.264, MPEG-4 part 2, and VC-1 format. In particular, defendant has known of the '226 and '878 patents at times it has supplied these products, and has provided and continues to provide the end users with user manuals and other instructions explaining how to operate the products in order to decode H.264, MPEG-4 part 2, and VC-1 video in an infringing manner,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

26.

MPT'S SECOND AMENDED COMPLAINT

knowing that the end user would operate the products in an infringing manner. Further, defendant intends end users to use these products to decode H.264, MPEG-4 part 2, and VC-1 video. Accordingly, defendant knew or should have known that its supply of such products would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

261. Defendant Audiovox has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than July 3, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

262. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**COUNT VI**

**(PATENT INFRINGEMENT BY THE FOX DEFENDANTS)**

263. Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

**Fox Entertainment Group, Inc.**

264. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

265. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in H.264 format that is stored on Blu-ray discs.

266. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)

27.

MPT's Second Amended Complaint

in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

267. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

268. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

269. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

270. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

271. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

272. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)

28.

MPT's Second Amended Complaint

site of live news, entertainment and sporting events.

273. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

274. Defendant Fox Entertainment Group has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as news clips, music videos, TV show clips, full TV episodes, movie trailers, movie clips, interviews, short animation movies, and advertisements.

275. On information and belief, defendant Fox Entertainment Group has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in H.264 format pursuant to the methods claimed in the '678 patent.

276. Defendant Fox Entertainment Group has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in H.264 format by playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

277. Defendant Fox Entertainment Group has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT v. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

29.

MPT'S SECOND AMENDED COMPLAINT

has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

278. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Twentieth Century Fox Film Corp.**

279. Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

280. Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

281. Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

282. Defendant Twentieth Century Fox Film has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as movie trailers.

283. Defendant Twentieth Century Fox Film has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

30.

**MPT'S SECOND AMENDED COMPLAINT**

infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

284. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Twentieth Century Fox Home Entertainment, LLC**

285. Defendant Twentieth Century Fox Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

286. Defendant Twentieth Century Fox Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in H.264 format that is stored on Blu-ray discs.

287. On information and belief, defendant Twentieth Century Fox Home Entertainment has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in H.264 format pursuant to the methods claimed in the '678 patent.

288. Defendant Twentieth Century Fox Home Entertainment has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in H.264 format by playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

31.

**MPT'S SECOND AMENDED COMPLAINT**

1    intent to induce such infringement.

2        289.    Defendant Twentieth Century Fox Home Entertainment has had constructive

3    knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the

4    patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and

5    '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified

6    defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has

7    refused to take a license and continues to infringe the patents willfully and deliberately in

8    disregard of MPT's patent rights.

9        290.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

10   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

11   by this Court.

12   **Fox Searchlight Pictures, Inc.**

13       291.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

14   directly, within the United States, at least one claim of the '377 patent by encoding video that is

15   stored on DVD discs.

16       292.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

17   directly, within the United States, at least one claim of the '377 patent by encoding video in

18   MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

19   H.264 format, during movie production, such as movie dailies, rushes, and sharing video with

20   directors, producers, editors, cast, and other members of the film crew.

21       293.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

22   directly, within the United States, at least one claim of the '878 and '226 patents by decoding

23   video in H.264 format during movie production, such as movie dailies, rushes, and sharing video

24   with directors, producers, editors, cast, and other members of the film crew.

25       294.    Defendant Fox Searchlight Pictures has infringed directly and continues to infringe

26   directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by

27   encoding video in H.264 format for streaming over the Internet, such as movie trailers, movie

28   clips, and interviews.

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)**                    32.                    **MPT's Second Amended Complaint**

295. Defendant Fox Searchlight Pictures has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

296. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Television Stations, Inc.**

297. Defendant Fox Television Stations has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

298. Defendant Fox Television Stations has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

299. Defendant Fox Television Stations has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

300. Defendant Fox Television Stations has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

301. Defendant Fox Television Stations has had constructive knowledge of the method

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

33.

**MPT'S SECOND AMENDED COMPLAINT**

claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

302. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Television Studios, Inc.**

303. Defendant Fox Television Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

304. Defendant Fox Television Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

305. Defendant Fox Television Studios has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

306. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

34.

**MPT'S SECOND AMENDED COMPLAINT**

by this Court.

**Blue Sky Studios, Inc.**

307.    Defendant Blue Sky Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

308.    Defendant Blue Sky Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

309.    Defendant Blue Sky Studios has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as short animation movies.

310.    Defendant Blue Sky Studios has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

311.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Fox Broadcasting Company**

312.    Defendant Fox Broadcasting Company has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format for television broadcast transmission over the air.

313.    Defendant Fox Broadcasting Company has infringed directly and continues to

1   infringe directly, within the United States, at least one claim of the '377 patent by encoding video
2   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
3   video in H.264 format, for television programming, such as providing video from the site of live
4   news, entertainment and sporting events.

5       314.    Defendant Fox Broadcasting Company has infringed directly and continues to
6   infringe directly, within the United States, at least one claim of the '377 patent by encoding video
7   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
8   video in H.264 format, for television broadcast transmission such as providing video to cable and
9   satellite providers.

10      315.    Defendant Fox Broadcasting Company has infringed directly and continues to
11  infringe directly, within the United States, at least one claim of the '377 patent by encoding video
12  in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video
13  in H.264 format, during production of television programs, such as "TV dailies," rushes,
14  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other
15  members of the crew.

16      316.    Defendant Fox Broadcasting Company has infringed directly and continues to
17  infringe directly, within the United States, at least one claim of the '878 and '226 patents by
18  decoding video in H.264 format for television programming, such as providing video from the
19  site of live news, entertainment and sporting events.

20      317.    Defendant Fox Broadcasting Company has infringed directly and continues to
21  infringe directly, within the United States, at least one claim of the '878 and '226 patents by
22  decoding video in H.264 format, during production of television programs for television
23  broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with
24  directors, producers, editors, cast, hosts, anchors, and other members of the crew.

25      318.    Defendant Fox Broadcasting Company has had constructive knowledge of the
26  method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant
27  has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no
28  later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)                36.                MPT's Second Amended Complaint

1   infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a

2   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

3   patent rights.

4       319.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

5   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

6   by this Court.

7   **Fox News Network, LLC**

8       320.    Defendant Fox News Network has infringed directly and continues to infringe

9   directly, within the United States, at least one claim of the '377 patent by encoding video in

10  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

11  video in H.264 format, for television programming, such as providing video from the site of live

12  news, entertainment and sporting events.

13      321.    Defendant Fox News Network has infringed directly and continues to infringe

14  directly, within the United States, at least one claim of the '377 patent by encoding video in

15  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

16  video in H.264 format, for television broadcast transmission such as providing video to cable and

17  satellite providers.

18      322.    Defendant Fox News Network has infringed directly and continues to infringe

19  directly, within the United States, at least one claim of the '377 patent by encoding video in

20  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

21  H.264 format, during production of television programs, such as "TV dailies," rushes,

22  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

23  members of the crew.

24      323.    Defendant Fox News Network has infringed directly and continues to infringe

25  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

26  video in H.264 format for television programming, such as providing video from the site of live

27  news, entertainment and sporting events.

28      324.    Defendant Fox News Network has infringed directly and continues to infringe

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

37.

**MPT'S SECOND AMENDED COMPLAINT**

1   directly, within the United States, at least one claim of the '878 and '226 patents by decoding
2   video in H.264 format, during production of television programs for television broadcast
3   transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,
4   producers, editors, cast, hosts, anchors, and other members of the crew.

5   325.   Defendant Fox News Network has had constructive knowledge of the method
6   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had
7   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than
8   October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of
9   the Patents-in-Suit.   Despite such knowledge, defendant has refused to take a license and
10  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

11  326.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
12  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
13  by this Court.

14  **Fox Cable Networks, Inc.**

15  327.   Defendant Fox Cable Networks has infringed directly and continues to infringe
16  directly, within the United States, at least one claim of the '377 patent by encoding video in
17  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
18  video in H.264 format, for television programming, such as providing video from the site of live
19  news, entertainment and sporting events.

20  328.   Defendant Fox Cable Networks has infringed directly and continues to infringe
21  directly, within the United States, at least one claim of the '377 patent by encoding video in
22  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
23  video in H.264 format, for television broadcast transmission such as providing video to cable and
24  satellite providers.

25  329.   Defendant Fox Cable Networks has infringed directly and continues to infringe
26  directly, within the United States, at least one claim of the '377 patent by encoding video in
27  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in
28  H.264 format, during production of television programs, such as "TV dailies," rushes,

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.**
**Case No. 10-cv-00146 JAH(CAB)**

38.

**MPT's Second Amended Complaint**

sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

330. Defendant Fox Cable Networks has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

331. Defendant Fox Cable Networks has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

332. Defendant Fox Cable Networks has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

333. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**MyNetworkTV, Inc.**

334. Defendant MyNetworkTV has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

335. Defendant MyNetworkTV has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT v. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

39.

**MPT'S SECOND AMENDED COMPLAINT**

1  format for television broadcast transmission over the air.

2      336.    Defendant MyNetworkTV has had constructive knowledge of the method claims

3  of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual

4  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

5  9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

6  Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to

7  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

8      337.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

9  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

10  by this Court.

11  **Fox Movie Channel, Inc.**

12      338.    Defendant Fox Movie Channel has infringed directly and continues to infringe

13  directly, within the United States, at least one claim of the '377 patent by encoding video in

14  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

15  video in H.264 format, for television broadcast transmission such as providing video to cable and

16  satellite providers.

17      339.    Defendant Fox Movie Channel has infringed directly and continues to infringe

18  directly, within the United States, at least one claim of the '377 patent by encoding video in

19  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

20  H.264 format, during production of television programs, such as "TV dailies," rushes,

21  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

22  members of the crew.

23      340.    Defendant Fox Movie Channel has infringed directly and continues to infringe

24  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

25  video in H.264 format, during production of television programs for television broadcast

26  transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

27  producers, editors, cast, hosts, anchors, and other members of the crew.

28      341.    Defendant Fox Movie Channel has infringed directly and continues to infringe

1  directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by

2  encoding video in H.264 format for streaming over the Internet, such as advertisements.

3      342.    Defendant Fox Movie Channel has had constructive knowledge of the method

4  claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had

5  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

6  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

7  the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and

8  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

9      343.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

10  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

11  by this Court.

12  **Fox Interactive Media, Inc. (d/b/a News Corporation Digital Media Group)**

13      344.    Defendant Fox Interactive Media has infringed directly and continues to infringe

14  directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by

15  encoding video in H.264 format for streaming over the Internet, such as news clips, music videos,

16  advertisements, TV show clips, movie trailers, and full TV episodes.

17      345.    Defendant Fox Interactive Media has infringed directly and continues to infringe

18  directly, within the United States, at least one claim of the '878 and '226 patents by decoding

19  video in H.264 format during the preparation of video for streaming over the Internet.

20      346.    Defendant Fox Interactive Media has had constructive knowledge of the method

21  claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had

22  actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

23  October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

24  the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and

25  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

26      347.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

27  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

28  by this Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

41.

**MPT'S SECOND AMENDED COMPLAINT**

1  **FX Networks, LLC**

2      348.    Defendant FX Networks has infringed directly and continues to infringe directly,

3  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

4  format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in

5  H.264 format, for television broadcast transmission such as providing video to cable and satellite

6  providers.

7      349.    Defendant FX Networks has infringed directly and continues to infringe directly,

8  within the United States, at least one claim of the '377 patent by encoding video in MPEG-2

9  format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264

10  format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and

11  sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the

12  crew.

13      350.    Defendant FX Networks has infringed directly and continues to infringe directly,

14  within the United States, at least one claim of the '878 and '226 patents by decoding video in

15  H.264 format, during production of television programs for television broadcast transmission,

16  such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors,

17  cast, hosts, anchors, and other members of the crew.

18      351.    Defendant FX Networks has infringed directly and continues to infringe directly,

19  within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding

20  video in H.264 format for streaming over the Internet, such full TV episodes.

21      352.    Defendant FX Networks has had constructive knowledge of the method claims of

22  the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

23  knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October

24  9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

25  Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

26  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

27      353.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

28  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)**          42.          **MPT's Second Amended Complaint**

by this Court.

**NGC Network US, LLC**

354. Defendant NGC Network US has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

355. Defendant NGC Network US has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

356. On information and belief, defendant NGC Network US has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

357. Defendant NGC Network US has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

358. Defendant NGC Network US has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

43.

**MPT'S SECOND AMENDED COMPLAINT**

1    satellite providers.

2        359.    Defendant NGC Network US has infringed directly and continues to infringe

3    directly, within the United States, at least one claim of the '377 patent by encoding video in

4    MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

5    H.264 format, during production of television programs, such as "TV dailies," rushes,

6    sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

7    members of the crew.

8        360.    Defendant NGC Network US has infringed directly and continues to infringe

9    directly, within the United States, at least one claim of the '878 and '226 patents by decoding

10   video in H.264 format, during production of television programs for television broadcast

11   transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

12   producers, editors, cast, hosts, anchors, and other members of the crew.

13       361.    Defendant NGC Network US has had constructive knowledge of the method

14   claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had

15   actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

16   October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of

17   the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and

18   continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

19       362.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

20   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

21   by this Court.

22   **NGHT, LLC**

23       363.    Defendant NGHT has infringed directly and continues to infringe directly, within

24   the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and

25   at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format,

26   during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing

27   video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

28       364.    Defendant NGHT has infringed directly and continues to infringe directly, within

the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

365.    Defendant NGHT has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than October 9, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

366.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

[COUNT VII and Paragraphs 367 through 379 were intentionally omitted.]

## COUNT VIII

### (PATENT INFRINGEMENT BY THE WARNER BROS. DEFENDANTS)

380.    Plaintiff Multimedia Patent Trust realleges and incorporates by reference paragraphs 1-79 of this Complaint as if fully set forth herein.

**Warner Bros. Entertainment Inc.**

381.    Defendant Warner Bros. Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

382.    Defendant Warner Bros. Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

383.    Defendant Warner Bros. Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

1    in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with
2    directors, producers, editors, cast, and other members of the film crew.

3        384.    Defendant Warner Bros. Entertainment has infringed directly and continues to
4    infringe directly, within the United States, at least one claim of the '878 and '226 patents by
5    decoding video in H.264 format during movie production, such as movie dailies, rushes, and
6    sharing video with directors, producers, editors, cast, and other members of the film crew.

7        385.    Defendant Warner Bros. Entertainment has infringed directly and continues to
8    infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678
9    patents by encoding video in H.264 format for streaming over the Internet, such as trailers,
10   episode clips, episode previews, and interviews.

11       386.    On information and belief, defendant Warner Bros. Entertainment has infringed
12   the '678 patent by importing into the United States products that defendant and defendants'
13   agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and
14   H.264 format pursuant to the methods claimed in the '678 patent.

15       387.    Defendant Warner Bros. Entertainment has actively and knowingly induced, and
16   continues to actively and knowingly induce, third-party end users, such as consumers, renters, and
17   purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the
18   '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-
19   ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226
20   patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode
21   video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the
22   end users would decode the video in a manner that infringes the '878 and '226 patents.  Further,
23   defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray
24   discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs
25   would induce infringement, and defendant has possessed and continues to possess the specific
26   intent to induce such infringement.

27       388.    Defendant Warner Bros. Entertainment has had constructive knowledge of the
28   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant

1  has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no

2  later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its

3  infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a

4  license and continues to infringe the patents willfully and deliberately in disregard of MPT's

5  patent rights.

6     389.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

7  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

8  by this Court.

9  **Warner Bros. Television Distribution Inc. (a/k/a Warner Bros. Television Group)**

10    390.   Defendant Warner Bros. Television has infringed directly and continues to infringe

11 directly, within the United States, at least one claim of the '377 patent by encoding video in

12 MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

13 video in H.264 format, for television broadcast transmission such as providing video to cable and

14 satellite providers.

15    391.   Defendant Warner Bros. Television has infringed directly and continues to infringe

16 directly, within the United States, at least one claim of the '377 patent by encoding video in

17 MPEG-2 format for television broadcast transmission over the air.

18    392.   Defendant Warner Bros. Television has infringed directly and continues to infringe

19 directly, within the United States, at least one claim of the '377 patent by encoding video in

20 MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

21 H.264 format, during production of television programs, such as "TV dailies," rushes,

22 sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

23 members of the crew.

24    393.   Defendant Warner Bros. Television has infringed directly and continues to infringe

25 directly, within the United States, at least one claim of the '878 and '226 patents by decoding

26 video in H.264 format, during production of television programs for television broadcast

27 transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors,

28 producers, editors, cast, hosts, anchors, and other members of the crew.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

47.

MPT'S SECOND AMENDED COMPLAINT

394.    Defendant Warner Bros. Television has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

395.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Warner Bros. Animation Inc.**

396.    Defendant Warner Bros. Animation has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

397.    Defendant Warner Bros. Animation has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

398.    Defendant Warner Bros. Animation has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as full TV episodes.

399.    Defendant Warner Bros. Animation has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT v. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

48.

**MPT'S SECOND AMENDED COMPLAINT**

September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

400.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**New Line Cinema LLC**

401.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

402.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 format that is stored on Blu-ray discs.

403.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

404.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

405.    Defendant New Line Cinema has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as trailers.

406.    On information and belief, defendant New Line Cinema has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 format pursuant to

the methods claimed in the '678 patent.

407. Defendant New Line Cinema has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 format by playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode VC-1 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

408. Defendant New Line Cinema has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

409. Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**New Line Home Entertainment, Inc.**

410. Defendant New Line Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

411. Defendant New Line Home Entertainment has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 format that is stored on Blu-ray discs.

Cooley LLP
Attorneys At Law
San Diego

**MPT v. NBC Universal, Inc., et al.**
**Case No. 10-cv-00146 JAH(CAB)**
50.
**MPT's Second Amended Complaint**

412.    On information and belief, defendant New Line Home Entertainment has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 format pursuant to the methods claimed in the '678 patent.

413.    Defendant New Line Home Entertainment has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 format by playing defendant's Blu-ray disc products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant intends end users to use Blu-ray players to decode VC-1 video on Blu-ray discs.  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

414.    Defendant New Line Home Entertainment has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

415.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Turner Broadcasting System, Inc.**

416.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)                    51.                    MPT's Second Amended Complaint

in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

417.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

418.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

419.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

420.    Defendant Turner Broadcasting System has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

421.    Defendant Turner Broadcasting System has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a

1   license and continues to infringe the patents willfully and deliberately in disregard of MPT's

2   patent rights.

3   422.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

4   irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

5   by this Court.

6   **Turner Network Television, Inc.**

7   423.   Defendant Turner Network Television has infringed directly and continues to

8   infringe directly, within the United States, at least one claim of the '377 patent by encoding video

9   in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

10  video in H.264 format, for television programming, such as providing video from the site of live

11  news, entertainment and sporting events.

12  424.   Defendant Turner Network Television has infringed directly and continues to

13  infringe directly, within the United States, at least one claim of the '377 patent by encoding video

14  in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding

15  video in H.264 format, for television broadcast transmission such as providing video to cable and

16  satellite providers.

17  425.   Defendant Turner Network Television has infringed directly and continues to

18  infringe directly, within the United States, at least one claim of the '377 patent by encoding video

19  in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video

20  in H.264 format, during production of television programs, such as "TV dailies," rushes,

21  sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other

22  members of the crew.

23  426.   Defendant Turner Network Television has infringed directly and continues to

24  infringe directly, within the United States, at least one claim of the '878 and '226 patents by

25  decoding video in H.264 format for television programming, such as providing video from the

26  site of live news, entertainment and sporting events.

27  427.   Defendant Turner Network Television has infringed directly and continues to

28  infringe directly, within the United States, at least one claim of the '878 and '226 patents by

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT v. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)**

53.

**MPT'S SECOND AMENDED COMPLAINT**

1   decoding video in H.264 format, during production of television programs for television
2   broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with
3   directors, producers, editors, cast, hosts, anchors, and other members of the crew.

4          428.   Defendant Turner Network Television has had constructive knowledge of the
5   method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant
6   has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no
7   later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its
8   infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a
9   license and continues to infringe the patents willfully and deliberately in disregard of MPT's
10  patent rights.

11         429.   Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and
12  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined
13  by this Court.

14  **Cable News Network, Inc.**

15         430.   Defendant Cable News Network has infringed directly and continues to infringe
16  directly, within the United States, at least one claim of the '377 patent by encoding video in
17  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
18  video in H.264 format, for television programming, such as providing video from the site of live
19  news, entertainment and sporting events.

20         431.   Defendant Cable News Network has infringed directly and continues to infringe
21  directly, within the United States, at least one claim of the '377 patent by encoding video in
22  MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding
23  video in H.264 format, for television broadcast transmission such as providing video to cable and
24  satellite providers.

25         432.   Defendant Cable News Network has infringed directly and continues to infringe
26  directly, within the United States, at least one claim of the '377 patent by encoding video in
27  MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in
28  H.264 format, during production of television programs, such as "TV dailies," rushes,

sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

433.    Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

434.    Defendant Cable News Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

435.    Defendant Cable News Network has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

436.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**The Cartoon Network, Inc.**

437.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

438.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT v. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

55.

MPT'S SECOND AMENDED COMPLAINT

MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

439.    Defendant Cartoon Network has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

440.    Defendant Cartoon Network has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

441.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined by this Court.

**Home Box Office, Inc.**

442.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video that is stored on DVD discs.

443.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding video in VC-1 and H.264 format that is stored on Blu-ray discs.

444.    Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)

56.

MPT's Second Amended Complaint

H.264 format, during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

445. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format during movie production, such as movie dailies, rushes, and sharing video with directors, producers, editors, cast, and other members of the film crew.

446. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television programming, such as providing video from the site of live news, entertainment and sporting events.

447. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format, for television broadcast transmission such as providing video to cable and satellite providers.

448. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '377 patent by encoding video in MPEG-2 format, and at least one claim of '878, '377, '226, and '678 patents by encoding video in H.264 format, during production of television programs, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

449. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding video in H.264 format for television programming, such as providing video from the site of live news, entertainment and sporting events.

450. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878 and '226 patents by decoding

Cooley LLP
Attorneys At Law
San Diego

MPT v. NBC Universal, Inc., et al.
Case No. 10-cv-00146 JAH(CAB)

57.

MPT's Second Amended Complaint

video in H.264 format, during production of television programs for television broadcast transmission, such as "TV dailies," rushes, sweatboxes, and sharing video with directors, producers, editors, cast, hosts, anchors, and other members of the crew.

451. Defendant Home Box Office has infringed directly and continues to infringe directly, within the United States, at least one claim of the '878, '377, '226, and '678 patents by encoding video in H.264 format for streaming over the Internet, such as episode clips, episode previews, and interviews.

452. On information and belief, defendant Home Box Office has infringed the '678 patent by importing into the United States products that defendant and defendants' agents made by a patented process, such as Blu-ray discs containing video encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

453. Defendant Home Box Office has actively and knowingly induced, and continues to actively and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-ray discs, to infringe directly within the United States at least one claim of the '878 and '226 patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc products in Blu-ray players. In particular, defendant has known of the '878 and '226 patents at times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users would decode the video in a manner that infringes the '878 and '226 patents. Further, defendant intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs. Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would induce infringement, and defendant has possessed and continues to possess the specific intent to induce such infringement.

454. Defendant Home Box Office has had constructive knowledge of the method claims of the '678 patent since March 19, 1996, the issue date of the patent. Defendant has had actual knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than September 8, 2008 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the Patents-in-Suit. Despite such knowledge, defendant has refused to take a license and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**MPT V. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**

58.

**MPT'S SECOND AMENDED COMPLAINT**

1  continues to infringe the patents willfully and deliberately in disregard of MPT's patent rights.

2  455.  Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

3  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

4  by this Court.

5  ## COUNT IX

6  ## (PATENT INFRINGEMENT BY ARVATO)

7  456.  Plaintiff Multimedia Patent Trust realleges and incorporates by reference

8  paragraphs 1-79 of this Complaint as if fully set forth herein

9  457.  Defendant Arvato has infringed directly and continues to infringe directly, within

10  the United States, at least one claim of the '377 patent by encoding video that is stored on DVD

11  discs.

12  458.  Defendant Arvato has infringed directly and continues to infringe directly, within

13  the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding

14  video in VC-1, MPEG-2 and H.264 format that is stored on Blu-ray discs.

15  459.  Defendant Arvato has infringed directly and continues to infringe directly, within

16  the United States, at least one claim of each of the '878, '377, '226, and '678 patents by encoding

17  video in VC-1, MPEG-2 and H.264 format for storage and distribution purposes.

18  460.  Defendant Arvato has actively and knowingly induced, and continues to actively

19  and knowingly induce, third-party end users, such as consumers, renters, and purchasers of Blu-

20  ray discs, to infringe directly within the United States at least one claim of the '878 and '226

21  patents by decoding video in VC-1 and H.264 format by playing defendant's Blu-ray disc

22  products in Blu-ray players.  In particular, defendant has known of the '878 and '226 patents at

23  times it has supplied Blu-ray discs, but nevertheless encoded and continues to encode video in

24  VC-1 and H.264 format on the Blu-ray discs in such a manner that defendant knows the end users

25  would decode the video in a manner that infringes the '878 and '226 patents.  Further, defendant

26  intends end users to use Blu-ray players to decode VC-1 and H.264 video on Blu-ray discs.

27  Accordingly, defendant knew or should have known that its supply of such Blu-ray discs would

28  induce infringement, and defendant has possessed and continues to possess the specific intent to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MPT V. NBC UNIVERSAL, INC., ET AL.
CASE NO. 10-CV-00146 JAH(CAB)

59.

MPT'S SECOND AMENDED COMPLAINT

1   induce such infringement.

2        461.    On information and belief, defendant Arvato has infringed the '678 patent by

3   importing into the United States products that defendant made by a patented process, such video

4   encoded in VC-1 and H.264 format pursuant to the methods claimed in the '678 patent.

5        462.    Defendant Arvato has had constructive knowledge of the method claims of the

6   '678 patent since March 19, 1996, the issue date of the patent.  Defendant has had actual

7   knowledge of the apparatus claims of the '377, '678, '226, and '878 patents no later than March

8   23, 2009 when Plaintiff Multimedia Patent Trust notified defendant of its infringement of the

9   Patents-in-Suit.  Despite such knowledge, defendant has refused to take a license and continues to

10  infringe the patents willfully and deliberately in disregard of MPT's patent rights.

11       463.    Plaintiff Multimedia Patent Trust has been, and continues to be, damaged and

12  irreparably harmed by defendant's infringement, which will continue unless defendant is enjoined

13  by this Court.

## REQUEST FOR RELIEF

15       WHEREFORE, Plaintiff Multimedia Patent Trust respectfully requests the following

16  relief:

17       A.      A judgment holding the Defendants liable for infringement of the Patents-in-Suit

18  asserted against them;

19       B.      A permanent injunction against the Defendants, their officers, agents, servants,

20  employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and

21  those persons in active concert or participation with them, enjoining them from continued acts of

22  infringement of the Patents-in-Suit asserted against them;

23       C.      An accounting for damages resulting from the Defendants' infringement of the

24  Patents-in-Suit asserted against them, together with pre-judgment and post-judgment interest;

25       D.      A judgment holding that the Defendants' infringement is willful, and a trebling of

26  damages pursuant to 35 U.S.C. § 284;

27       E.      A judgment holding this Action to be an exceptional case, and an award to

28  Plaintiff Multimedia Patent Trust for its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

1       F.       Such other and further relief as this Court deems just and proper.

2    Dated:  October 4, 2010             Respectfully submitted,

By:    */s/ John S. Kyle*
COOLEY LLP
John Kyle
(California Bar No. 199196)
*jkyle@cooley.com*
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:    (858) 550-6000
Facsimile      (858) 550-6420

Stephen C. Neal
(California Bar No. 170085)
*nealsc@cooley.com*
Five Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 857-0663

Frank V. Pietrantonio (*pro hac vice*)
*fpietrantonio@cooley.com*
Jonathan G. Graves (*pro hac vice*)
*jgraves@cooley.com*
Nathan K. Cummings (*pro hac vice*)
*ncummings@cooley.com*
Justin Wilcox (*pro hac vice*)
*jwilcox@cooley.com*
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:    (703) 456-8000
Facsimile:     (703) 456-8100

Tryn Stimart (*pro hac vice*)
*tstimart@cooley.com*
777 6th Street N.W. Suite 1100
Washington, DC 20001
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7889

*Attorneys for Plaintiff Multimedia Patent Trust*

**MPT V. NBC UNIVERSAL, INC., ET AL.**
**CASE NO. 10-CV-00146 JAH(CAB)**       61.       **MPT'S SECOND AMENDED COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Multimedia Patent Trust hereby

3 demands trial by jury.

4 Dated:  October 4, 2010                                    Respectfully submitted,

5                                                            By:____/s/ John S. Kyle_____
                                                           COOLEY LLP
6                                                          John Kyle
                                                           (California Bar No. 199196)
7                                                          jkyle@cooley.com
                                                           4401 Eastgate Mall
8                                                          San Diego, California 92121-1909
                                                           Telephone:     (858) 550-6000
9                                                          Facsimile      (858) 550-6420

10                                                         Stephen C. Neal
                                                           (California Bar No. 170085)
11                                                         nealsc@cooley.com
                                                           Five Palo Alto Square
12                                                         3000 El Camino Real
                                                           Palo Alto, California 94306-2155
13                                                         Telephone:  (650) 843-5000
                                                           Facsimile:   (650) 857-0663
14
                                                           Frank V. Pietrantonio (pro hac vice)
15                                                         fpietrantonio@cooley.com
                                                           Jonathan G. Graves (pro hac vice)
16                                                         jgraves@cooley.com
                                                           Nathan K. Cummings (pro hac vice)
17                                                         ncummings@cooley.com
                                                           Justin Wilcox (pro hac vice)
18                                                         jwilcox@cooley.com
                                                           One Freedom Square
19                                                         11951 Freedom Drive
                                                           Reston, VA  20190-5656
20                                                         Telephone:     (703) 456-8000
                                                           Facsimile:     (703) 456-8100
21
                                                           Tryn Stimart (pro hac vice)
22                                                         tstimart@cooley.com
                                                           777 6th Street N.W. Suite 1100
23                                                         Washington, DC 20001
                                                           Telephone:  (202) 842-7800
24                                                         Facsimile:   (202) 842-7889

25                                                         Attorneys for Plaintiff Multimedia Patent
                                                           Trust
26

27

28