ERIC M. ACKER (CA SBN 135805)
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
eacker@mofo.com

VINCENT J. BELUSKO (CA SBN 100282)
NICOLE M. SMITH (CA SBN 189598)
WENDY J. RAY (CA SBN 226269)
RYAN J. MALLOY (CA SBN 253512)
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
vbelusko@mofo.com; nsmith@mofo.com;
wray@mofo.com; rmalloy@mofo.com

Attorneys for the Fox Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>　　　　　　　Defendants. | Case No.   10-CV-0146 H (CAB)<br><br>**THE FOX DEFENDANTS' OPPOSITION TO MPT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' INEQUITABLE CONDUCT DEFENSES AND COUNTERCLAIMS**<br><br>Date:　　February 27, 2012<br>Time:　　10:30 a.m.<br>Ctrm.:　　13<br><br>Hon. Marilyn L. Huff |

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1156697

I.      INTRODUCTION

MPT's motion is a restyled version of its motion to dismiss, which the Court correctly denied last year. The motion is based entirely on MPT's contention that the Fox Defendants' answer does not set forth sufficient allegations of inequitable conduct. Such a motion is functionally equivalent to a motion to dismiss, and is analyzed under the Rule 12(b)(6) legal framework. The Court has already rejected MPT's argument that the Fox Defendants' inequitable conduct allegations should be dismissed pursuant to Rule 12(b)(6). Accordingly, the Court should deny the present motion as well.

If the Court treats MPT's motion as a bona fide summary judgment motion, then it should deny the motion on the basis of prematurity. Both Ninth Circuit and Federal Circuit law unequivocally prohibit summary judgment where the non-moving party has not yet had a full opportunity to conduct discovery into the relevant issues. Here, discovery is just getting underway. There has not been a single deposition of any witness on any issue, and expert reports will not be exchanged for several months. The Fox Defendants plan to conduct intensive discovery into their inequitable conduct allegations, including depositions of the named inventors concerning their reasons for withholding the prior art references at issue and depositions of MPT's technical experts concerning the materiality of those references. MPT improperly seeks to deprive the Fox Defendants of those opportunities. On that alternative basis, the Court should deny MPT's motion.

II.     FACTUAL BACKGROUND

   A.      The Fox Defendants Have Supported Their Inequitable Conduct Allegations with Particularized Factual Bases

Although MPT initiated this action in January 2010, MPT did not file its operative complaint (i.e., its Second Amended Complaint) until October 4, 2010. (D.I. 200-0.) In turn, the Fox Defendants did not file their first answer in this case until October 18, 2010.[1] (D.I. 206.)

---

[1] MPT's assertion that "Defendants' inequitable conduct allegations have not progressed past the pleading stage in the two years since this case was filed" (Mot. at 1) is quite misleading given that the Fox Defendants did not file an answer until October 18, 2010. The Fox Defendants' answer was in fact delayed by MPT's series of amendments to its complaint and corresponding requests for extensions of time.

1

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1157697

1   Their answer contains 34 pages of meticulously detailed inequitable conduct allegations. (*Id.* at
2   44-78.[2])

3   On December 2, 2010, MPT filed a motion to strike the Fox Defendants' inequitable
4   conduct defenses and dismiss their inequitable conduct counterclaims. (D.I. 231.) The Court
5   denied these motions on February 25, 2011. (D.I. 266 at 5-13.) The Court concluded that the Fox
6   Defendants' answers provide "particularized factual bases" supporting their inequitable
7   allegations, as required by the Federal Circuit in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d
8   1312 (Fed. Cir. 2009). (*See id.* at 5-6.)

9   MPT filed a reply to the Fox Defendants' answer on March 25, 2011. (D.I. 282.) MPT's
10  reply was purposefully and pointedly evasive. MPT stated at least 45 times, in response to the Fox
11  Defendants' allegations about what the Patents in Suit and the withheld prior art references teach,
12  that "[n]o response is required . . . because [the document] speaks for itself." (*Id., passim*.) On
13  myriad other occasions, MPT admitted that it "lacks knowledge or information sufficient to form a
14  belief as to the truth" of the Fox Defendants' inequitable conduct allegations. (*Id., passim*.)

15  **B.    Only Limited Discovery Has Occurred in This Case to Date**

16  On May 31, 2011, the Court entered a Scheduling Order restricting discovery to facts
17  supporting MPT's Preliminary Infringement Contentions. (D.I. 289.) Notably, the Court did not
18  allow the parties to take any depositions whatsoever without leave of Court. (*Id.*) Moreover, it did
19  not reopen general discovery until a hearing on December 15, 2011.

20  To date, no party has taken a deposition of any witness on any issue in this case.
21  Furthermore, MPT has not, as it represents to the Court, served any interrogatory focused on
22  inequitable conduct.[3] (Malloy Decl. ¶ 4.) MPT has, to the contrary, deliberately and

---

[2] The Fox Defendants' operative answer (i.e., their Second Amended Answer) contains the same inequitable conduct allegations as their October 18, 2010 answer. (*See* D.I. 278 at 44-77.)

[3] The interrogatory that MPT cites (Mot. at 2) asked the Fox Defendants to "[e]xplain in detail all factual and legal bases <u>for each Defense and Counterclaim</u> in [their] Answer and Counterclaim . . . ." (*See* D.I. 348-3 at 9 (emphasis added).) The Fox Defendants objected (quite correctly) that such a boundless interrogatory is improper. (*See* D.I. 348-4 at 19-20; Malloy Decl. ¶ 2.) The Court agreed with the Fox Defendants that the interrogatory was improper and granted MPT leave to serve new individualized interrogatories. (*See* D.I. 343; Malloy Decl. ¶ 3.)

2
Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1156697

1  conspicuously avoided discovery into the merits of the Fox Defendants' inequitable conduct
2  allegations.[4]
3      Contrary to MPT's assertion, the Fox Defendants never stated that they intend to rest on the
4  allegations in their answers to support their inequitable conduct claims and defenses in this case.
5  (Mot. at 3.) To support that inaccurate assertion, MPT quotes false statements *made by counsel*
6  *for MPT* in a letter purporting to memorialize a meet and confer. (*Id.* (citing D.I. 348-6).) The
7  Fox Defendants made clear to MPT's counsel during that meet and confer that they intend to
8  conduct discovery into their inequitable conduct allegations so that they can refine and supplement
9  the allegations in their answer. (Malloy Decl. ¶ 2.)

10     **C.    The Parties Have Several More Months in Which to Conduct Relevant Discovery**
11
12     On December 21, 2011, the Court entered a Case Management Conference Order, which
13 set a discovery cutoff of July 6, 2012. Subsequently, on January 19, 2012 (just 11 days before
14 MPT filed its summary judgment motion), the Court entered a detailed discovery plan. (D.I. 343.)
15 This plan requires, *inter alia*, the parties to exchange proposals for expert discovery no later than
16 May 31, 2012. (*Id.* at 2.) In sum, the parties have several months in which to conduct discovery
17 pertaining to the Fox Defendants' inequitable conduct allegations.

18     **D.    The Fox Defendants are Pursuing Discovery in Support of Their Inequitable Conduct Allegations**
19
20     The Fox Defendants are currently pursuing discovery in support of their inequitable
21 conduct allegations. Most importantly, the Fox Defendants plan to depose the named inventors of
22 the Patents in Suit to develop additional evidence in support of the intent prong of their inequitable
23 conduct allegations. (Malloy Decl. ¶ 7.) Recently, the Fox Defendants e-mailed MPT asking
24 whether Dr. Atul Puri, a named inventor central to the Fox Defendants' inequitable conduct
25 allegations, is available for deposition and whether MPT will accept service of a subpoena on his

---

26     [4] On January 20, 2012, MPT served new individualized interrogatories pursuant to the Court's order in D.I. 343. *See supra* note 3. Strikingly, inequitable conduct is the only defense—
27 out of 17 asserted in the Fox Defendants' answer—for which MPT chose not to serve an interrogatory. (Malloy Decl. Ex. A.)
28

3     Fox Defs.' Opp. to MSJ
    Case No. 10-CV-0146 H (CAB)

la-1157697

behalf.[5]  (*Id.* ¶ 6.)  MPT has not responded except to say it is "considering" the request.  (*Id.* ¶ 6 & Ex. B.)

The Fox Defendants further intend to depose MPT's technical experts to develop evidence that the prior art references withheld by the named inventors are material to the patentability of the Patents in Suit.  (Malloy Decl. ¶ 7.)  Additionally, the Fox Defendants await MPT's response to an interrogatory asking MPT to provide the factual bases for its rebuttal to the 34 pages of inequitable conduct allegations in their answer.  (*Id.* ¶¶ 5, 7.)

### III. ARGUMENT

#### A. MPT's Motion Should Be Denied Because It Is Simply a Restyled Version of Its Motion to Dismiss, Which the Court Already Denied

"To prevail on a summary judgment motion, the moving party carries the initial burden of demonstrating to the court that no genuine issue of material fact exists." *MetroPCS, Inc. v. City and Cnty. of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.").  When a party moves for summary judgment based on the pleadings alone, the motion is "functionally the same as a motion to dismiss" and is adjudicated as such.  *See, e.g., Muntaqim v. Coombe*, 366 F.3d 102, 106 (2d Cir. 2004); *Brown v. Donco Enters., Inc.*, 783 F.2d 644, 647 (6th Cir. 1986); *McMahon v. Fura*, No. 5:10-CV-1063 (GHL), 2011 WL 6739517, at *5 (N.D.N.Y. Dec. 23, 2011); *In re Mullaney*, 179 B.R. 942, 945 (D. Colo. 1995); 10A Charles Alan Wright et al., Fed. Prac. & Proc. § 2713 (3d ed. 1998).

MPT's summary judgment motion is based entirely on its assertion that the allegations in the Fox Defendants' answer are insufficient to prove inequitable conduct.  MPT asks the Court to

---

[5] For reasons that are unclear to the Fox Defendants, MPT's initial disclosures state that the Fox Defendants cannot contact Dr. Puri (a third-party fact witness) except through MPT's counsel. (Malloy Decl. ¶ 6.)  The Fox Defendants have twice asked MPT to explain why they cannot contact Dr. Puri directly, but MPT has not answered.  (*Id.* ¶ 6 & Ex. B.)

4

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1156697

1 | enter summary judgment before any depositions have taken place and before any expert reports
2 | have been served, without adducing any admissible evidence rebutting the Fox Defendants'
3 | allegations. In light of these facts, MPT's motion for summary judgment is clearly no more than a
4 | restyled version of its motion to dismiss.[6]

The Court has already denied MPT's motion to dismiss the Fox Defendants' inequitable conduct allegations. (D.I. 266 at 5-13.) The Court performed a rigorous review of the allegations and concluded that they satisfy the high standard for pleading inequitable conduct established by the Federal Circuit in *Exergen v. Wal–Mart Stores, Inc.*, 575 F.3d 1312 (2009). Moreover, "*Exergen* still states the correct elements required for pleading inequitable conduct after *Therasense*" (the case on which MPT most heavily relies in its motion).[7] *VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co.*, No. 11-00288 ACK-RLP, 2011 WL 6820122, at *5 (D. Haw. Dec. 27, 2011) (quoting *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 803 F. Supp. 2d 409, 432 (E.D. Va.

---

[6] Indeed, the substantive content of MPT's motion for summary judgment largely mirrors the content in its earlier motion to dismiss. (D.I. 231-1.) Should the Court decide to consider that content, the Fox Defendants respectfully refer the Court to their substantive opposition to MPT's motion to dismiss (D.I. 257 at 12-25), which they incorporate by reference as if fully stated herein.

The Fox Defendants note that MPT did not previously move to dismiss, but instead replied to, three of the twelve distinct inequitable conduct theories in their answer. (*See* D.I. 232 at ¶¶ 80-93 & 136-50.) Presumably, MPT considered these allegations to be stronger than the allegations it unsuccessfully moved to dismiss. MPT's present criticism of those three allegations suffers from the same deficiencies as the criticism it leveled against the Fox Defendants' nine other allegations in its earlier motion to dismiss. For each of the three allegations, the Fox Defendants pled facts showing that but for the inventors' withholding of the prior art references, the Patents in Suit would have been found invalid. S*ee* D.I. 278 (Counterclaims) at ¶¶ 80-88 (explaining why claim 32 of the '878 Patent is obvious in light of the withheld Safranek/Johnston Article); *id.* at ¶¶ 123-126 & 136-139 (explaining why the PTO would have rejected claims of the '377 Patent in light of the withheld Musmann Article); *id.* at ¶¶ 123-126 & 143-146 (explaining why the PTO would have rejected claims of the '377 Patent in light of the withheld Safranek/Johnston Article). Similarly, for each of the allegations, the Fox Defendants pled facts supporting the most reasonable inference that the inventors intended to deceive by the PTO by intentionally failing to disclose the references. *See id.* at ¶¶ 80-82 & 91-92 (inventors intentionally withheld reference that rendered claim obvious); ¶¶ 124-26 & 139-42 (inventors intentionally withheld reference that disproved their allegations of novelty); ¶¶ 124-26 & 146-49 (inventors intentionally withheld reference that they themselves wrote and that disproved their allegations of novelty).

[7] *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011).

5

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1157697

1  2011)).[8]  Thus, the Court's earlier decision to deny MPT's motion to dismiss the Fox Defendants'

2  inequitable conduct allegations remains meritorious and is controlling here.

3  For these reasons, the Fox Defendants respectfully request that the Court deny MPT's

4  motion for summary judgment with prejudice on the same grounds that the Court previously

5  denied MPT's motion to dismiss.  (*See* D.I. 266 at 5-13.)

6  **B.     Alternatively, MPT's Motion Should Be Denied Because It Is Premature**

7  "Under the Federal Rules of Civil Procedure, the parties *must* be afforded adequate time for

8  general discovery before being required to respond to a motion for summary judgment." *Metro.*

9  *Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1336 (Fed. Cir. 2008) (emphasis added).

10  The Ninth Circuit has elaborated on this rule and provided firm and clear guidance to district

11  courts:

12
> **A moving party may not require the nonmoving party to produce evidence
> supporting its claim or defense simply by saying that the nonmoving party has
> no such evidence.** . . . **The nonmoving party, of course, must have had
> sufficient time and opportunity for discovery before a moving party will be
> permitted to carry its initial burden of production by showing that the
> nonmoving party has insufficient evidence**.

13

14

15

16  *Nissan Fire*, 210 F.3d at 1105-06 (emphasis added) (citing *Celotex*, 477 U.S. at 326).

17  Based on these principles, the Federal Rules of Civil Procedure authorize a court to deny or

18  defer considering a premature motion for summary judgment.  Fed. R. Civ. P. 56(d).  A Rule 56(d)

19  "continuance of a motion for summary judgment for purposes of conducting discovery should be

20  granted almost as a matter of course unless the non-moving party has not diligently pursued

21  discovery of evidence." *Stonebreaker v. Stonebreaker*, No. 11cv797 WQH (WVG), 2011 WL

22  5361155, at *4 (S.D. Cal. Nov. 4, 2011) (quoting *Burlington N. Santa Fe R.R. v. Assiniboine and*

23  *Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003)).  Indeed,

24  "[d]istrict courts should grant a Rule 56(d) motion 'fairly freely' where a summary judgment

25  motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its

---

26  [8] *See also VDF FutureCeuticals*, 2011 WL 6820122, at *4 (noting that "*Therasense* does
not address the initial pleading stage") (quoting *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*,
27  803 F. Supp. 2d 295, 312 (D.N.J. 2011)).

28

theory of the case." *U.S. Equal Opportunity Comm'n v. Dillard's Inc.*, No. 08-CV-1780-IEG (PCL), 2011 WL 4507068, at *2 (S.D. Cal. Sept. 28, 2011) (quoting *Burlington N. Santa Fe R.R.*, 323 F.3d at 773). The party opposing summary judgment on Rule 56(d) grounds "must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist and (3) the sought-after facts are essential to oppose summary judgment." *Id.*

In their answer, the Fox Defendants allege that several named inventors, all of whom worked at AT&T Bell Laboratories when the applications for the Patents in Suit were filed, failed to exercise their duty to disclose information material to the prosecution of the Patents in Suit.[9] (*See* D.I. 278 at pp. 44-77.) These allegations are serious and strong; otherwise, MPT would not so rashly seek their dismissal. Indeed, the most reasonable inference to be drawn from the Fox Defendants' allegations is that the named inventors intentionally withheld highly material publications with which they were intimately acquainted (and which in many instances they authored).[10]

To further develop their inequitable conduct allegations, the Fox Defendants plan to conduct or have already served at least the following discovery:

- Depositions of the named inventors on the issue of intent to deceive;
- Depositions of MPT's experts on the issues of materiality and non-cumulativeness; and
- An interrogatory seeking MPT's positions on the issues of intent, materiality, and non-cumulativeness (already served; pending MPT's responses).

---

[9] The Fox Defendants do not intend to malign the character of any individual inventor subject to inequitable conduct allegations. The Fox Defendants contend that there was a systematic breakdown in the disclosure of material prior art references at AT&T Bell Laboratories in the late 1980s and early 1990s, and that discovery will prove this to be the case.

[10] While it is true that "a court must weigh the evidence of intent to deceive independent of its analysis of materiality" and "may not infer intent *solely* from materiality," *Therasense*, 649 F.3d at 1290 (emphasis added), this does not imply that the materiality of a withheld reference cannot serve as evidence of deceptive intent. Rather, "[b]ecause direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Id.* The degree of materiality of a withheld reference is strong circumstantial evidence of intent: if a reference is not very material, for example, that would be persuasive evidence that the individual who withheld it lacked the intent to deceive the PTO.

(Malloy Decl. ¶ 7.) The evidence that the Fox Defendants obtain through this discovery will be essential to the Fox Defendants' ability to put forth a vigorous opposition to summary judgment (or, as the case may be, to withdraw allegations found to lack merit). There is no support for MPT's position that summary judgment should be entered before the Fox Defendants have had a full opportunity to conduct this relevant discovery. Moreover, that position certainly is not consonant with controlling case law. *Nissan Fire*, 210 F.3d at 1105-06; *see also Metro. Life*, 527 F.3d at 1336.

Given the high degree of similarity between the present motion and MPT's previously denied motion to dismiss and the injudicious haste with which MPT brought the present motion, the Court should deny it outright and with prejudice. *See* Fed. R. Civ. P. 56(d) (permitting a court to deny a premature summary judgment motion); *Dillard's*, 2011 WL 4507068, at *2 (denying a premature summary judgment motion). Alternatively, the Court should defer deciding the motion until the Fox Defendants have had a fair opportunity to complete relevant discovery and prepare an opposition brief based on that discovery. *See* Fed. R. Civ. P. 56(d) (permitting a court to defer considering a premature summary judgment motion).

## IV.   CONCLUSION

For the foregoing reasons, the Fox Defendants respectfully request that the Court deny MPT's Motion for Summary Judgment with prejudice. Alternatively, the Fox Defendants respectfully request that the Court defer considering MPT's motion and grant the Fox Defendants leave to file a supplemental opposition on or before July 6, 2012 (the discovery deadline in this case).

8

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

la-1156697

| | | |
|---|---|---|
| 1 | Dated: February 13, 2012 | VINCENT J. BELUSKO |
| 2 | | ERIC M. ACKER |
| | | NICOLE M. SMITH |
| 3 | | WENDY J. RAY |
| | | RYAN J. MALLOY |
| 4 | | MORRISON & FOERSTER LLP |

By:  /s/ Nicole M. Smith
          Nicole M. Smith

Attorneys for Twentieth Century Fox Home Entertainment LLC; Twentieth Century Fox Film Corp.; Fox Searchlight Pictures, Inc.; Fox Television Stations, Inc.; Fox Television Studios, Inc.; Blue Sky Studios, Inc.; Fox Broadcasting Company; Fox News Network, LLC; Fox Cable Networks, Inc.; MyNetworkTV, Inc.; Fox Movie Channel, Inc.; Fox Entertainment Group, Inc.; Fox Interactive Media, Inc.; FX Networks, LLC; NGC Network US, LLC; and NGHT, LLC.

la-1156697

9

Fox Defs.' Opp. to MSJ
Case No. 10-CV-0146 H (CAB)

1
2 **CERTIFICATE OF SERVICE**
3   The undersigned hereby certifies that on February 13, 2012 a true and correct copy of the
4 foregoing was transmitted electronically to the Electronic Filing System of the United States
5 District Court for the Southern District of California, which, under Local Civil Rule 5.4(b) & (c),
6 is believed to have sent notice of such filing, constituting service of the filed document, on all
7 Filing Users, all of whom are believed to have consented to electronic service.
8   Executed on February 13, 2012, at Los Angeles, California.
9
10          /s/ Nicole M. Smith
             Nicole M. Smith
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28